UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN DeKEYSER, THOMAS COOPER,
HARLEY GRANIUS and CARLO LANTZ,
on behalf of themselves and others similarly situated,

          Plaintiffs,

    v.                                          Case No. 08-C-488

THYSSENKRUPP WAUPACA, INC., d/b/a
WAUPACA FOUNDRY, INC.,

          Defendant.

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Plaintiffs Ryan DeKeyser, Thomas Cooper, Harley Granius and Carlo Lantz filed this lawsuit against Defendant Thyssenkrup Waupaca, Inc., d/b/a Waupaca Foundry, Inc. ("Waupaca"). Plaintiffs have brought a collective action pursuant to the Fair Labor Standards Act of 1938 as Amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), and a Wisconsin state law class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act, 28 U.S.C. § 1332(d) as Amended ("CAFA"). The four claims asserted by the plaintiffs under federal and Wisconsin law all relate to compensation for time spent by plaintiffs "donning and doffing gear and equipment, showering, and walking to and from the production floor." (Compl. ¶ 1.) Jurisdiction rests on 28 U.S.C. §§ 1331, 1332, 1337 and 1367.[1] The state law claims are based upon the

---

[1] Original jurisdiction for Plaintiff's FLSA claims is based upon 28 U.S.C. §§ 1331, 1337. Jurisdiction for the state claims falls under the Court's supplemental jurisdiction, 28 U.S.C. § 1367, and through original jurisdiction under the CAFA, 28 U.S.C. § 1332(d). Waupaca has not contested the Court's jurisdiction under the CAFA.

Wisconsin wage and hour laws, Wis. Stat. chs. 103 and §§ 109.01-109.11, the Wisconsin Administrative Code and common law. The case is presently before the Court on a motion to dismiss filed by Waupaca. Waupaca contends that Plaintiffs fail to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6) and moves that three of the four claims advanced by the Plaintiffs be dismissed, along with a portion of the remaining claim. Plaintiffs opposed the motion. For the reasons stated herein, the motion to dismiss will be granted in part and denied in part. The relevant facts as alleged in the complaint are set forth below.

**BACKGROUND**

The named Plaintiffs in this action are current and former nonexempt hourly foundry workers who were or are employed by Waupaca at its foundries in Marinette or Waupaca, Wisconsin. (Compl. ¶¶ 1, 8-12.) The complaint contemplates three distinct classes of potential plaintiffs in addition to the named Plaintiffs: (1) the "FLSA class," those who were, are or will be employed by Waupaca as a foundry worker at any time within three years[2] prior to the complaint through the date of final disposition of the case; (2) the "Wisconsin class," those who were, are or will be employed by Waupaca as a foundry worker at any time within two years prior to the complaint through the date of final disposition of the case; and (3) other "similarly situated persons currently or formerly employed by Defendant in states other that the State of Wisconsin. . ." (Compl. ¶¶ 2-4.)

---

[2]The Plaintiff's contention that the putative FLSA Class would contain workers as far as three, *vice* two, years prior to the filing of the complaint is based upon an allegation of willfulness on the part of Waupaca. (Compl. ¶ 43.) The FLSA allows for a class spanning back three years if the alleged violations are willful. 29 U.S.C. § 255(a).

The Plaintiffs allege that Waupaca, a member of a highly regulated industry, is required to provide proper environmental controls to protect worker safety and provide its workers the means to protect themselves from the dangers inherent in foundry work. (Compl. ¶ 22.) The complaint alleges that Waupaca has not fully compensated its employees for time spent "donning and doffing gear and equipment, showering, and walking to and from the production floor." (Compl. ¶ 1.) The Plaintiff alleges that Waupaca did not exercise good faith in "willfully failing to fully compensate its employees under the FLSA." (Compl. ¶ 25.) The four causes of action advanced by the Plaintiffs are: (1) violation of the FLSA for failure to pay overtime and failure to keep records of hours worked; (2) violation of Wisconsin Administrative Code DWD 274.03 for failure to pay overtime, and failing to keep records of hours worked in under Wisconsin Statutes § 103.74 and Wisconsin Administrative Code DWD 272.11[3]; (3) violation of Wisconsin Statutes § 109.03 for failure to pay all wages due, and failure to pay a minimum wage for each hour worked according to Wisconsin Administrative Code DWD 272.03; and (4) common law breach of contract for failure to pay Plaintiffs compensation for their work. (Compl. ¶¶ 41-2, 46, 48-9, 53, 55, 60-2.)

## ANALYSIS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) mandates that a claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual

---

[3]The Plaintiffs refer to "Wisconsin Administrative Code DWD 272.011" in their complaint, though no such section of the Code exists. (Compl. ¶ 49.) The Court notes there is a provision in the Code regarding making and keeping records at Wis. Admin. Code DWD § 272.11.

3

allegations which are enough "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). In ruling on a motion to dismiss under Rule 12(b)(6), a court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Retirement Bd. of the Policemen's Annuity and Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

**I. Preemption**

In its motion to dismiss, Waupaca contends that Plantiffs' second, third and fourth causes of action, all based upon claims made under Wisconsin law,[4] are preempted by the FLSA. (Def.'s Br. 12.) Waupaca contends that the state law claims are preempted both procedurally and substantively. Procedurally, Waupaca argues that the procedural collective action requirements of the FLSA impliedly preempt Plaintiffs' effort to proceed on their state law claims as a class action under Rule 23. Fed. R. Civ. P. 23. The FLSA provides that no employee can be a party to an action under the FLSA without the consent of the employee and thus requires that any collective action proceed on an "opt-in" basis. 29 U.S.C. § 216(b). The procedure of certifying a class action for state wage and overtime claims under Rule 23, on the other hand, operates on an "opt-out" basis, where an employee not wishing to be bound by the adjudication on the merits must elect to be excluded from the proceedings. Waupaca argues that the two procedures are irreconcilable and that

---

[4]The Plaintiffs have pled in their fourth cause of action a violation of Wisconsin common law for breach of contract. (Compl. ¶ 15.) In their response brief, however, Plaintiffs argue that "The Wisconsin, Tennessee, and Indiana breach of contract claim is not preempted." (Pls.' Relpy Br. 19.) The Court understands this to be attributable to the fact that the action was brought on behalf of "similarly situated persons currently or formerly employed by Defendant in states other than the State of Wisconsin wherein Defendant's pay practices . . . violate state wage and hour law." (Compl. ¶ 4.)

4

the FLSA procedurally preempts state law claims under Rule 23. Substantively, Waupaca argues that Plaintiffs' state statutory and common law claims are subsumed within the FLSA claim, as the Plaintiffs seek compensation for time spent donning and doffing gear and equipment, showering, and walking to and from the production floor. Because there is nothing to suggest that claims under Wisconsin law provide greater protection or remedies than those offered by the FLSA, Waupaca asserts they are preempted.

Federal law can preempt and thus invalidate state law. Congressional power to preempt state law is derived from the Supremacy Clause of Article VI of the Constitution. U.S. Const. art. VI, cl. 2. The question of whether federal law preempts state law is one of congressional intent. *English v. General Elec. Co.*, 496 U.S. 72, 78-79 (1990). "Preemption can take on three different forms: express preemption, field preemption, and conflict preemption." *Aux Sable Liquid Prods. v. Murphy*, 526 F.3d 1028, 1033 (7th Cir. 2008) (citation omitted). Field preemption and conflict preemption are forms of implied preemption. *Gade v. Nat'l Solid Wastes Mgmt. Assoc.*, 505 U.S. 88, 98 (1992). Field preemption exists "when federal law so thoroughly occupies a legislative field as to make it reasonable to infer that Congress left no room for the states to act." *Aux Sable Liquid Prods.*, 526 F.3d at 1033 (internal quotation and citations omitted). Conflict preemption "exists if it would be impossible for a party to comply with both local and federal requirements or where local law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Aux Sable Liquid Prods.*, 526 F.3d at 1033 (internal quotation and citations omitted). "A state law also is pre-empted if it interferes with the methods by which the federal statute was designed to reach this goal." *Int'l Paper Co. v. Ouellette,* 479 U.S. 481, 494 (1987). Regardless of the form of preemption in question, the "ultimate task in any pre-emption case is to determine

5

whether state regulation is consistent with the structure and purpose of the statute as a whole." *Gade*, 505 U.S. at 98.

It is clear that in enacting the FLSA, Congress did not explicitly preempt state wage and hour laws. Indeed, the FLSA contains a "savings clause" that expressly allows states to provide workers with more beneficial minimum wages and maximum workweeks than those mandated by the FLSA itself. *See* 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any . . . State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter . . . ."). Given this express statement of Congress' intent not to displace state laws granting workers higher minimum wages or a shorter maximum workweek, it is clear that the FLSA would preempt only state laws that mandated lower minimum wages or longer maximum workweeks. Since the parties agree that the Wisconsin wage and hour laws, Wis. Stat. chs. 103 and 104 and §§ 109 .01-109.11, are not less generous than those of the FLSA, it seems clear that the FLSA does not displace the state law. Rather, it would seem that state law may offer an alternative legal basis for equal or more generous relief for the same alleged wrongs.

It thus follows that Waupaca's substantive preemption argument must fail. If, as Plaintiffs have alleged, Waupaca's policies are not only in violation of the FLSA, but also violate Wisconsin's wage and hours laws, and constitute a breach of contract, nothing in the language or purpose of the FLSA precludes Plaintiffs from proceeding on those claims in this action, as well. There is no need to consider implied preemption, since Congress expressly stated its intent not to preempt the field and to allow continued enforcement of state laws mandating more generous wage and hour

6

regulations. And, of course, contractual agreements providing for equal or greater benefits would also be enforceable. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 2007 WL 5414927, *1 (W.D. Wis. Dec. 7, 2007). Plaintiffs have alleged, wholly aside from the FLSA, that Waupaca contractually agreed to pay them for the hours they worked and that Waupaca breached that contract. (Compl. ¶¶ 61-62.) Thus, this case is unlike *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007), where the Court held that a state contract claim which sought merely to enforce FLSA rights, as opposed to rights arising out of a valid employment contract, was preempted. Rule 8(e)(2) provides that a party may plead alternative theories of relief under both legal and equitable grounds. Fed. R. Civ. P. 8(e)(2). While Plaintiff may not obtain double recovery, he is free to pursue relief under the FLSA as well as state statutory and contract claims. *See Marquez v. Partylite Worldwide, Inc.*, 2007 WL 2461667, *6 (N.D. Ill. Aug. 27, 2007) ("While Plaintiff may not obtain double recovery, he is free to pursue relief under the FLSA as well as unjust enrichment and quantum meruit.").

Waupaca's procedural argument, though technically not a preemption argument, deserves more careful consideration. Waupaca argues that allowing an opt-in collective action under the Fair Labor Standards Act and an opt-out class action under state law in a single federal lawsuit would conflict impermissibly with congressional intent in enacting the FLSA. In support of its argument, Waupaca points to the legislative history of the Portal-to-Portal Act of 1947 ("PPA"), through which Congress amended the FLSA to create the opt-in requirement. May 14, 1947, ch. 52, 61 Stat. 87, 29 U.S.C. § 251 *et seq*. Waupaca's position is that the remedial scheme of the FLSA which Congress implemented in the PPA is so pervasive that no room is left for state regulation on the matter, and that Wisconsin state laws in this case stand as an "obstacle to the

accomplishment and execution of the of the full purposes and objectives of Congress." (Dkt. # 22 at 12.) (quoting *Gade,* 505 U.S. at 98)). Waupaca argues that Congress intended the opt-in requirement of the FLSA to limit the impact of large representative actions on industry. Relying on decisions from the Western District of Pennsylvania that found allowing parallel state claims along with claims under the FLSA would essentially nullify congressional intent in crafting the opt-in requirement and eviscerate its purpose (Dkt. # 22 at 3 (citing *Ellis v. Edward Jones & Co.*, 527 F. Supp.2d 439 (W.D. Pa. 2007); *Burkhart-Deal v. CitiFinancial, Inc.*, No. 7-1747, 2008 Lexis 44469 (W.D. Pa. Jun. 5, 2008)), Waupaca urges the Court to hold that the apparent conflict between the FLSA's opt-in procedure and Rule 23's opt-out procedure means the former preempts the latter.

The Seventh Circuit has yet to provide a definitive answer to this question. Waupaca draws the Court's attention to *King v. General Electric Co.*, 960 F.2d 617 (7th Cir. 1992), and claims that the Seventh Circuit found incompatibility between the provisions of the FLSA and Rule 23 state law class actions. The Court in *King* noted that the collective action procedure of 29 U.S.C. § 216(b) "preempts the class action procedure under Federal Rule of Procedure 23." 960 F.2d at 621 (citations omitted). A fair reading of *King*, however, suggests that the Seventh Circuit did not squarely address the issue in that case. The Court did not undertake a preemption analysis before reaching this conclusion. Further, *King* was not a case in which the plaintiff simultaneously brought a collective action claim under the FLSA and Rule 23 for a state law claim. The plaintiffs in that case sought to bring a class action under Rule 23 for alleged violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a). The Court in *King* noted that the ADEA incorporated the enforcement provisions of the FLSA, including the opt-in collective action

8

scheme of 29 U.S.C. § 216(b), by reference. 960 F.2d at 621. The other decisions from this Circuit advanced by Waupaca also fail to support its position.[5]

Three cases from the Western District of Wisconsin have permitted plaintiffs to pursue a Rule 23 class action based upon state law and an FLSA collective action simultaneously, *Spoerle v. Kraft Foods Global, Inc.*, 2008 WL 2002221 (W.D. Wis. May 6, 2008); *Sjoblom*, 2007 WL 4560541 (W.D. Wis. Dec. 19, 2007); and *Kasten v. Saint-Gobain Performance Plastics Corp.*, 2007 WL 5414927 (W.D. Wis. Dec. 7, 2007). I find the reasoning of these cases, and Judge Kendall's decision on the same issue in *Marquez v. Partylite Worldwide, Inc.*, 2007 WL 24616676 (N.D. Ill. Aug. 27, 2007), persuasive. It is generally presumed that the usual federal procedures apply in each case or controversy. *See Califano v. Yamasaki*, 442 U.S. 682, 700 (1979) ("In the absence of a direct expression by Congress of its intent to depart from the usual course of trying 'all suits of a civil nature' under the Rules established for that purpose, class relief is appropriate"). An opt-out class under Rule 23 is the federal procedure usually applicable to claims seeking monetary relief

---

[5] Defendant also cites *Irwin v. Wisconsin*, No. 92-2509, 1993 WL 134051, at *10 (7th Cir. 1993), though this was an instance of the Seventh Circuit adopting an opinion of Judge Crabb of the Western District of Wisconsin in which she notes that FLSA actions cannot be brought under Rule 23. Another case cited by the Defendant from this Circuit is *American Benefit Plan Comm. v. Commc'n Workers of Am.*, 220 F.3d 814, 820 (7th Cir. 2000). The Court in *American Benefit Plan Comm.*, however, simply noted the fact that claims under the Equal Pay Act had to be advanced under the FLSA's § 216(b) opt-in mechanism and not Rule 23. *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004), also brought to the Court's attention by the Defendant, was a FLSA collective action case in which all of the plaintiffs did not provide their written consent but participated in discovery. The Court strictly interpreted 29 U.S.C. § 216(b) to require that those who wished to join the FLSA action give their written consent and opt-in. *Harkins* was not a case in which the Court addressed a parallel state law claim. Finally, Defendant cites *Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1016 (7th Cir. 1988) and its language that one of the purposes of 29 U.S.C. § 216(b) was to prevent the filing of claims on behalf of a large group of unnamed and nonparticipating plaintiffs. (Def.'s Br. 16 n.18.) None of these cases stand for the proposition that the Seventh Circuit has found that FLSA actions cannot be brought simultaneously with actions based upon state law under the procedure of Rule 23.

9

on behalf of similarly situated individuals. The FLSA modifies this procedure for claims brought pursuant to its provisions. *See King*, 960 F.2d at 621. "Because the FLSA does not expressly provide that its modified procedure applies to all wage disputes, Rule 23's "usual course" applies to Plaintiff's state law claims." *Marquez*, 2007 WL 24616676, at *3. I therefore conclude, despite the procedural differences, Plaintiffs may maintain an FSLA collective action and seek class certification of their state law claims in the same action.

Of course, this does not mean that an "opt out" Rule 23 class will be certified. That issue is not presently before me. But nothing in the FLSA precludes Plaintiffs from seeking such certification on their state law claims. If the required showing for class certification is made, care will be required to draft a notice that properly explains the obligation members of the class have to opt out of the class if they wish to be excluded, as opposed to the obligation to opt in if they are to be included on the collective FLSA claim. There is no need to address that issue at this point, however. It is enough to say that Plaintiffs may seek Rule 23 class certification on their state law claims. Waupaca's motion to dismiss on preemption grounds is denied.

**II. Non-Preemption Challenges**

Waupaca contends that the pleadings are defective on grounds other than preemption and asks this Court to dismiss the second and fourth causes of action. Waupaca claims there is a deficiency in the second cause of action in that it encompasses six Wisconsin statutory provisions and three Wisconsin Administrative Code sections and that the complaint refers to some of these provisions in the heading but not the body of the complaint, and vice-versa. In addition, the following alleged deficiencies in the claim are advanced: (1) no private right of action to enforce

10

a record keeping violation exists under Wisconsin Administrative Code DWD §§ 272.011[6] or 274.06; (2) there is no private right of action to enforce a record keeping violation under Wis. Stat. § 103.74; (3) Plaintiffs do not identify a statutory basis to bring a claim for unpaid overtime; and (4) the claim does not allege a factual or statutory basis to support a claim under Wis. Stat. §§ 103.01-103.03. These amount to challenges of Plaintiffs' claims for unpaid overtime and failure to keep adequate records. Additionally, Waupaca advances a challenge to the fourth cause of action, breach of contract, on non-preemption grounds.

**A. Record Keeping**

Part of the second cause of action advanced by Plaintiffs alleges a violation of Wisconsin statutes and regulations regarding Waupaca's record keeping. Plaintiffs rely on the decision of the Wisconsin Supreme Court in *German v. Wis. Dept. of Transp.* in their efforts to establish that employees can bring an action for wages in the trial courts under Chapter 109 of the Wisconsin Statutes and the Administrative Code. 2000 WI 62, 235 Wis.2d 576, 612 N.W.2d 50 (Wis. 2000).

I find the discussion of whether a private right of action exists in Wisconsin advanced in the case of *Spoerle*, which discussed *German*, helpful in answering this question.

> Plaintiffs devote one sentence of their brief to their argument that Wisconsin law recognizes a private cause of action for an employer's failure to keep adequate records: "It is settled Wisconsin law that employees can enforce [the regulations requiring record keeping, Wis. Admin. Code §§ DWD 272.10 and 274.06] under § 109.03(5). *German v. Wisconsin Dept. of Transportation*, [2000 WI 62,] 235 Wis.2d 576, 586-87, 612 N.W.2d 50 (2000)." Plts.' Br., dkt. # 21, at 36. That is incorrect. Section 109.03(5) authorizes a cause of action "for the full amount of the employee's wages." It has nothing to do with record keeping. The question in *German*, 2000 WI 62, at ¶ 2, 235 Wis.2d 576, 612 N.W.2d 50, was whether employees could sue under § 109.03(5) for wages they believed they were due for

---

[6] *See* n.3, *supra*.

11

meal breaks. The supreme court did not hold that the record keeping regulations could be enforced under § 109.03(5) or any other statute. In fact, the court did not even discuss those regulations. Plaintiffs provide no other authority for a private right to enforce the record keeping regulations. Without a showing that the legislature intended to create a private civil remedy, plaintiffs cannot seek relief in this court. *Antwaun A. v. Heritage Mutual Insurance Co.*, 228 Wis.2d 44, 66, 596 N.W.2d 456 (1999).

527 F. Supp. at 872. I agree with the interpretation of the *German* decision offered by the Court in *Spoerle*. For this reason I find that there is no private right of action to enforce record keeping violations and will therefore grant Waupaca's motion to dismiss the second cause of action for any claim based upon an alleged record keeping violation under Wisconsin law.

**B. Overtime Pay**

In the second cause of action to the complaint, the Plaintiffs cite the Wisconsin Administrative Code DWD § 274.03 in support of their claim for overtime pay, but no statutory authority. (Compl.¶ 46.) There is statutory authority in Wisconsin for a private right of action by employees for overtime pay against the employer:

> **(5) Enforcement.** Except as provided in sub. (1), no employer may by special contract with employees or by any other means secure exemption from this section. Each employee shall have a right of action against any employer for the full amount of the employee's wages due on each regular pay day as provided in this section and for increased wages as provided in s. 109.11(2), in any court of competent jurisdiction. An employee may bring an action against an employer under this subsection without first filing a wage claim with the department under s. 109.09(1). An employee who brings an action against an employer under this subsection shall have a lien upon all property of the employer, real or personal, located in this state as described in s. 109.09(2).

Wis. Stat. § 109.03(5) (2008).

Plaintiffs did not plead Wis. Stats. § 109.03(5) in their complaint, though there was a request for damages, costs and fees pursuant to "Wisconsin Statute [sic] ch. 109." (Compl.¶ 51.)

12

Waupaca contends that the overtime pay claim in the second cause of action should be dismissed for lack of specificity in failing to plead the statutory basis of the claim. In support of its argument, Waupaca cites *Wolnak v. Cardiovascular & Thoracic Surgeons of Cent. Wis., S.C.,* 2005 WI App 217, ¶ 57, 287 Wis.2d 560, 588, 706 N.W.2d 667, 682, which held that "merely pleading a contract action based on nonpayment of wages is insufficient to trigger a Wis. Stat. ch. 109 wage claim under notice pleading." Since Plaintiffs failed to reference the correct statute in their complaint, Waupaca argues the claim for unpaid overtime must be dismissed.

The Federal Rules of Civil Procedure, which govern pleading in federal courts, require only "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs' claim for unpaid overtime meets this standard. Even under the State pleading standard, it is sufficient to put Waupaca on notice that the claim is for unpaid overtime under Chapter 109 of the Wisconsin Statutes, and that it is separate and distinct from the claim for breach of contract. Waupaca's motion to dismiss this aspect of the second cause of action will therefore be denied.

**C. Contract Claim**

Waupaca also moves for dismissal of the fourth cause of action on non-preemption grounds. It contends that Plaintiffs have failed to articulate how a contract existed between them and Waupaca. This is because, according to Waupaca, there was no consideration and Plaintiffs did not allege an offer by Waupaca to compensate them for their work. Waupaca argues Plaintiffs have pled themselves out of court on the contract claim, as a claim that there was a meeting of the minds is inconsistent with the allegation Waupaca has continually failed to pay wages over a period of

13

years. It also contends that since the contract claim depends upon proof that wages were owed Plaintiffs under the FLSA, the contract claim should be dismissed for lack of consideration.

"Dismissal under Rule 12(b)(6) is reserved for complaints that do not state legally cognizable claims, including the situation in which the plaintiff pleads himself out of court by making allegations sufficient to defeat the suit." *Vincent v. City Colleges of Chi.*, 485 F.3d 919, 924 (7th Cir. 2007). I decline to dismiss the contract claim at this point. Plaintiffs have pled facts which are sufficient to put Waupaca on notice of a breach of contract claim separate and distinct from their FLSA and state statutory claims. Plaintiffs alleged that they bargained with Waupaca to work for compensation in the form of wages and that these wages are the consideration in the bargain. It contains factual allegations which are enough "to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965.

Although it would seem that an allegation of failure to pay wages for a given activity over a number of years is inconsistent with finding the mutual assent necessary to form a contract, it is not clear that Plaintiffs would necessarily have to contradict this in order to prevail on the claim. *See, e.g., Pacocha v. J & K Aligning, Inc.*, 2008 WI App 121, ¶ 13, 756 N.W.2d 479, *3 (Table) (Wis. App. 2008) (noting contracts "require the element of mutual meeting of the minds and of intention to contract.") (quoting *Garvey v. Buhler*, 146 Wis.2d 281, 289, 430 N.W.2d 616 (Wis. App. 1988)); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006) (A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits."). This is because, although the conduct of the parties can be considered on the question

14

of whether there was mutual assent sufficient to form a contract, other evidence could support a finding that a contract existed.

If Waupaca believes that the Plaintiff's proof on the purported contract for payment of wages during time spent donning, doffing, showering and walking to and from the production floor does not meet the relevant legal requirements, it may raise that issue in a motion for summary judgment.

**III. Willfulness and the FLSA Claim**

The FLSA provides that willful violations can extend the statute of limitations from two to three years. 29 U.S.C. § 255(a). The Supreme Court has noted that the FLSA's two-tiered statute of limitations made it clear that ". . . Congress intended to draw a significant distinction between ordinary violations and willful violations." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988). Waupaca contends that, given this significant distinction, Plaintiff's factual allegations fall short of stating a claim for a willful violation. Waupaca moves for dismissal of the first cause of action on the FLSA claim to the extent it seeks damages beyond a two-year period of time.

Waupaca's motion will be denied. Plaintiffs have alleged that Waupaca acted willfully in violating the FLSA. This general assertion the Plaintiffs make is sufficient to satisfy the requirements of pleading a willful violation of the FLSA at this early stage. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Given the nature of the violations alleged, Plaintiffs' assertions that Waupaca "did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA. . ." (Compl. ¶ 43.) is sufficient. Plaintiffs also alleged that Waupaca

15

failed to maintain proper records of the hours its employees worked and failed to pay them for overtime. (Comp. ¶¶ 39, 42.) These allegations are more than sufficient to provide Waupaca notice of the claims asserted against it. The motion to dismiss Plaintiffs' willfulness claim will therefore be denied.

## CONCLUSION

For the reasons stated above, Waupaca's motion to dismiss is granted as to the record keeping claim that is part of the second cause of action. In all other respects, it is denied.

**SO ORDERED** this   26th   day of November, 2008.

                                                s/ William C. Griesbach                
                                                William C. Griesbach
                                                United States District Judge

16

Case 1:08-cv-00488-WCG   Filed 11/26/08   Page 16 of 16   Document 82