UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN DeKEYSER, THOMAS COOPER,
HARLEY GRANIUS and CARLO LANTZ,
on behalf of themselves and others similarly situated,

        Plaintiffs,

v.                                                                   Case No. 08-C-488

THYSSENKRUPP WAUPACA, INC. d/b/a
WAUPACA FOUNDRY, INC.,

        Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO
CERTIFY AN INTERLOCUTORY APPEAL**

      The plaintiffs in this case are proceeding with a collective action pursuant to the Fair Labor Standards Act of 1938 as Amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs also advance three causes of action based upon Wisconsin law. In ruling on Defendant Thyssenkrupp Waupaca, Inc.'s ("Waupaca") motion to dismiss all but a portion of the FLSA claim, I determined that plaintiffs were not barred from bringing state law claims under Rule 23 of the Federal Rules of Civil Procedure simply because they also were proceeding with a claim under the FLSA's "opt-in" procedure. (Doc. # 82 at 4-10.) Waupaca has moved the Court for certification of an interlocutory appeal on the question under 28 U.S.C. § 1292(b). For the reasons stated below, Waupaca's motion will be denied.

**BACKGROUND**

      The named plaintiffs in this action are current and former nonexempt hourly workers who were or are employed by Waupaca at its foundries in Marinette or Waupaca, Wisconsin. (Compl.

¶¶ 1, 8-12.) The complaint contemplates three distinct classes of potential plaintiffs in addition to the named plaintiffs: (1) the "FLSA class," those who were, are or will be employed by Waupaca as a foundry worker at any time within three years[1] prior to the complaint through the date of final disposition of the case; (2) the "Wisconsin class," those who were, are or will be employed by Waupaca as a foundry worker at any time within two years prior to the complaint through the date of final disposition of the case; and (3) other "similarly situated persons currently or formerly employed by Defendant in states other that the State of Wisconsin. . . ." (Compl. ¶¶ 2-4.)

The plaintiffs allege that Waupaca, a member of a highly regulated industry, is required to provide proper environmental controls to protect worker safety and provide its workers the means to protect themselves from the dangers inherent in foundry work. (Compl. ¶ 22.) The complaint alleges that Waupaca has not fully compensated its employees "donning and doffing gear and equipment, showering, and walking to and from the production floor." (Compl. ¶ 1.) The FLSA claim is that Waupaca failed to pay overtime and failed to keep records of hours worked.

As noted above, Waupaca moved for dismissal of all causes of action, with the exception of a portion of the FLSA claim. (Doc. # 21.) In support of the motion, Waupaca argued that plaintiffs could not bring state law claims under the "opt out" procedure of Rule 23, as such claims were barred by the "opt in" collective action procedure of the FLSA. I disagreed and noted that the Seventh Circuit had not squarely addressed the issue. (Doc. # 82 at 8.) Waupaca argues it did not

---

[1] The Plaintiffs' contention that the putative FLSA Class would contain workers as far as three, *vice* two, years prior to the filing of the complaint is based upon an allegation of willfulness on the part of Waupaca. (Compl. ¶ 43.) The FLSA allows for a class spanning back three years if the alleged violations are willful. 29 U.S.C. § 255(a).

get a "clear answer" from the court in its ruling on the motion to dismiss, and believes the issue is therefore "ripe for review by the Seventh Circuit." (Doc. # 96 at 2.)

The court has granted conditional certification of the FLSA collective action and approved a notice to be sent to all potential plaintiffs. (Doc. # 91.) Over 400 employees of Waupaca have opted into the FLSA action as of plaintiffs' last count. (Doc. # 111 at 2.)

**ANALYSIS**

Interlocutory appeals are provided for by 28 U.S.C. § 1292(b).[2] The invocation of § 1292(b) should be limited to "exceptional cases" in which an appellate decision "may obviate the need for protracted and expensive litigation . . . ." *Fed. Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis.*, 604 F. Supp. 616, 620 (E.D. Wis. 1985). The Seventh Circuit has had occasion to remind the district courts that § 1292(b) presents four statutory criteria: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). It also noted one nonstatutory requirement, that the petition "must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Id.* at 675-76 (citing *Richardson*

---

[2]Section 1292(b) reads:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

3

*Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)). All of these criteria must be satisfied before a district court certifies an order for immediate appellate review. *Id.* at 676. The Seventh Circuit has spoken of the "duty" of the district court to allow an immediate appeal to be taken when all of the criteria are met. *Id.* at 677. Finally, although the district court must certify an issue or issues before an interlocutory appeal may be taken under § 1292(b), "an appeal under § 1292(b) brings up the whole certified order, rather than just the legal issue that led to certification." *United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 609 (7th Cir. 2000) (internal citation omitted).

Waupaca argues that the question it seeks to have certified for immediate appeal is a controlling issue of law, a "pure" question of law appropriate for resolution by the Seventh Circuit. Section 1292(b)'s "question of law" refers to a "question of the meaning of a statutory or constitutional provision, regulation or common law doctrine . . . ." *Ahrenholtz*, 219 F.3d at 676. Waupaca is right in its contention that it presents a question of law, though whether it is "controlling" requires closer analysis.

In order to be a "controlling" question of law, the resolution of the issue must affect the course of litigation. *United States v. Approximately 81,454 Cans of Baby Formula*, 2008 WL 4058044, * 1 (E.D. Wis. Aug. 26, 2008) ("A question of law is controlling if its resolution is likely to affect the course of the litigation.") (citing *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.,* 86 F.3d 656, 658 (7th Cir. 1996)); *Harrisonville Tel. Co. v. Ill. Commerce Comm'n*, 472 F. Supp. 2d 1071, 1080 (S.D. Ill. 2006) ("A controlling question of law is a threshold issue that seriously affects the way in which a court conducts a litigation, for example, impacting whether or not the plaintiff has a claim for relief under a particular statute.") A "controlling question" can exist

4

where resolution of the question will resolve the litigation in its entirety, or where it will establish whether a particular claim exists. *E.E.O.C. v. Maggies Paratransit Corp.*, 351 F. Supp. 2d 51, 53 (E.D. N.Y. 2005). Some courts have gone so far as to say that for an issue to be controlling it is not enough for it to be determinative in the case at hand, but must contribute to the termination at an early stage of other cases. *Fed. Deposit Ins. Corp.*, 604 F. Supp. at 620; *Kohn v. Royall, Koegel &Wells*, 59 F.R.D. 515, 524-25 (S.D.N.Y. 1973); *contra Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille*, 921 F.2d 21, 24 (2d Cir. 1990) (resolution of question need not have wider precedential value to be "controlling" for purposes of § 1292(b)).

I am unconvinced that the question which Waupaca seeks to have certified is controlling for purposes of § 1292(b). The parties muddy the waters on the issue by arguing about whether a decision not to certify a class under Rule 23 is the sort of decision for which a permissive appeal may be taken under § 1292. Although I have conditionally certified the FLSA class, I have yet to rule on the certification of a class under Rule 23, a decision which either party may appeal under Rule 23(f). In any event, a ruling in favor of Waupaca on appellate review of the question of whether plaintiffs' Rule 23 class action claims are barred by the procedures of the FLSA would certainly not resolve the matter, as the FLSA claim would remain and the court would likely have jurisdiction over the same state law claims brought in a separate Rule 23 action removed under the Class Action Fairness Act, 28 U.S.C. § 1332(d) as Amended ("CAFA"). The court could also exercise supplemental jurisdiction over the state law claims of those who have opted into the FLSA collective action.

I also find that Waupaca has failed to demonstrate that the question it wishes to have the Seventh Circuit review is contestable, as it is not one "as to which there is substantial ground for

5

difference of opinion." 28 U.S.C. § 1292(b). Waupaca's emphasis on the fact that the court noted the question required "careful consideration" in its ruling on the motion to dismiss does not mean that there is a substantial ground for difference of opinion. (Doc. # 82 at 7.) As plaintiffs note, most courts who have addressed the issue have concluded that there is no procedural incompatibility between FLSA and Rule 23 actions. Waupaca's repeated assertion that *King v. Gen. Elec. Co.*, 960 F.2d 617 (7th Cir. 1992), teaches that there is such an incompatibility does not demonstrate that the issue is contestable. Further, just because the authorities are not unanimous on a question of law does not mean a court must find that substantial grounds for difference of opinion exist. *North Carolina ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995) (also noting that "a district court has the discretion to find a lack of substantial ground for difference of opinion even though the only other reported decision on the issue at hand disagrees with the conclusions of the court.") (citing *Singh v. Daimler-Benz, AG*, 800 F. Supp. 260 (E.D. Pa. 1992), *aff'd*, 9 F.3d 303 (3d Cir. 1993)). For these reasons, I am not of the opinion that the question which Waupaca moves the Court to certify is contestable.

Waupaca fails to show how a permissive appeal would materially advance the ultimate termination of this lawsuit. Even if the issue were to be considered by the Seventh Circuit, a resolution favorable to Waupaca would not necessarily extinguish any of the plaintiffs' claims. As noted by plaintiffs and above, this is because there are over 400 employees who have opted into the FLSA collective action, and even if the procedures of the FLSA were held to bar a class action under Rule 23, the court could exercise supplemental jurisdiction over any state law claims members of the FLSA might have. (Doc. # 111 at 14.) Plaintiffs also observe that a separate lawsuit could commence and advance the same claims. Waupaca thinks this to be too much

6

hypothesizing and claims the issue of whether the same claims could find their way back into this court through other means, even if the Seventh Circuit were to rule in its favor, is not before the court. But the court cannot proceed with a blind eye to these possibilities in determining whether an interlocutory appeal would materially advance this litigation. Waupaca has failed to provide sufficient justification of how permitting an interlocutory appeal will materially advance this lawsuit.

Having determined that Waupaca's request for an interlocutory appeal fails to meet the statutory criteria of § 1292(b), I need not determine whether it was filed within a reasonable time after the court's order.

## CONCLUSION

I conclude that Waupaca has failed to demonstrate that this is an exceptional case in which it may invoke § 1292(b) for an interlocutory appeal. The issue which Waupaca would have the Seventh Circuit review is not dispositive to any of the claims in this lawsuit, as if Waupaca were to receive a favorable ruling in its appeal, the court could exercise supplemental jurisdiction over the claims of the opt-in plaintiffs. Finally, an interlocutory appeal with a ruling in Waupaca's favor would likely have the effect of prompting a separate class action beginning in state court with eventual removal into this court. This would not be in the interest of judicial economy. As I have found that the statutory criteria of § 1292(b) are not met, Waupaca's motion to certify the question of whether the plaintiffs' Rule 23 class action claims are barred by the opt in collective action procedures of the FLSA is **DENIED**.

**SO ORDERED** this ___20th___ day of March, 2009.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge

7

Case 1:08-cv-00488-WCG   Filed 03/20/09   Page 7 of 7   Document 128