UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN DEKEYSER, et al,,

    Plaintiffs,

v.                                    Case No. 08-C-488

THYSSENKRUPP WAUPACA INC.,

    Defendant.

**ORDER DENYING PLAINTIFFS' MOTION TO INVITE AMICUS CURIAE**

The plaintiffs in this case are proceeding with a collective action pursuant to the Fair Labor Standards Act of 1938 as Amended, 29 U.S.C. § 201, *et seq*. ("FLSA"). Plaintiffs also advance three causes of action based upon Wisconsin law. This matter is before the Court on plaintiffs' Civil L.R. 7.4 expedited non-dispositive motion requesting that the Court invite an amicus curiae submission from the United States Department of Labor's Office of the Solicitor ("SOL") concerning legal issues raised in plaintiffs' pending motion for partial summary judgment. The motion will be denied for the reasons stated below.

The SOL has filed amicus briefs in Seventh Circuit cases, but plaintiffs have only identified one instance in which a district court invited the SOL to file a brief. (Doc. # 203 at 2) (citing *Debraska v. City of Milwaukee*, 131 F. Supp. 2d 1032, 1033 (E.D. Wis. 2000)). The Seventh Circuit has stated that "[w]hether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *National Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (citations omitted). This grace is not to be lightly extended for a

number of reasons, including the fact that additional briefing increases burdens on the courts and the parties. *Id*. While it is true that under Fed. R. App. P. 29(a), the SOL may file an amicus brief without the permission of the courts of appeals, the burden that results from such briefing is a proper consideration in deciding whether a district court should extend a judicial invite.[1]

Plaintiffs are correct to observe that this Court has permitted amici to file briefs in other cases, but in both cases which the plaintiffs cite the amici themselves sought leave to file briefs as interested parties. *Appleton Papers, Inc. v. George A. Whiting Paper Co.*, No. 08-C-16, 2008 WL 2323930 (E.D. Wis. June 4, 2008); *Oneida Tribe of Indians of Wisconsin v. Village of Hobart Wisconsin*, No. 06-C-1302, 2007 WL 3025495 (E.D. Wis. Oct. 15, 2007). Matters are different here, as it does not appear that the SOL is eagerly awaiting an opportunity to submit a brief in this case, and the SOL has previously declined the plaintiffs' request that it file a brief on their behalf. Further, the Court is not convinced that the parties' briefs on the pending motions for summary judgment will result in the need for more briefing from the SOL. Defendant notes that the Court already has before it a May 31, 2006 advisory memorandum stating its interpretation of the FLSA in light of the Supreme Court's decision in *IBP v. Alvarez*, 546 U.S. 21 (2005). Thus, it does not appear that a judicial invitation to the SOL to submit a brief would shed new light on the matter. Given this, along with the SOL's apparent reluctance to participate in these proceedings and the

---

[1] Such an invite from the district court should be rare, according to the First Circuit.

> [A] district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance.

*Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

increased burden on the Court and the defendant which would result if the SOL were to file a brief, plaintiffs' motion to invite the SOL to file an amicus curiae brief is **DENIED**.

**SO ORDERED** this 28th day of December, 2009.

s/ William C. Griesbach<br>
WILLIAM C. GRIESBACH<br>
United States District Judge