UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYAN DeKEYSER, THOMAS COOPER,
HARLEY GRANIUS and CARLO LANTZ,
on behalf of themselves and others similarly situated,

                Plaintiffs,

        v.                                                        Case No. 08-C-488

THYSSENKRUPP WAUPACA, INC. d/b/a
WAUPACA FOUNDRY, INC.,

                Defendant.

---

## ORDER ON MOTION TO COMPEL

---

        This Fair Labor Standards Act case is before the Court on the Plaintiffs' motion to compel discovery against their current or past employer, Defendant Thyssenkrupp Waupaca, Inc. d/b/a Waupaca Foundry, Inc. ("Waupaca"). The case involves a "donning and doffing" claim in which the Plaintiffs claim that Waupaca has violated the Fair Labor Standards Act of 1938 as Amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by failing to pay them for time spent donning protective gear at the plant before beginning work and then doffing such gear and showering afterwards before going home. Plaintiffs claim that the health risks associated with inhaling silica dust, which is released in the die casting process at Waupaca's foundries, make donning and doffing protective gear before and after work, and showering before going home, necessary. The Court has conditionally certified a collective class pursuant to Section 216(b) of the FLSA and agreed to try first the claims arising out of two of Waupaca's six plants.

Plaintiffs have filed a motion to compel the production of personnel files of 491 opt-in plaintiffs and medical documents of all production employees throughout Waupaca's six plants located in Wisconsin, Indiana, and Tennessee. (Dkt. 273.) Waupaca objects to the motion to compel, arguing that the employees must each sign a release before their medical documents and personnel files are turned over to Plaintiffs and that discovery should be limited to employee records of just two of Waupaca's six plants. (Dkt. 280.) For the reasons set forth herein the Court will grant Plaintiffs' motion in part and deny it in part.

**I. BACKGROUND**

Waupaca has six plants throughout the United States. Two of its plants – Plant number 2 and Plant number 3 – are located next to each other in Waupaca, Wisconsin. Other plants are located in Indiana, Tennessee, and northeast Wisconsin. There are currently 491 opt-in plaintiffs in the collective class throughout the country. A subset of those opt-in plaintiffs work or have worked at Plants 2 and 3.

The Court held a scheduling conference with the parties on October 12, 2010 to review the case posture after denying the dueling motions for summary judgment. After hearing from both sides the Court adopted the idea of a bellwether trial limited to Plants 2 and 3. (Dkt. 271 at 36-39). Two weeks later Plaintiffs served their Fourth Set of Requests for Production of Documents, seeking employee documents and records from all six Waupaca plants. Waupaca objected and Plaintiffs filed the present motion to compel.

Only two specific requests for production are at issue in this motion to compel. In Request Number 1, Plaintiffs asked for: "All documents related to each individual who filed a Consent to

Join Form in this case, including but not limited to personnel files, all time-keeping records and punch cards." (Plaintiff's Fourth Set of Requests for Production of Documents, November 29, 2010.) Waupaca presents two main objections to this request. First it contends that "discovery should be limited to the 82 current and former employees of Plants 2 and 3 who have opted-in to this case under the FLSA." (Br. in Opp'n, Dkt. 280 at 8.) Second, Waupaca argues that the personnel files of employees contain "confidential information that could not be produced by Waupaca without first receiving an appropriate authorization, signed by the employee." (*Id.*)

In Request Number 2, Plaintiffs sought: "All medical documents related to each production employee, including but not limited to medical and health records, medical surveys, medical monitoring records, and injury records." (Plaintiff's Fourth Set of Requests for Production of Documents, November 29, 2010.) Waupaca has three objections to this request: it is not limited to opt-in employees at Plants 2 and 3, employee medical documentation is confidential and it cannot produce it without first obtaining the proper authorization from its employees, and finally, it is overbroad and costly. (Br. in Opp'n, Dkt. 280 at 10-11.)

**II. ANALYSIS**

In general parties are entitled to obtain discovery concerning "any matter, not privileged, that is relevant to the claim or defense." Fed. R. Civ. P. 26(b)(1). There are several discovery-related issues presented here. First, as previously discussed at a telephone scheduling conference with the parties, the Court has indicated a willingness to proceed with a "bellwether" trial limited to Plants 2 and 3 FLSA claims. The parties dispute whether this means discovery should generally be limited to personnel files and medical documentation of employees who work or worked at Plants 2 and 3.

3

Next, the parties dispute Waupaca's claim that release of any personnel records will require a signed release from each employee. Finally, the Court must determine whether discovery will be limited to records from the opt-in Plaintiffs only or whether Plaintiffs may also obtain documentation and records of non opt-in employees.

**A) Request No. 1**

Waupaca objects to Plaintiffs' request No. 1 on several grounds. First, Waupaca argues that the request seeks information beyond the scope of the discovery ordered by the Court. In Waupaca's view, "the Court has issued clear orders limiting discovery in this case to the 82 opt-ins from Plants 2 and 3." (Waupaca Br. in Opp'n at 12.) To allow Plaintiffs to broaden their discovery demands beyond these two plants, Waupaca argues, would defeat the expressed goal of the Court to avoid wasting unnecessary time and expense in resolving the case. Second, Waupaca argues that the personnel files Plaintiffs have requested contain confidential information that it cannot produce without first obtaining the proper authorization from its employees. Finally, Waupaca argues that it has already provided Plaintiffs the time keeping records and punch cards of the opt-in employees. Only the last reason offered by Waupaca – that it has already provided the information – has merit, but even that argument is undeveloped.

Contrary to Waupaca's first argument, the Court has not previously limited discovery in this case to only those employees who now work, or in the past have worked, at Plants 2 and 3. The issue has not previously been addressed by the Court in any formal manner. Waupaca's argument is based on discussions during a telephone conference over ways in which the case might be most expeditiously resolved. Waupaca suggested, and the Court and Plaintiffs agreed, that an initial trial be held concerning Plants 2 and 3 with the hope that a decision as to a portion of the entire case

4

would lead to a resolution of the whole. The discussion was general and the Court entered no order limiting discovery. Indeed, no motion requesting such a ruling was before the Court. Waupaca's contention that the discovery issue raised here has already been decided by the Court is disingenuous at best.

Waupaca also argues that allowing Plaintiffs' counsel access to the personnel files of those opt-in employees who work at other Waupaca plants is likely to increase the costs of litigation and delay. Noting that the original case management order entered by the Court over its objections did not achieve its intended goal of leading to a quick and less expensive resolution of the case, Waupaca suggests that the Court will be making a similar mistake if it allows Plaintiff access to personnel files of opt-in employees who work at plants other than Plants 2 and 3 because doing so will unnecessarily increase the costs of the suit.

It is true that the Court's and Plaintiffs' attempt to streamline the case by focusing on what appeared to be potentially dispositive issues was not successful. Whether this was because the issues by their nature did not permit early resolution, or the manner in which they were addressed frustrated the effort to reach an early resolution, is not material to the dispute now before me. The issue here is whether Plaintiffs are entitled to the personnel files and work records maintained by Waupaca on their clients. Plaintiffs argue that these records are necessary to assist them in determining where and when their clients worked so that they can assess the potential value of their claims. Information in the personnel files, Plaintiffs argue, may also be relevant to Waupaca's good faith defense and whether it acted willfully. Both issues will be addressed in the initial trial, and any realistic settlement efforts will require the Plaintiffs have a clear idea as to the opt-in employees' work records. Waupaca does not seriously contest the potential relevance of

information that the files may contain; instead Waupaca argues that information with respect to employees who worked in plants other than Plants 2 and 3 is not relevant to the proposed first trial and that the Court has already ruled on the matter. Neither is true.

Waupaca's argument that it should not be ordered to disclose the personnel files because they may contain confidential information rings hollow in light of the fact that the employees whose files are at issue have opted to join the suit and to be represented by the Plaintiffs' counsel. By opting to join this suit, the opt-in employees have consented to make their work histories at Waupaca, to the extent they are relevant to the case, public. Moreover, the Court has already entered a protective order that entitles Waupaca to designate as confidential any material that it believes should not be disclosed beyond the attorneys representing the Plaintiffs.

Given these facts and circumstances, Waupaca's objection to Plaintiffs' Request No. 1 is overruled. To the extent Waupaca has already provided the records requested in an accessible form, it need not provide duplicates. All other requested personnel and time keeping records concerning the opt-in employees must be produced, however, within the next thirty days.

**B.) Request No. 2**

Plaintiffs have also requested "all medical documents related to each production employee, including but not limited to medical and health records, medical surveys, medical monitoring records, and injury records." This request, like Request No. 1, is not limited to employees who worked at Plants 2 and 3. Unlike Request No. 1, however, Request No. 2 is not limited to opt-in employees. In other words, it seeks all medical records of all production employees who work at any of Waupaca's six plants. This request is overly broad.

6

Medical records are confidential and private under both state and federal law. While the Court does have the authority to order disclosure of information contained in medical records, it must have strong reasons to do so. Such reasons are absent here. The health risks associated with inhaling silica and other pollutants that may be found in the air at Waupaca's production facilities are, of course, central to this case. But Plaintiffs' request is not limited to conditions that could be caused or exacerbated by inhaling silica; it extends to any and all medical conditions that may find their way into records Waupaca maintains.

At the outset, it is unclear what medical records Waupaca maintains on its employees. Waupaca has a self-insured group health insurance plan that it provides to its employees. Although the plan is administered by Humana, Inc., a third party administrator, Waupaca has a "Medical Administrative Committee" that hears appeals from employees on heath insurance claims denied by Humana. Thus, it would appear that Waupaca has access to medical records on its employees far beyond what the typical employer might maintain.

Even apart from this fact, however, Plaintiffs have no need of all medical records relating to Waupaca's production employees. Instead of requesting copies of all such records, Plaintiffs should focus their discovery requests on information concerning reports of health problems that could be related to exposure to silica or other substances relevant to their claim. Here, again, their discovery requests need not be limited to employees at Plants 2 and 3. While the initial trial will address the opt-in employees who work at those plants, this does not mean that evidence of health problems experienced by employees at other plants is not relevant to the issues that will be addressed in that trial. Evidence that a significant number of employees have experience adverse health consequences from inhaling silica dust is relevant to Plaintiffs' central claim, regardless of

7

the location of the plant at which the employee worked. But Plaintiffs have no need or right to review records describing employees' unrelated medical conditions and problems. On the other hand, employees have a strong interest in maintaining the confidentiality of their personal medical records. Opt-in employees that wish to disclose their own medical histories are free to sign releases authorizing Waupaca to release the information to their attorneys. However, the Court declines to order Waupaca to produce entire medical files based on the record as it now stands.

## III. CONCLUSION

Accordingly and for the reasons set forth above, Plaintiffs' motion to compel is **GRANTED** as to Request No. 1 and **DENIED** as to Request No. 2.

**SO ORDERED** this ___17th___ day of February, 2011.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach
                                                 United States District Judge