UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

Ryan DeKeyser, Thomas Cooper, Harley Granius,
and Carlo Lantz, on behalf of themselves and others
similarly situated,

        Plaintiffs and Collective Action
        Representatives,

  v.                                           Case No. 8-C-488

ThyssenKrupp Waupaca, Inc.,
d/b/a Waupaca Foundry, Inc.,

        Defendant.

---

**ORDER GRANTING PLAINTIFFS' 7(h) MOTIONS TO SUBSTITUTE PARTIES**

---

       Plaintiffs claim Defendant Thyssenkrupp Waupaca (Waupaca) has violated the Fair Labor Standards Act of 1938 as Amended, 29 U.S.C. § 201, et seq. (FLSA). Before this Court are two of Plaintiffs' motions, pursuant to L.R. 7(h) and Fed. R. Civ. P. 25, to substitute Valerie Kulas in place of deceased Opt-in Plaintiff Jeffery Kulas, Docket 327, and to substitute Susan Kettlewell in place of deceased Opt-in Plaintiff Larry Kettlewell, Docket 329. For the reasons discussed herein, Plaintiffs' motions will be granted.

       When a party dies during the pendency of an action, the Court may order substitution of a proper party. Fed. R. Civ. P. 25(a). The successors or representatives of a deceased party may move for substitution in place of a deceased party for claims which did not abate upon death. Fed. R. Civ. P. 25(a)(1). One's ability to sue in a representative capacity is determined by the law of the state where the Court is located. Fed. R. Civ. P. 17(b)(3). In Wisconsin, a personal

representative may prosecute any action commenced by his or her predecessor or decedent for the recovery of any claim or cause of action that survived the person's death. Wis. Stat. § 877.06. Causes of action under the FLSA survive an employee's death because the FLSA is remedial in nature. *Acebal v. U.S.*, 60 Fed. Cl. 551, 555 (Fed. Cl. 2004).

I am satisfied the two named parties, Valerie Kulas and Susan Kettlewell, as representatives of the deceased, are appropriate substitutes for the two deceased parties, Jeffrey Kulas and Larry Kettlewell. Furthermore, Defendant has not opposed Plaintiffs' motions. Plaintiffs' motions, Dockets 327 and 329, are thereby **GRANTED**.

Dated this   20th   day of September, 2011.

s/ William C. Griesbach
William C. Griesbach
United States District Judge