UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN DEKEYSER, THOMAS COOPER,
HARLEY GRANIUS, and CARLOS LANTZ
on behalf of themselves and other
similarly situated,

        Plaintiffs,

  v.                                      Case No. 08-C-488

THYSSENKRUPP WAUPACA, INC., d/b/a
Waupaca Foundry, Inc.,

        Defendant.

## DECISION AND ORDER FOR JUDGMENT

On July 19, 2012, the Court entered its Decision and Order dismissing Plaintiffs' FLSA claims in the above matter. (ECF No. 427.) Subsequently, the Court instructed the parties to advise whether they believe that any of the remaining state law claims would survive given the Court's holding under the FLSA. Plaintiffs indicated that certain federal district courts in the Seventh Circuit have held that Wisconsin's state law concerning "donning and doffing" activity are more protective than the FLSA. Plaintiffs requested an opportunity to brief the issue, which I granted on July 31, 2012. The parties have now fully briefed the issues regarding the viability of Plaintiffs' remaining state law claims. In addition, Plaintiffs have requested clarification of the Court's July 19, 2012 decision.

**1. Wisconsin State Law**

Plaintiffs in their briefs argue that Wisconsin law is more generous than the Fair Labor Standards Act (FLSA) in regard to compensation for time spent donning and doffing safety gear. Plaintiffs primarily rely upon a comparison between Wis. Admin. Code DWD § 272.12(2)(e)1.c. and 29 C.F.R. 790.8(c), the federal counterpart to Wisconsin's administrative code provision. The administrative code section outlines the interpretive guidelines for determining what constitutes hours worked by employees. For the determination of what preparatory or concluding activities fall within the administrative definition of "hours worked," § 272.12(2)(e)1.c., provides that:

> Among the activities included as an integral part of the principal activity are those closely related activities which are indispensable to its performance. If an employee in a chemical plant, for example, cannot perform their principal activities without putting on certain clothes, changing clothes on the employer's premises at the beginning and end of the workday would be an integral part of the employee's principal activity. On the other hand, if changing clothes is merely a convenience to the employee and not directly related to their principal activities, it would be considered as a "preliminary" or "postliminary" activity rather than a principal part of the activity. However, activities such as checking in and out and waiting in line to do so would not ordinarily be regarded as integral parts of the principal activity or activities.

The language used in § 272.12(2)(e)1.c. is, other than the alternative use of a personal pronoun, identical to the language in 29 C.F.R. § 790.8(c). However, Plaintiffs argue that the Wisconsin code section should be interpreted under a different standard because § 790.8(c) includes a footnote that does not similarly appear in Wisconsin's administrative code section or in the annotations. The footnote referenced explains that activities included as a part of principal activities in employment may arise where the activity "is required by law, by rules of the employer, or by the nature of the work." § 790.8(c) n.65. Because the footnote text does not appear in the Wisconsin code, Plaintiffs argue that § 272.12(2)(e)1.c. must be interpreted under a different standard. That standard,

2

Plaintiffs suggest, is whether or not the activity at issue is performed as "merely a convenience to the employee."

The Court need not explore the parameters of Plaintiffs' proposed standard because the determination of whether activity is preliminary or postliminary under the FLSA or Wisconsin law will follow the same analysis where the language used by the regulations to define the activity is identical. *See Munsh v. Domtar Indus., Inc.*, No. 07-cv-524-bbc, 2008 WL 4735171, at *6 (W.D. Wis. Oct. 24, 2008) (comparing Wis. Admin. Code § DWD 272.12(2)(e)(1)(a)–(c) with 29 C.F.R. § 790.8(b)–(c)), *aff'd*, 587 F.3d 857 (7th Cir. 2009); *Vang v. Kohler Co.*, No. 09-C-842, 2012 WL 2917788, at * 3 (E.D. Wis. Jul. 17, 2012), vacated on other grounds, 2012 WL 3689501 (7th Cir. Aug 28, 2012)("Wisconsin courts 'look to federal cases discussing the FLSA and the corresponding federal regulations' for assistance in analyzing Wisconsin's administrative regulations." (quoting *Madely v. RadioShack Corp.*, 2007 WI App 244, ¶ 13, 306 Wis. 2d 312, 742 N.W.2d 559 (Ct. App. 2007)). As previously noted in my decision granting partial summary judgment in favor of the defendant on Plaintiffs' FLSA claim (ECF No. 427), federal case law has incorporated the language of 29 C.F.R. § 790.8(c) n.65 into its determination of whether *Steiner's* "integral and indispensable" standard is met regarding preliminary or postliminary activity. *See e.g., Bamonte v. City of Mesa*, 598 F.3d 1217, 1223-25 (9th Cir. 2010); *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 910 (9th Cir. 2004)*; Alvarez v. IBP, Inc.*, 339 F.3d 894, 903 (9th Cir. 2003); see *also Steiner v. Mitchell*, 350 U.S. 247, 249, 256 (1956).

The federal case law focuses the inquiry on whether the activity can be described as "integral" and "indispensable," both words which appear in § 790.8(c) and § DWD 272.12(2)(e)1.c. There is no reason to believe that Wisconsin law will be interpreted any differently because

3

Wisconsin courts will look to federal case law, incorporating footnote 65 of § 790.8 into its legal standard for determining whether activity is "integral" and "indispensable." *See Munsh*, No. 07-cv-524-bbc, 2008 WL 4735171, at *6.

Plaintiffs rely upon *Spoerle v. Kraft Foods Global, Inc.*, 614 F.3d 427 (7th Cir. 2010) for the proposition that Wisconsin law requires time spent donning and doffing safety gear to be compensated regardless of whether the time will be compensated under the FLSA. Plaintiffs however mischaracterize *Spoerle*'s holding. *Spoerle* held that in situations where a Wisconsin employer and employee collective bargaining agreement varied the FLSA rule requiring compensation for donning and doffing time pursuant to 29 U.S.C. § 203(o), Wisconsin's requirement of compensation would prevail in spite of the collective bargaining agreement. *Id.* at 430. This is because Wisconsin law does not contain a similar provision to § 203(o) and Wisconsin law is not preempted by the FLSA. *See id.* at 428–30. The *Spoerle* court noted that it was not necessary to determine whether the FLSA would require compensation for time spent donning and doffing safety gear because the appellant had already conceded that the time at issue was compensable under Wisconsin's standard. *See id.* at 429. The court did not analyze whether the FLSA and Wisconsin law differ as we do here; therefore, *Spoerle* is inapposite to the facts of this case.

Because Plaintiffs' Wisconsin state law claims are construed under the same standard as the FLSA, Plaintiffs claims cannot survive in light of this Court's previous ruling on Plaintiffs' FLSA claim unless there are other countervailing considerations. (*See* ECF No. 427.) I find none here. Accordingly, Plaintiffs' state law claims will be dismissed with their FLSA claim.

**2. Clarification**

Plaintiffs raise several additional issues in their Memorandum On The Viability Of Wisconsin State Law Claims relating to the Court's July 19, 2012 Decision granting defendant's motion for summary judgment that merit discussion. Plaintiffs suggest that in granting summary judgment in favor of Waupaca on their FLSA claim, the Court ignored significant evidence in the record that Waupaca itself had instructed employees to change their clothes and shower after work wholly apart from warnings from third party manufacturers of chemicals and compounds used at the foundry or warnings that were passed along pursuant to OSHA's Hazard Communication Standard. Plaintiffs also raise a concern over certain statements in the Court's decision to the effect that there is no evidence that the recommendations contained in MSDS "are supported by extensive scientific research" or that "showering after work appreciably reduces the risk to human health that otherwise exists at plants like Waupaca's." (July 19 Order, ECF No. 427, at 18, 19.) Plaintiffs note that the issue the parties were instructed to address was the standard under the FLSA for determining whether the nature of the work required changing clothes and showering, not what the scientific evidence demonstrated. If given the chance, Plaintiffs contend, they are prepared to offer the very scientific evidence the Court said was lacking. Indeed, Plaintiffs note that they already submitted such evidence during the previous round of summary judgment motions.

As to the first issue concerning Waupaca's own recommendations or instructions, I conclude from the record before me that Waupaca does not have a policy or rule requiring its employees to change clothes and shower at the work site. Its own recommendations or cautions do not amount to a rule requiring its employees to change clothes and shower at the work site. The fact that Waupaca, as well as others involved in workplace safety, believe that it is prudent for foundry

5

workers to change clothes and shower at the work site and encourages its workers to do so, does not mean it is necessary to do so. Eliminating even a minuscule risk to one's health, or the health of one's family, may be prudent if the cost of doing so is simply changing one's clothes and showering before leaving work. But these types of activities are not compensable under the FLSA unless they are "required by law, by rules of the employer, or by the nature of the work." 29 C.F.R. § 790.8(c), n. 65. Waupaca's recommendations and advice do not amount to a rule by the employer.

With respect to the Court's comments about the absence of scientific evidence, Plaintiffs' request for clarification is well-taken and the Court hereby withdraws those statements. Of course, the question of whether changing clothes and showering appreciably reduces the health risks to foundry workers was the central factual dispute between the parties following the Court's initial decision denying the parties' cross motions for summary judgment. It was the time and expense required to complete discovery over that issue and, as the Court explained, the sense that the issue was not suited to litigation but required a regulatory response, that underlay the Court's conclusion that OSHA's failure to order such precautions, despite its own history of dealing with the issue, precluded a finding by the Court that the nature of the work required it. (July 19, 1012 Order, ECF No. 427, at 17). The Court is not saying, however, that "scientific evidence of existing health risks is never relevant under the FLSA or Wisconsin state law in the absence of certain OSHA laws." (Pl.s' Mem., ECF No. 434, at 5.) But where, as here, the evidence is in sharp dispute as to whether such precautions significantly reduce the health risks and OSHA has acted and adopted a regulatory response that does not include changing clothes and showering on site, those activities cannot be found to be required by the nature of the work as a matter of law.

6

Accordingly, and for the reasons set forth above and in the Court's July 19, 2012 Decision and Order, Plaintiffs' claims in their entirety are dismissed with prejudice. The Clerk is directed to enter judgment in favor of the Defendant and against the Plaintiffs.

**SO ORDERED** this   5th   day of September, 2012.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge

7

Case 1:08-cv-00488-WCG   Filed 09/06/12   Page 7 of 7   Document 437