UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN DEKEYSER, THOMAS COOPER,
HARLEY GRANIUS and CARLOS LANTZ
on behalf of themselves and other
similarly situated,

        Plaintiffs,

    v.                                       Case No. 08-C-488

THYSSENKRUPP WAUPACA, INC., d/b/a
Waupaca Foundry, Inc.,

        Defendant.

**ORDER DENYING MOTION TO STAY ASSESSMENT OF COSTS**

On September 25, 2012, plaintiffs filed a 7(h) motion (ECF No. 442) requesting this Court issue an order holding in abeyance the briefing schedule set by the Clerk of Court for taxation of costs while plaintiffs await the outcome of their incipient appeal in this matter. Defendant filed a response objecting to plaintiffs' motion (ECF No. 443). For the following reasons, plaintiffs' motion will be denied.

On September 20, 2012, the defendant, as a prevailing party and pursuant to Civil L.R. 54(a)(1), filed a Bill of Costs (ECF No. 439) in the amount of $70,529.58. The Clerk of Court issued a briefing schedule related to the defendant's Bill of Costs on September 21, 2012 (ECF No. 441). Plaintiffs, by their 7(h) motion, have advised the Court that they plan to appeal the final judgment entered on September 7, 2012 (ECF No. 438). Plaintiffs note that if their planned appeal

is successful, the time spent briefing issues related to the taxation of costs will have been unnecessary and wasteful. For this reason, plaintiffs request the Court order a delay in the briefing schedule issued by the Clerk of Court until resolution of plaintiffs' planned appeal.

In support of plaintiffs' argument, they point to Civil L.R. 54(a)(2) which states that "[w]hen an appeal is taken, the parties may file a stipulation to delay the filing of the bill of costs until after the appeal is decided. Absent a filed stipulation or Court order, the appeal will not delay the taxing of costs." It appears from the Local Rule that the Court does have the authority to grant the relief plaintiffs request. To do so, however, would be unfair to the defendant. Once costs are taxed, interest runs on the amount assessed until paid. To delay taxation of costs until the appeal is resolved would, if the defendant prevails, deprive the defendant of interest to which it would otherwise be entitled. The Local Rule has thus been construed to disfavor such delays. *See Wise v. Beth*, 2009 WL 3757010, *1 (E.D. Wis. Nov. 6, 2009) ("The defendants have not stipulated to a stay, and the local rules of this district disfavor any delay in taxing costs.").

The fact that staying the assessment of costs will avoid the time and expense needed to resolve the issue if plaintiffs prevail on their appeal is not a proper reason for a court to delay assessing costs. If it was, it would apply in every case in which the losing party indicates an intent to appeal. *See Campbell v. Johnson*, 2006 WL 6021153, * 1 (W.D. Wis. Feb. 10, 2006) ("The mere possibility that a losing party will become a prevailing party on appeal is not a ground for staying imposition of costs."). For these reasons, plaintiffs' motion requesting abeyance of the briefing schedule issued by the Clerk of Court is DENIED. Given the amount of costs requested, however, and the number of pages of documentation provided by defendant, plaintiffs will be

2

granted an extension of time to file their objections and supporting brief.  The Clerk is directed to enter a new briefing schedule.

       **SO ORDERED** this   2nd   day of October, 2012.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge