UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN DEKEYSER, THOMAS COOPER,
HARLEY GRANIUS and CARLOS LANTZ
on behalf of themselves and other
similarly situated,

        Plaintiffs,

  v.                                                      Case No. 08-C-488

THYSSENKRUPP WAUPACA, INC., d/b/a
Waupaca Foundry, Inc.,

        Defendant.

**ORDER CONCERNING DOCUMENTS UNDER SEAL**

      As explained in this Court's Order of September 20, 2012, many of the exhibits, affidavits, and briefs filed in the above matter have been filed under seal without any prior finding of good cause by the Court. Instead, the parties exchanged information under a protective order which allowed them to designate material as confidential. Based on their own designations, they filed the documents themselves, as well as any brief or transcript referring to them under seal. Noting the general rule that "[w]hat happens in the federal courts is presumptively open to public scrutiny," *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), the Court directed the parties to inform the Court which documents they believe should remain under seal and indicate the good cause supporting such a ruling.

      The parties have now responded, but they have presented the Court with a confusing and inconsistent list of documents that they believe should remain under seal. The list provided by the

parties does not address in some cases the docket number assigned to the actual entry. For example, Docket No. 426 is not addressed on the list but is referred to as Docket No. 423. More importantly, the parties failed to provide a sufficient justification for continuing the filings under seal.

Some of the material they seek to continue under seal includes medical records of plaintiffs. It is well established, however, that a party waives any privilege concerning medical information when he or she places his condition at issue. *See, e.g., Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (noting that "a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue"). Plaintiffs, by virtue of their claims in this case, have placed their medical condition at issue.

Likewise, some of the material is kept under seal because it came from the plaintiffs' personnel file. Material in a personnel file is not, by that reason alone, entitled to confidentiality. Indeed, nothing in the file appears to warrant the kind of confidential treatment that the plaintiffs and defendants have assumed it is entitled to.

As the Seventh Circuit has repeatedly emphasized, "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545-46 (7th Cir.2002). *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). But once part of the judicial record, it is only a small subset of all discovery that will not be open to public inspection. This small subset includes only documents that meet the definition of trade secrets or other categories of bona fide long-term confidentiality. *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (citing *Grove Fresh Distributors, Inc.*

2

*v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir.1994); *In re Continental Illinois Securities Litigation*, 732 F.2d 1302 (7th Cir.1984)).

This is not to say that the file does not contain information that should not be part of the public record. Rule 5.2 of the Federal Rules of Civil Procedure lists the type of information that should not be part of the public record. This includes individuals' social security numbers, taxpayer identification numbers, dates of birth, names of individuals known to minors and financial account numbers. A perusal of some of the medical records indicates that some dates of birth and social security numbers are included in the medical records. They should be redacted. Pursuant to Rule 5.2(d), the Court hereby directs that any party who has filed a document in this case containing such confidential and private information shall file a redacted version for the public record within thirty days of this order. The party responsible for redacting shall consult with the Clerk on how they should go about doing this and insure that it is properly done so that the entire record can be unsealed for appeal.

**SO ORDERED** this   6th   day of November, 2012.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge