UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN DEKEYSER, et al.,

    Plaintiffs,

v.                                                                 Case No. 08-C-0488

THYSSENKRUPP WAUPACA, INC.,

    Defendant.

## ORDER

After the Seventh Circuit reversed and remanded this case, the Court held a telephone scheduling conference with the parties to discuss, among other things, case management. The parties subsequently agreed to a briefing schedule concerning the "nature of the work" legal standard. (ECF No. 491.) It was later amended by the parties. (ECF No. 493.) Under the modified schedule, each party was to file initial briefs simultaneously on June 16, 2014, and responses simultaneously on June 30, 2014. All of the briefs were not to exceed 10 pages. The briefs have now been filed and generally appear to comply with the agreed upon rules. (ECF Nos. 494–97.)

Defendant's counsel attached to its response an exhibit entitled "Wrongly Decided Cases Using Plaintiffs' 'Merely Potentially Unsafe' Legal Standard." (ECF No. 496-2.) The five-page exhibit is a spreadsheet identifying 17 cases from around the country, summarizing their holdings, and explaining how the application of Plaintiffs' proposed standard would lead to a different result. After the briefs were filed, Plaintiffs' counsel objected to the exhibit, contending that Defendant exceeded the page limit because the exhibit contains additional legal analysis. Defendant's counsel agrees with Plaintiffs' objection and requests that the Court disregard the exhibit and strike it from

the docket. (ECF No. 498.) Defendant's counsel also requests that the Court consider an alteration to its response brief that references the exhibit and its contents.

The Court, however, had already reviewed the exhibit and found it to be a useful summary before Defendant's counsel filed the request. The Court agrees that the exhibit constitutes legal analysis and, therefore, Defendant exceeded the page limit. But the Court is loathe to disregard the exhibit when it may prove useful in considering the arguments by both parties on the "nature of the work" standard. As a result, the Court will not disregard the exhibit and remove it from the docket.

Instead, the Court will allow Plaintiffs to file an additional response to Defendant's non-complying exhibit. Plaintiffs' additional response will be limited to five pages, but they may use whatever format they find most convenient to respond to the legal analysis and conclusions contained in Defendant's exhibit. In the Court's view, permitting Plaintiffs to file the additional response will cure any advantage Defendant gained by filing the exhibit without making the Court's review of this legal issue more difficult. Plaintiffs' additional response will be due within 10 days of the date of this order.

**SO ORDERED** this __2nd__ day of July, 2014.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
