UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN DEKEYSER, THOMAS COOPER,
HARLEY GRANIUS, AND CARLOS LOPEZ,
on behalf of themselves and others
similarly situated,

        Plaintiffs,

        v.                                                    Case No. 08-C-0488

THYSSENKRUPP WAUPACA, INC.,
d/b/a Waupaca Foundry, Inc.,

        Defendant.

## DECISION AND ORDER

Ryan DeKeyser, Thomas Cooper, Harley Granius, Carlos Lantz, and other current and former employees of Thyssenkrupp Waupaca, Inc., an iron casting manufacturer, brought this action seeking overtime compensation for time they spent showering and changing clothes at Waupaca's foundries. They allege that in failing to pay them for these activities performed at the beginning and end of their shifts, Waupaca violated the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq*.

On July 19, 2012, I granted summary judgment in Waupaca's favor based on the fact that the Occupational Safety and Health Administration (OSHA), the administrative agency within the Department of Labor responsible for promulgating and enforcing occupational safety and health standards, had declined to mandate that workers in foundries like Waupaca's shower and change clothes on-site. In essence, I held that OSHA's failure to order such precautions, despite its own history of dealing with the issue, precluded a finding by the Court that the nature of the work

required it, which would make it compensable under the FLSA.

The United States Court of Appeals for the Seventh Circuit reversed this court's decision and remanded the case for further proceedings. In so ruling, the Seventh Circuit held that I had erred in drawing a negative inference from the fact that OSHA had not mandated changing clothes and showering on-site at foundries like Waupaca's. Given the factual dispute over whether changing clothes and showering on-site actually reduced the health risks to employees at Waupaca, the Court concluded that summary judgment should not have been granted. It therefore remanded the case for further proceedings. On remand, the parties have asked that I clarify the legal standard that is to apply to determine whether donning and doffing clothing and showering at the plants involved in this case are "required by the nature of the work." Before doing so, and in order to place the issue in context, I will repeat the brief history of the law governing the issue from my summary judgment decision.

**A. FLSA and the Portal-to-Portal Act**

The FLSA provides that employees receive "[a] fair day's pay for a fair day's work." *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942); superseded by statute, Portal-to-Portal Act, 29 U.S.C. § 251. Specifically:

> [N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). This guarantee of compensation at time and one-half for any hours beyond the forty hour workweek only applies to "work or employment engaged in by employees covered by the Act." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602–603

2

(1944); superseded by statute, Portal-to-Portal Act, 29 U.S.C. § 251.

But the FLSA does not define "work" leaving a crucial hole the courts must fill. Early decisions interpreted the term very broadly to include "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer . . . " *Id.* at 598. In 1944, the Supreme Court held that work may include "non-exertional acts" because an employer "may hire a man to do nothing or to do nothing but wait for something to happen." *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944).

In 1946, the Court held that the FLSA required employers to pay employees for donning and doffing aprons and overalls, and walking to their work stations, all of which occurred after they arrived at the front gate and punched in at a time clock. *Anderson v. Mount Celmons Pottery Co.*, 328 U.S. 680, 691–93 (1946). In 1947, largely in response to claims that the Court's ruling in *Anderson* would result in "wholly unexpected liabilities, immense in amount and retroactive in operation," *Steiner v. Mitchell*, 350 U.S. 250, 253 (1956), Congress enacted the Portal-to-Portal Act. The Portal-to-Portal Act excludes certain activities from the concept of work under the FLSA, including:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
> (2) activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a). The phrase "preliminary to or postliminary to said principal activity or activities" is not contained in the FLSA's statutory definitions, 29 U.S.C. § 203, or the definitions set forth in the Portal-to-Portal Act. *See* 29 U.S.C. § 262. Nor are any of the words within the

3

phrase. *Id.*

After the enactment of the Portal-to-Portal Act, the Secretary of Labor promulgated regulations, which remain largely unchanged to this day. The regulations make clear that as a general rule, changing clothes and showering are normally considered non-compensable preliminary and postliminary activities. 29 C.F.R. § 790.7(g). The regulations also make clear, however, that donning, doffing and showering can under certain circumstances constitute compensable work:

> If an employee in a chemical plant, for example, cannot perform his principal activities without putting on certain clothes, changing clothes on the employer's premises … would be an integral part of the employee's principal activity. On the other hand, if changing clothes is merely a convenience to the employee and directly related to his principal activities, it would be considered as a "preliminary" or "postliminary" activity . . .

29 C.F.R. § 780.8(c). The regulation further explains: "Such a situation may exist where the changing of clothes on the employer's premises is required by law, by rules of the employer, or by the nature of the work." 29 C.F.R. § 790.8(c), n.65.

The Supreme Court considered whether donning and doffing clothes were "principal activities" or merely "preliminary and postliminary activities" within the meaning of the Portal-to-Portal Act in *Steiner v. Mitchell*, 350 U.S. 247 (1956). Under the Portal-to-Portal Act, "changing clothes . . . under normal conditions" was found to be not compensable but "activities performed either before or after the regular work shift . . . are compensable . . . if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed." *Id.* at 249, 256. This ruling created, in essence, an exception to the exception. If any activity is found to be "integral and indispensable" to a worker's principal activity, it must be paid for under the FLSA, irrespective of whether or not it is "preliminary or postliminary" under the

4

Portal-to-Portal Act. *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 363 (4th Cir. 2011). Under the facts of *Steiner*, the Supreme Court had "no difficulty" concluding that the employees should be compensated for donning, doffing, and showering. *Steiner*, 350 U.S. at 256.

Since *Steiner*, different circuits have adopted different approaches to determining whether the donning and doffing of certain protective gear is "integral and indispensable" to employees' work. In general, however, it appears that Steiner's "integral and indispensable" standard is considered met if, as in the words of DOL's regulation, the activity at issue is required by law, the rules of the employer, or by the nature of the work. The most predominant case seems to come out of the Ninth Circuit. Its formulation of the legal standard is that where:

> the changing of clothes on the employer's premises is required by law, by rules of the employer, or by the nature of the work, the activity may be considered integral and indispensable to the principal activities.

*Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 910 (9th Cir. 2004); *see also Bamonte v. City of Mesa*, 598 F.3d 1217, 1233 (9th Cir. 2010).

Plaintiffs in this case are not required by law or by their employer to change clothes and shower at the plant. It thus follows that doing so is compensable only if it is required by the nature of the work. It is the meaning of that phrase that the parties have asked me to provide.

**B. Sandifer v. United States Steel**

As an initial matter, as was suggested by the court of appeals (see Order Denying Rehearing, ECF No. 481-3) and urged by Plaintiffs, I have considered the effect of the Supreme Court's recent decision in *Sandifer v. United States Steel Corp.*, 134 S. Ct. 870 (2014) on this case. That case dealt with an exception to the rule that changing clothes and showering at work is compensable if it is integral and indispensable to a principal activity. The exception applies when the employees are

5

members of a union and the issue has been addressed in a collective bargaining process:

> Hours Worked.—In determining for the purposes of [the minimum-wage and maximum-hours sections] of this title the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee.

29 U.S.C. § 203( o). In *Sandifer*, the employer was not arguing that changing clothes and washing were not otherwise compensable activities. Instead, the employer's argument was that the collective bargaining exception set forth in 29 U.S.C. § 203(o) applied so that regardless of whether donning the gear was required by law, the employer or the nature of the work, the plaintiffs were not entitled to be paid overtime for it. Thus, whether donning or doffing the protective gear would have been compensable absent 29 U.S.C. § 203(o) was irrelevant. Any suggestion that it would have been was dicta. *Sandifer* contains no discussion of the circumstances under which the nature of the work require changing and showering on site. In fact, there was evidence in that case that applicable regulations and the employer's rules required workers to don and doff at work. *See Sandifer v. United States Steel Corp.*, No. 07-C-443, 2009 WL 3430222, at *2, *12–13 (N.D. Ind. Oct. 15, 2009). I therefore conclude that *Sandifer* is inapposite to the issue raised here and despite dicta that the changing in that case would be compensable if not for § 203(o), I find that case provides little guidance regarding the question here.

**C. When Does the Nature of the Work Require Changing Clothes and Showering on the Employer's Premises?**

Plaintiffs propose as a standard that the nature of the work requires donning, doffing and showering when those activities are more than a mere convenience and are undertaken to protect employees from merely potentially unsafe workplace conditions. Plaintiffs contend that this standard

6

is consistent with the regulation from which the tripartite test (required by law, the employer or the nature of the work) is taken. The regulation explicitly states that "if changing clothes is merely a convenience to the employee and directly related to his principal activities, it would be considered as a 'preliminary' or 'postliminary' activity . . .", 29 C.F.R. § 780.8(c), and thus not compensable. But to say that where changing clothes is a mere convenience to the employee it is not compensable is not the same as saying that any health consideration at all, no matter how slight or unrealistic, is enough to make changing and showering compensable.

More importantly, Plaintiffs' proposed standard ignores the plain language of the test I have been asked to define. The question is whether changing clothes and showering at the plant "is *required* by the nature of the work," not whether it is encouraged or suggested. Given the fact that the activity must be required by the nature of the work, Plaintiffs must establish more than that it is a good idea, like brushing one's teeth after every meal. They must show that doing so will significantly reduce the risk to the health of the employee. Were I to adopt Plaintiffs' standard, I would greatly expand the exception to the rule that changing clothes and showering after work are generally not compensable.

Finally, Plaintiffs' proposed standard is even stricter than the standard OSHA applies in setting workplace safety requirements. OSHA requires a showing of at least a significant health risk in the workplace to justify such a rule. *Industrial Union Dept., AFL-CIO, v. Am. Petroleum Institute*, 448 U.S. 607 (1980); *see also* 29 U.S.C. § 652(8) ("The term 'occupational safety and health standard' means a standard which requires conditions, or the adoption or use of one or more practices, means, methods, operations, or processes, reasonably necessary or appropriate to provide safe or healthful employment and places of employment."). It makes little sense to adopt a stricter

standard to be applied by courts in determining when changing clothes and showering at work should be compensated. To do so would render OSHA's determinations on such issues meaningless.

Waupaca has asked that I apply the integral and indispensable standard applied in *Steiner* and described in more detail in *Gorman v. Consolidated Edison Corp.*, 448 F.3d 586 (2d Cir. 2007). But as I concluded in my summary judgment decision, showering and changing clothes at work is considered integral and indispensable if it is required by law, by rules of the employer, or by the nature of the work. *See Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 910 (9th Cir. 2004); *Bamonte v. City of Mesa*, 598 F.3d 1217, 1233 (9th Cir. 2010). In the context of changing clothes and showering, integral and indispensable is not a more precise standard, but a more general one. The question is what does it mean to say that the nature of the work requires that employees don and doff their clothes and shower on site. In answering this question, I adopt the analysis from the summary judgment decision:

> Absent a law or work rule, of course, employees will always have the option of performing these activities at home, even if doing so seriously endangers their health. The "nature of the work" can never compel an employee to shower on site in the same sense that a law or work rule do. The law and the employer have authority over an employee that can be exercised to compel him to perform activities (if he wants to retain his employment) that he might not want to do; the nature of the work does not. Thus, if the nature of the work can require the employee to do anything, it obviously means something different. As Plaintiffs' argument suggests, it must mean that the nature of the work is such that it is reasonably necessary for employees to change clothes and shower on site in order to protect their health.

(ECF No. 427 at 12.)

The fact that Waupaca does not compel its employees to change clothes and shower at the workplace does not mean that the nature of the work does not require it. Otherwise there would be no distinction between the employer requiring the activity and the nature of the work requiring it.

8

Plaintiffs obviously think that the risk to employee health is significant enough that Waupaca should require its foundry workers to change and shower at work, instead of just suggesting they do so or making it convenient for them to do so. Waupaca disagrees and thinks the risk is minuscule or non-existent so that making the option available is sufficient. That will be the issue for trial. I can refine it no further at this point. To prevail at trial, Plaintiffs must convince the finder of fact that changing clothes and showering at work will significantly reduce the risk to the health of the employee.

The Clerk is directed to set this matter on the court's calendar for a telephone conference to discuss further scheduling after the parties have had an opportunity to confer with each other.

Dated at Green Bay, Wisconsin this 25th day of November, 2014.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court