# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Ryan DeKeyser, Thomas Cooper, Carlos Lantz, Debra Wilde, and John Cummings<br><br>on behalf of themselves and other similarly situated,<br><br>    Plaintiffs and Collective<br>    Class Action Representatives,<br><br>-v-<br><br>ThyssenKrupp Waupaca, Inc., d/b/a Waupaca Foundry, Inc.<br><br>    Defendant. | Civil No. 1:08-cv-00488 (WCG)<br><br>**COMPLAINT<br>IN COLLECTIVE AND<br>CLASS ACTION**<br><br>**(DEMAND FOR JURY TRIAL)** |

Ryan DeKeyser, Thomas Cooper, Carlos Lantz, Debra Wilde, and John Cummings, on behalf of themselves and others similarly situated, by and through their attorneys, state and allege:

## PRELIMINARY STATEMENT

1. Named Plaintiffs and collective action and class action representatives, Ryan DeKeyser, Thomas Cooper, Carlos Lantz, Debra Wilde, and John Cummings (hereinafter referred to as the "Named Plaintiffs"), are current and former foundry workers who are or were employed by Defendant Waupaca Foundry, Inc. (formerly ThyssenKrupp Waupaca, Inc.) The Named Plaintiffs seek relief on a collective and a class-wide basis relating to Defendant's practice and policy of not fully compensating employees for all the time they spend working at Defendant's foundries. In particular,

the Named Plaintiffs spent time donning and doffing gear and equipment, showering, and walking to and from the production floor. These activities were necessary and indispensable to the Named Plaintiffs' principal work but are not compensated for by Defendant.

2. The Named Plaintiffs bring this action on behalf of themselves and all persons who were, are or will be employed by Defendant as foundry workers, at any time within the three years prior to filing of this Complaint through the date of the final disposition of this action (the "FLSA Period"), and who have not received full compensation for all hours worked under the Fair Labor Standards Act ("FLSA"). This group is hereinafter referred to as the "FLSA Class." On December 18, 2008, the Court certified Named Plaintiffs' claims under the FLSA. On March 31, 2016, the Court divided the FLSA class into three subclasses, comprised of Wisconsin, Indiana, and Tennessee workers.

3. The Named Plaintiffs also bring this action on behalf of themselves and all persons who were, are or will be employed by Defendant as foundry workers, at any time within the two years prior to the filing of this Complaint through the date of the final disposition of this action (the "Wisconsin Class Period"), and who have not received full compensation for all hours worked. This group is hereinafter referred to as the "Wisconsin Class." The Court certified the Wisconsin class under Rule 23 on March 31, 2016.

4. Each Named Plaintiff has provided his written consent to participate in this litigation as required by 29 U.S.C. § 216(b). Copies of Named Plaintiffs' consents to

join this action were previously filed with the Court in accordance with 29 U.S.C. § 216(b).

5. In addition to the Named Plaintiffs, 189 employees have agreed to join this action as Wisconsin party plaintiffs under the FLSA. A list of the employees is attached hereto as Exhibit B, and their consents to join this action were previously filed with this Court in accordance with 29 U.S.C. § 216(b).

**PARTIES**

6. The Named Plaintiffs are or were nonexempt foundry workers employed by Defendant.

7. Named Plaintiff Ryan DeKeyser is a former production employee who was employed by Defendant at its Marinette, Wisconsin foundry until 2008. At that time, he was employed as a Millroom employee.

8. Named Plaintiff Thomas Cooper is a current production employee who has been employed by Defendant at its Marinette, Wisconsin foundry. Named Plaintiff Cooper is currently employed as a Disa employee.

9. Named Plaintiff Carlos Lantz is a former production employee who was employed by Defendant at its Waupaca, Wisconsin foundry, plant number 2/3. Named Plaintiff Lantz left the Waupaca foundry in April 2008. At that time, he was employed as a Millroom employee on the plant 3-side of the foundry.

10. Named Plaintiff Debra Wilde is a former production employee who was employed by Defendant at its Waupaca, Wisconsin foundry, plant number 2/3 in various

3

production positions. Named Plaintiff Wilde left the Waupaca foundry in February 2012. She was employed in various positions in the plant 2 and 3 sides of the foundry.

11. Named Plaintiff John Cummings is a current production employee who has been employed by Defendant at its Waupaca, Wisconsin foundry, plant number 2/3. Named Plaintiff Cummings is currently employed as a Melt Maintenance electrician on the plant 2-side of the foundry.

12. Defendant is a Wisconsin corporation with its principal place of business in Waupaca, Wisconsin.

13. Defendant is a foundry specializing in supplying numerous industries with cast metal products.

## JURISDICTION AND VENUE

14. Jurisdiction over the Plaintiffs' federal claims is based upon Section 16(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 216 and 29 U.S.C. §§ 1331 and 1337.

15. This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

16. In addition, jurisdiction over the Plaintiffs' claims under Wisconsin law is based upon this Court's power to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367.

17. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

18. The Eastern District of Wisconsin has personal jurisdiction over Defendant because Defendant is headquartered in Waupaca, Wisconsin, and does business in Wisconsin, and in this District, and because many of the acts complained of and giving rise to the claims alleged in Wisconsin occurred or are occurring in this District.

19. Venue is proper because Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims alleged occurred in this District.

## FACTUAL ALLEGATIONS

20. Upon information and belief, Defendant operates six ferrous foundries in Tell City, Indiana, Etowah, Tennessee, Marinette, Wisconsin, and Waupaca, Wisconsin, which serve numerous industries, such as agriculture, automotive, construction, and power tools. Between its six foundries, Defendant employs approximately 4,000 people. Defendant produces gray, ductile, and compacted graphite iron castings.

21. Defendant is a member of a highly regulated industry, and is subject to the scrutiny of federal and state environmental and occupational work safety agencies and administrative regulations, which require, among other things, that Defendant provide proper environmental controls to ensure worker safety and the means for workers to protect themselves from the dangers presented by their jobs.

22. Foundry workers at Defendant's foundries are nonexempt hourly employees, and the work performed by these Plaintiff employees is nonexempt work.

23. Defendant has not compensated its nonexempt employees for all hours worked as required by federal and state law.

A. Defendant has not paid its nonexempt employees full overtime compensation for the hours worked as required by the FLSA and applicable state law.

B. Defendant refuses to fully compensate its foundry employees for the time spent at the beginning of shifts donning and doffing necessary and/or required gear and equipment that protects them from the strenuous and dangerous work conditions at its foundries, including but not limited to steel-toed boots with metatarsal shield protection, safety glasses, ear protection, fire-retardant uniforms, face shield, fire retardant leather gloves, and hard hats, and at the end of shifts for removing and returning these same items; such time is necessary and indispensable to the foundry worker's jobs.

C. Defendant also does not compensate its foundry workers for time spent showering after their shifts, time which is necessary and indispensable to their work, as the employees work with toxic or corrosive chemicals, and are exposed to silica and other foundry dust that adheres to the skin and clothing, presenting a health hazard to the employees and any family members who come into contact with it.

D. Additionally, Defendant does not compensate its nonexempt workers for time spent walking to and from changing areas and the production floor.

E. Failing to pay these employees overtime pay for time spent donning and doffing gear and equipment, showering, and walking to and from the production floor at the foundries violates the FLSA and Wisconsin state law.

6

24. Defendant did not exercise good faith in willfully failing to fully compensate its employees under the FLSA or applicable state law. Defendant consciously excluded from "hours worked" the time spent by foundry employees donning and doffing gear and equipment, showering, and walking to and from the production floor at the foundries.

25. Defendant's practices violate FLSA and the state laws pled herein. Plaintiffs seek injunctive and declaratory relief, overtime compensation for all overtime work required, suffered or permitted by Defendant, liquidated or other damages and penalties permitted by applicable law, interest, and attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs' first cause of action is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of the FLSA Class.

27. The Named Plaintiffs and members of the FLSA Class are similarly situated in that they have substantially similar job requirements and pay provisions, are subject to Defendant's common practice, policy, or plan of unlawfully failing to pay for all hours worked, including pay at overtime rates.

28. The Court certified Plaintiffs' collective action claims on December 18, 2008 (Dkt. 91).

## WISCONSIN CLASS ACTION ALLEGATIONS

29. Plaintiffs bring their second, third, and fourth causes of action for violation of Wisconsin's statutes as a class action under Rule 23(a), (b)(2), and (b)(3) of the

7

Federal Rules of Civil Procedure. The Court certified Plaintiffs' claims on March 31, 2016 (Dkt. 582).

30. Members of the putative class are so numerous that joinder of all such members is impracticable. The exact size of the putative class is unknown, but may be determined from records maintained by Defendant. It is believed and alleged that the number of persons currently employed by Defendant as nonexempt foundry workers is approximately 2,000 persons in the state of Wisconsin. Former employees are also included as class members.

31. There are common questions of law and fact applicable to the putative class with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, common questions of fact and law include but are not limited to the compensability of time spent donning and doffing; whether injunctive relief is available to force Defendant into compliance; whether Defendant has acted willfully or in good faith; whether the Named Plaintiffs and members of the Wisconsin Class are entitled to liquidated damages, penalties and attorneys' fees and costs; and whether Defendant has complied with record-keeping obligations under state and federal law.

32. The Named Plaintiffs' claims are typical of the Wisconsin Class. The Named Plaintiffs, like the other Wisconsin Class members, were subjected to Defendant's common practice and policy of not paying its foundry workers for all compensable work to which they were entitled to under the Wisconsin law.

33. The Named Plaintiffs will fairly and adequately protect the interests of the putative class. They have no conflicts with the putative class members. Their counsel possess the requisite resources and are experienced in class action litigation.

34. Defendant has acted or refused to act on grounds generally applicable to the Wisconsin Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiffs and the Wisconsin Class as a whole. The Named Plaintiffs and the Wisconsin Class are entitled to injunctive relief to end Defendant's common and uniform practice of failing to properly compensate the Named Plaintiffs and the putative Class for all hours worked for the benefit of Defendant. (Fed. R. Civ. P. 23(b)(2)).

35. The questions of law and fact common to the putative class members predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (Fed. R. Civ. P. 23(b)(3)). More specifically, members of the proposed Wisconsin Class have little or no interest in individually controlling the prosecution of separate actions. (Fed. R. Civ. P. 23(b)(3)(A)). The Named Plaintiffs are not aware of any other litigation concerning the controversy already commenced by the proposed Wisconsin Class. (Fed. R. Civ. P. 23(b)(3)(B)); and it is desirable to concentrate the litigation of the claims in this Court because Defendant does a substantial amount of business in this District; and the decision to violate applicable Wisconsin wage and hour laws took place in this venue. (Fed. R. Civ. P. 23(b)(3)(C)).

36. This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. (Fed. R. Civ. P. 23(b)(3)(D)).

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**

37. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

38. The FLSA regulates, among other things, the payment of all hours worked, including overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1). Defendant is, and was, subject to the pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce.

39. FLSA requires employers to pay employees for all hours in which the employee is suffered or permitted to work, including preparatory and concluding time. Hours worked includes time spent preparing for and concluding shifts, *i.e.*, time spent showering and donning and doffing necessary and/or required safety and personal protective equipment, as well as donning and doffing before and after meal and other breaks. These types of activities are integral and indispensable parts of Defendant's employees' jobs.

40. Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than 40 hours in a workweek overtime

rates for hours worked in the workweek in excess of 40 hours. Defendant's employees, including the Named Plaintiffs, regularly worked more than 40 hours per week. Defendant violated the FLSA by requiring foundry employees to perform compensable work in excess of 40 hours without proper compensation.

41. By failing to keep, record, report or preserve records of hours worked by the Named Plaintiffs and members of the FLSA Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of 29 U.S.C. § 201 et seq.

42. Members of the FLSA Class are entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. Defendant's failure to pay overtime to members of the FLSA Class was "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a), because Defendant did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260. Accordingly, the FLSA Class is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime pay, the FLSA Class is entitled to an award of prejudgment interest at the applicable legal rate.

11

Case 1:08-cv-00488-WCG   Filed 09/07/17   Page 11 of 17   Document 606

43. Plaintiffs also seek reasonable attorneys' fees and costs, to be paid by Defendant, as provided by Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## VIOLATION OF WISCONSIN STATUTE § 103.01-03, 103.74 AND WISCONSIN ADMINISTRATIVE CODE DWD 272, 274

44. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

45. Throughout the relevant time period, Defendant was an employer within the meaning of Wisconsin Statute § 103.001(6), and subject to the requirements of Wisconsin Administrative Code DWD 274, which provides in pertinent part:

> **DWD 274.03. Overtime pay.** Except as provided in s. DWD 274.08, each employer subject to this chapter shall pay to each employee time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week.

46. The Named Plaintiffs and members of the Wisconsin Class are employees within the meaning of Wisconsin Statute 103.001(5), and are entitled to the protections of Wisconsin Administrative Code DWD 274 and chapters 103 and 109 of the Wisconsin Statutes.

47. When time spent donning and doffing gear and equipment, showering, and walking to and from the production floor is included as compensable work during a regular work week, such compensable work time is in addition to the more than 40 hours of already compensated work each individual Named Plaintiff and member of the Wisconsin Class engaged in each work week. As such, the uncompensated time spent donning and doffing gear and equipment, showering, and walking to and from the

12

production floor should have been compensated at an overtime rate of pay under DWD 274.03.

48. Defendant has willfully violated the above provisions by excluding these hours worked and not paying 1 ½ times the rate of hourly pay for compensable work in excess of 40 hours.

49. Defendant is liable to the Named Plaintiffs and the Wisconsin Class for compensatory and liquidated damages, plus costs, disbursements, witness and attorneys' fees, pursuant to Wisconsin Statute ch. 109.

### THIRD CAUSE OF ACTION
### VIOLATION OF WISCONSIN STATUTE § 109.03 AND WISCONSIN ADMINISTRATIVE CODE DWD 272.03

50. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

51. Wis. Stat. § 109.03 requires Defendant to pay its employees all wages due within the time specified by law. Wis. Stat. § 109 provides that if an employer willfully fails to timely pay such wages, the employer is liable to the employee for full wages, plus increased wages as provided in Wis. Stat. § 109.11(2).

52. In addition, throughout the relevant time period, Defendant was an employer within the meaning of Wisconsin Statute § 103.001(6), and subject to the requirements of Wisconsin Administrative Code DWD 272.

53. Wisconsin Administrative Code DWD 272.03 requires employers to pay all employees a minimum wage for each hour worked.

13

54. The Named Plaintiffs and members of the Wisconsin Class are employees within the meaning of Wisconsin Statute 103.001(5), and are entitled to the protections of Wisconsin Administrative Code DWD 272.

55. Defendant has willfully violated Wis. Stat. § 109.03 and Wisconsin Administrative Code DWD 272.03 by regularly and repeatedly failing to compensate the Named Plaintiffs and members of the Wisconsin Class for all hours worked, including uncompensated time spent donning and doffing gear and equipment, showering, and walking to and from the production floor.

56. Defendant is liable to the Named Plaintiffs and the Wisconsin Class for compensatory damages and statutory penalties, plus costs, disbursements, witness and attorneys' fees, pursuant to Wisconsin Statute ch. 109.

## FOURTH CAUSE OF ACTION
## WISCONSIN COMMON LAW BREACH OF CONTRACT

57. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

58. As at-will employees, the Named Plaintiffs and members of the Wisconsin Class are entitled to compensation for all time they work, as consideration for the services they provide to Defendant.

59. Defendant promises its employees, at the time employees are hired, that they will be compensated at specified hourly base rates, plus piecework, for the hours they work. Defendant also promises its employees, at times during their employment, that they will be given additional consideration, in the form of raises or shift

14

differentials, for the hours they work. The specified hourly base rates provide the basis for calculating the overtime compensation owed the Named Plaintiffs and members of the Wisconsin Class.

60. Defendant breached the terms of the employment agreements by failing to provide the Named Plaintiffs and the Wisconsin Class with full payment based upon all of the hours they worked.

61. Defendant is liable to the Named Plaintiffs and the Class for damages incurred as a result of its breach.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Ryan DeKeyser, Thomas Cooper, Carlos Lantz, Debra Wilde, and John Cummings, on behalf of themselves and all members of the FLSA Class, pray for relief as follows:

1. Designation of this action as a collective action on behalf of the proposed FLSA Class and prompt issuance of notice to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consents to Sue;

2. Designation of Named Plaintiffs as Representatives of the FLSA Class;

3. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

5. Costs of the action incurred herein, including expert fees;

6. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

7. Pre- and post-judgment interest, as provided by law; and

8. For any other and further relief the Court may deem just or equitable.

**WHEREFORE,** Plaintiffs Ryan DeKeyser, Thomas Cooper, Carlos Lantz, Debra Wilde, and John Cummings, on behalf of themselves and all members of the Wisconsin Class, pray for relief as follows:

9. Certification of this action as a class action on behalf of the proposed Wisconsin Class pursuant to Fed. R. Civ. P. 23;

10. Designation of Named Plaintiffs as Representatives of the Wisconsin Class;

11. A declaratory judgment that the practices complained of herein are unlawful under applicable state laws;

12. Appropriate equitable and injunctive relief to remedy Defendant's violations of state laws, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

13. Appropriate statutory penalties;

14. An award of damages and restitution, including civil penalties, meal and rest break violation payments; recordkeeping penalties, and overtime wages to be paid by Defendant according to proof;

15. Costs of the action incurred herein, including expert fees;

16. Attorneys' fees and costs of suit, including expert fees;

17. Pre and post-judgment interest, as provided by law; and

18. For any other and further relief the Court may deem just or equitable.

Dated: 9/5, 2017

Respectfully Submitted,

**LARSON • KING, LLP**

By: /s/ T. Joseph Snodgrass
T. Joseph Snodgrass (#231071)
Kelly A. Lelo (#330838)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6510

J. Gordon Rudd, Jr. (#222082)
**ZIMMERMAN REED, L.L.P.**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400

***ATTORNEYS FOR PLAINTIFFS AND THE CLASS***

1644951