UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN DEKEYSER, et al.,

      Plaintiffs,

v.                                                Case No. 8-C-488

THYSSENKRUPP WAUPACA INC.
d/b/a WAUPACA FOUNDRY INC.,

      Defendant.

## DECISION AND ORDER

This case has had a rather long history. Plaintiffs, current and former employees of Defendant ThyssenKrupp Waupaca Inc. d/b/a Waupaca Foundry Inc., commenced this action on June 4, 2008, seeking relief relating to time spent changing into and out of work clothes and protective gear as well as for time spent showering after their shifts at Defendant's Wisconsin, Indiana, and Tennessee facilities. On July 16, 2008, Defendant filed a motion to dismiss, arguing (1) the FLSA preempted Plaintiffs' state and common law claims; (2) there was no private right of action to enforce record keeping violations; (3) the complaint failed to state plausible causes of action for unpaid wages under Wisconsin statutes; and (4) the complaint failed to state a plausible cause of action for breach of contract. The motion was granted as to the record keeping claim but denied in all other respects. ECF No. 82.

The case was conditionally certified in December 2008, and in July 2012, the court granted Defendant's motion for summary judgment, finding that Plaintiffs' time spent engaging in on-site decontamination activities was not compensable work under the FLSA. Plaintiffs appealed the

decision to the Seventh Circuit. In October 2013, the Seventh Circuit reversed and remanded for further proceedings. *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 735 F.3d 568 (7th Cir. 2013) (*DeKeyser I*). On November 25, 2014, the court issued a decision defining the legal standard it would apply to determine whether donning and doffing clothing and showering at Defendant's plants are activities required by the nature of the work: "[t]o prevail at trial, Plaintiffs must convince the finder of fact that changing clothes and showering at work will significantly reduce the risk to the health of the employee." ECF No. 504 at 9. Defendant filed a motion for reconsideration of the court's November 25, 2014 order, arguing that the court's legal standard was inconsistent with the Supreme Court's recent decision in *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. \_\_\_, 135 S. Ct. 513 (2014). While the court recognized that the principles discussed in *Integrity Staffing* applied to the case, it found that the decision did not affect the legal standard created by the court and denied the motion. ECF No. 529 at 4–5. Defendant subsequently moved to certify an interlocutory appeal from the court's decision denying reconsideration, which the court denied on April 10, 2015. ECF No. 537.

On March 31, 2016, the court granted Plaintiffs' motion to certify the Wisconsin law claims as a class action and granted-in-part and denied-in-part Defendant's motion to decertify the previously conditionally certified FLSA collective action. The court divided the FLSA class into three sub-classes—Wisconsin workers, Indiana workers, and Tennessee workers—and transferred the non-Wisconsin cases to the appropriate districts. ECF No. 582. Defendant appealed the court's certification decision to the Seventh Circuit pursuant to Rule 23(f) of the Federal Rules of Civil Procedure. The Seventh Circuit affirmed, finding that this court "did not err in concluding that the plaintiffs have produced common evidence tending to prove their common assertion, as Rule 23 and

2

section 216(b) require." *DeKeyser v. ThyssenKrupp Waupaca, Inc.*, 860 F.3d 818, 922 (2017) (*DeKeyser II*). On September 7, 2017, Plaintiffs filed an amended complaint on behalf of the Wisconsin plaintiffs in this case and separate complaints in the United States District Court for the Southern District of Indiana on behalf of the Indiana plaintiffs as well as in the United States District Court for the Eastern District of Tennessee on behalf of the Tennessee plaintiffs. This case is now before the court on Defendant's motion to dismiss Plaintiffs' amended complaint. For the following reasons, the motion will be denied.

## LEGAL STANDARD

In considering a motion to dismiss, the court construes the allegations in the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the non-moving party. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

3

550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "[T]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

Defendant raises two arguments in its motion to dismiss: (1) Plaintiffs' FLSA claims fail as a matter of law under *Integrity Staffing* and (2) Plaintiffs' state law claims fail as a matter of law because the FLSA preempts them, or alternatively, the state law claims fail to state cognizable claims. These arguments are substantially similar to those asserted in Defendant's first motion to dismiss as well as its motion for reconsideration. Thus, Plaintiffs maintain that the law of the case doctrine prevents Defendant from reasserting its *Integrity Staffing* argument and argue that the court should not reconsider these issues in the instant motion.

"The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Musacchio v. United States*, ___ U.S. ___, 136 S. Ct. 709, 716 (2016) (internal quotation marks omitted); *see also United States v. Story*, 137 F.3d 518, 520 (7th Cir. 1998). Plaintiffs argue that Defendant seeks reconsideration of the compensability legal standard governing this case, which has been adopted and applied by the Seventh Circuit in resolving Defendant's Rule 23(f) appeal. Pls.' Br. in Opp'n at 12–13, ECF No. 628. Yet, the Seventh Circuit's decision regarding certification did not discuss or mention *Integrity Staffing*. Because the Seventh Circuit did not decide whether Plaintiffs' FLSA claims fail in light of *Integrity Staffing*, the law of the case doctrine does not apply. *See Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1032 (7th Cir. 1997) ("Law of the

4

case is limited insofar as it applies only to issues that were decided in the former proceeding but not to questions which might have been decided but were not.").

In addition, this court is not prevented from reconsidering its prior rulings. Although Defendant's arguments are presented as a motion to dismiss the amended complaint, the court has already addressed these arguments previously in deciding the motion to dismiss the original complaint and will therefore apply the standard used to decide motions for reconsideration to this case. While a court may "revisit a prior decision of its own or a coordinate court, it ordinarily should not do so 'in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" *In re Mathias*, 867 F.3d 727, 730 (7th Cir. 2017) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)); *see also* Fed. R. Civ. P. 54(b) (providing that non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Moreover, a motion to reconsider is not a proper vehicle for rehashing arguments that the court previously rejected or for introducing new legal theories. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "Instead, motions for reconsideration under Rule 54(b) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911–12 (N.D. Ill. 2015). A manifest error of law or fact occurs "when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501–02 (7th Cir. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

5

Here, Defendant contends the court misread *Integrity Staffing* and since this court's decision, multiple courts have relied on *Integrity Staffing* to reject FLSA claims for completing "off the clock" activities. Def.'s Br. at 6–7, ECF No. 621. By way of background, the issue in *Integrity Staffing* was whether the time that plaintiff warehouse workers spent waiting to undergo, and actually undergoing, security screening required by the defendant at the ends of their shifts was compensable by the FLSA. 135 S. Ct. at 515. The Court began its analysis by noting that, under the Portal-to-Portal Act, a principal activity includes all activities that are "an integral and indispensable part" of that activity. *Id.* at 517. It found that an activity is "integral and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Id.* Applying this test, the Court concluded the security screenings were noncompensable postliminary activities because they were not the principal activity the employees were employed to perform. *Id.* It reasoned that the employer-required screenings were not integral to the work the workers were hired to perform, namely retrieving products from warehouse shelves and packaging those products for shipment, because they were not an intrinsic element of those duties. *Id.* The Court also found that the screenings were not indispensable because the employer could have eliminated the screenings without impairing the workers' ability to perform their work. Accordingly, the Court concluded the security screenings were noncompensable postliminary activities. *Id.*

Defendant asserts that in light of *Integrity Staffing*, Plaintiffs' donning and doffing and showering after their shifts are noncompensable because they were not the principal activity the workers were employed to perform, that is, to make iron castings. But the mere fact that donning, doffing and showering are not the principal activity the workers were employed to perform does not

6

mean they are not compensable. *Integrity Staffing* did not overrule *Steiner v. Mitchell*, 350 U.S. 247, 249, 251 (1956), which held that where such activities are compelled by health concerns they are compensable. Indeed, the *Integrity Staffing* Court reaffirmed *Steiner*'s holding that activities related to workers safety do satisfy the "integral and indispensable" test: "For example, we have held compensable the time battery-plant employees spent showering and changing clothes because the chemicals in the plant were 'toxic to human beings' and the employer conceded that 'the clothes-changing and showering activities of the employees [were] indispensable to the performance of their productive work and integrally related thereto.'" *Id.* at 518 (alterations in original) (quoting *Steiner*, 350 U.S. at 249, 251). In other words, changing and showering are principal activities when the nature of the work creates a significant risk to the workers' health and participating in those decontamination activities reduces that risk.

Plaintiffs' Amended Complaint alleges that time spent showering after their shifts is "necessary and indispensable to their work, as the employees work with toxic or corrosive chemicals, and are exposed to silica and other foundry dust that adheres to the skin and clothing, presenting a health hazzard to the employees and any family members who come into contact with it." Am. Compl. ¶ 23C, ECF No. 606. To be sure, unlike *Steiner*, Defendant here contests this allegation and claims that donning, doffing, and showering are not necessary to reduce a serious health risk. But the fact that Defendant contests Plaintiffs' allegation is irrelevant at this stage of the proceedings. In deciding a motion to dismiss, the court is required to accept the well-pleaded allegations of the complaint. *Estate of Davis*, 633 F.3d at 533. At this stage, the court cannot simply reject Plaintiffs' allegations just because Defendant denies them. Nor is the court inclined to limit Plaintiffs' claim by holding that only end-of-shift activities are compensable. Plaintiffs have stated a claim under the

7

FLSA, and that is enough to deny Defendants' motion. As a result, Plaintiffs' FLSA claims will not be dismissed.

Next, Defendant asserts that Plaintiffs' state law claims fail as a matter of law because the FLSA preempts them, or alternatively, the state law claims fail to state cognizable claims. To repeat, Defendant raised these arguments in its motion to dismiss Plaintiffs' original complaint. The court previously denied Defendant's preemption argument in its November 26, 2008 decision and order. As noted in that decision,

> It is clear that in enacting the FLSA, Congress did not explicitly preempt state wage and hour laws. Indeed, the FLSA contains a "savings clause" that expressly allows states to provide workers with more beneficial minimum wages and maximum workweeks than those mandated by the FLSA itself. *See* 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any . . . State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter . . . ."). Given this express statement of Congress' intent not to displace state laws granting workers higher minimum wages or a shorter maximum workweek, it is clear that the FLSA would preempt only state laws that mandated lower minimum wages or longer maximum workweeks. Since the parties agree that the Wisconsin wage and hour laws, Wis. Stat. chs. 103 and 104 and §§ 109.01-109.11, are not less generous than those of the FLSA, it seems clear that the FLSA does not displace the state law. Rather, it would seem that state law may offer an alternative legal basis for equal or more generous relief for the same alleged wrongs.
>
> It thus follows that Waupaca's substantive preemption argument must fail. If, as Plaintiffs have alleged, Waupaca's policies are not only in violation of the FLSA, but also violate Wisconsin's wage and hour laws, and constitute a breach of contract, nothing in the language or purpose of the FLSA precludes Plaintiffs from proceeding on those claims in this action, as well. There is no need to consider implied preemption, since Congress expressly stated its intent not to preempt the field and to allow continued enforcement of state laws mandating more generous wage and hour regulations. And of course, contractual agreements providing for equal or greater benefits would also be enforceable. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 2007 WL 5414927, *1 (W.D. Wis. Dec. 7, 2007). Plaintiffs have alleged, wholly aside from the FLSA, that Waupaca contractually agreed to pay them for the hours they worked and that Waupaca breached that contract. (Compl. ¶¶61-

8

> 62.) . . . Rule 8(e)(2) provides that a party may plead alternative theories of relief under both legal and equitable grounds. Fed. R. Civ. P. 8(e)(2). While Plaintiff may not obtain double recovery, he is free to pursue relief under the FLSA as well as statutory and contract claims. *See Marquez v. Partylite Worldwide, Inc.*, 2007 WL 2461667, *6 (N.D. Ill. Aug. 27, 2007) ("While Plaintiff may not obtain double recovery, he is free to pursue relief under the FLSA as well as unjust enrichment and quantum meruit.").

ECF No. 82 at 6–7. Defendant concedes the Seventh Circuit has not addressed the extent to which the FLSA preempts state law claims. Def.'s Br. at 19. Instead, it argues that since this court's decision, "district courts in the Seventh Circuit have routinely recognized that the FLSA preempts duplicative state common law claims." Def.'s Br. at 19–20 (citing *DeMarco v. Nw. Mem. Healthcare*, 2011 U.S. Dist. LEXIS 88541 (N.D. Ill. Aug. 10, 2011); *Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767 (N.D. Ill. 2015); *Richmond v. Adv. Pain Consultants, S.C.*, 2015 U.S. Dist. LEXIS 109319 (N.D. Ill. Aug. 18, 2015); *Kyriakoulis v. DuPage Health Ctr., Ltd.*, 2011 U.S. Dist. LEXIS 63905 (N.D. Ill. June 9, 2011); *Farmer v. DirectSat U.S.*, 2010 U.S. Dist. LEXIS 105738 (N.D. Ill. Oct. 4, 2010); *Nicholson v. UTi Worldwide, Inc.*, 2010 U.S. Dist. LEXIS 138468 (S.D. Ill. Feb. 12, 2010)). This court, however, is not bound by the opinion of another district court, and the cases Defendant cites do not alter the analysis or outcome of my prior decision. After considering Defendant's arguments, the court concludes there is no basis to alter the November 26, 2008 decision and order originally denying this challenge. Accordingly, the court finds that Plaintiffs' state law claims are not preempted by the FLSA.

Defendant's arguments that Plaintiffs' state law claims fail to state cognizable claims likewise fail. As to the breach of contract claim, Defendant's motion merely reasserts the arguments it previously presented to the court in its first motion to dismiss. It has not offered any other factual or legal argument that convinces the court that its November 26, 2008 decision was in error

9

regarding Plaintiffs' state law claims. At this stage, Plaintiffs have sufficiently pleaded breach of contract. If Defendant believes Plaintiffs' claims fail as a matter of law, it may raise these issues in a motion for summary judgment. At this time, however, the court will deny Defendant's motion with respect to the breach of contract claim. Defendant also asserts that Plaintiffs' state statutory claims fail because *Integrity Staffing* bars the FLSA claim. Because the court has concluded Plaintiffs' FLSA claim survives at this stage, their state statutory claims survive as well. Accordingly, Defendant's motion to dismiss will be denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (ECF No. 620) is **DENIED**.

Dated this   19th   day of December, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court