# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

| | | |
|---|---|---|
| RYAN DeKEYSER, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 08-CV-488 |
| | : | |
| THYSSENKRUPP WAUPACA, INC. n/k/a | : | |
| WAUPACA FOUNDRY, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT, WAUPACA FOUNDRY, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

NOW COMES Defendant, ThyssenKrupp Waupaca, Inc. n/k/a Waupaca Foundry, Inc. ("Waupaca"), by its attorneys Michael Best & Friedrich LLP, and hereby answers Plaintiffs' Amended Complaint as follows:

### PRELIMINARY STATEMENT

1.      Named Plaintiffs and collective action and class action representatives, Ryan DeKeyser, Thomas Cooper, Carlos Lantz, Debra Wilde, and John Cummings (hereinafter referred to as the "Named Plaintiffs"), are current and former foundry workers who are or were employed by Defendant Waupaca Foundry, Inc. (formerly ThyssenKrupp Waupaca, Inc.)  The Named Plaintiffs seek relief on a collective and a class-wide basis relating to Defendant's practice and policy of not fully compensating employees for all the time they spend working at Defendant's foundries.  In particular, the Named Plaintiffs spent time donning and doffing gear and equipment, showering, and walking to and from the production floor.  These activities were necessary and indispensable to the Named Plaintiffs' principal work but are not compensated for by Defendant.

**ANSWER:** Waupaca admits that Named Plaintiffs are current and/or former employees, and admits that this suit seeks money for time spent donning, doffing, and showering at Waupaca's foundries. Waupaca denies the remaining allegations contained in Paragraph 1.

2.     The Named Plaintiffs bring this action on behalf of themselves and all persons who were, are or will be employed by Defendant as foundry workers, at any time within the three years prior to filing of this Complaint through the date of the final disposition of this action (the "FLSA Period"), and who have not received full compensation for all hours worked under the Fair Labor Standards Act ("FLSA"). This group is hereinafter referred to as the "FLSA Class." On December 18, 2008, the Court certified Named Plaintiffs' claims under the FLSA. On March 31, 2016, the Court divided the FLSA class into three subclasses, comprised of Wisconsin, Indiana, and Tennessee workers.

**ANSWER:** Waupaca admits that Named Plaintiffs' claims have been certified and are being pursued on a class and/or collective basis. Waupaca denies the remaining allegations contained in Paragraph 2.

3.     The Named Plaintiffs also bring this action on behalf of themselves and all persons who were, are or will be employed by Defendant as foundry workers, at any time within the two years prior to the filing of this Complaint through the date of the final disposition of this action (the "Wisconsin Class Period"), and who have not received full compensation for all hours worked. This group is hereinafter referred to as the "Wisconsin Class." The Court certified the Wisconsin class under Rule 23 on March 31, 2016.

2

**ANSWER:** Waupaca admits that Named Plaintiffs' claims have been certified and are being pursued on a class and/or collective basis. Waupaca denies the remaining allegations contained in Paragraph 3.

4. Each Named Plaintiff has provided his written consent to participate in this litigation as required by 29 U.S.C. § 216(b). Copies of Named Plaintiffs' consents to join this action were previously filed with the Court in accordance with 29 U.S.C. § 216(b).

**ANSWER:** Waupaca admits that Plaintiffs have provided consent forms that appear to include the Named Plaintiffs. Waupaca denies the remaining allegations contained in Paragraph 4.

5. In addition to the Named Plaintiffs, 189 employees have agreed to join this action as Wisconsin party plaintiffs under the FLSA. A list of the employees is attached hereto as Exhibit B, and their consents to join this action were previously filed with this Court in accordance with 29 U.S.C. § 216(b).

**ANSWER:** Waupaca admits that Plaintiffs have provided a list of "opt-ins," and that those consent forms are a matter of record in this case.

## PARTIES

6. The Named Plaintiffs are or were nonexempt foundry workers employed by Defendant.

**ANSWER:** Waupaca admits the allegations contained in Paragraph 6.

7. Named Plaintiff Ryan DeKeyser is a former production employee who was employed by Defendant at its Marinette, Wisconsin foundry until 2008. At that time, he was employed as a Millroom employee.

**ANSWER:** Waupaca admits the allegations contained in Paragraph 7.

3

8.     Named Plaintiff Thomas Cooper is a current production employee who has been employed by Defendant at its Marinette, Wisconsin foundry.   Named Plaintiff Cooper is currently employed as a Disa employee.

**ANSWER:**     Waupaca admits the allegations contained in Paragraph 8.

9.     Named Plaintiff Carlos Lantz is a former production employee who was employed by Defendant at its Waupaca, Wisconsin foundry, plant number 2/3.  Named Plaintiff Lantz left the Waupaca foundry in April 2008.  At that time, he was employed as a Millroom employee on the plant 3-side of the foundry.

**ANSWER:**     Waupaca admits the allegations contained in Paragraph 9.

10.     Named Plaintiff Debra Wilde is a former production employee who was employed by Defendant at its Waupaca, Wisconsin foundry, plant number 2/3 in various production positions.  Named Plaintiff Wilde left the Waupaca foundry in February 2012.  She was employed in various positions in the plant 2 and 3 sides of the foundry.

**ANSWER:**     Waupaca admits the allegations contained in Paragraph 10.

11.     Named Plaintiff John Cummings is a current production employee who has been employed by Defendant at its Waupaca, Wisconsin foundry, plant number 2/3.  Named Plaintiff Cummings is currently employed as a Melt Maintenance electrician on the plant 2-side of the foundry.

**ANSWER:**     Waupaca admits the allegations contained in Paragraph 11 regarding the period of time Mr. Cummings was alive. Because Mr. Cummings is deceased, Waupaca denies the allegations regarding his current employment status.

12.     Defendant is a Wisconsin corporation with its principal place of business in Waupaca, Wisconsin.

**ANSWER:** Waupaca admits the allegations contained in Paragraph 12.

13. Defendant is a foundry specializing in supplying numerous industries with cast metal products.

**ANSWER:** Waupaca admits the allegations contained in Paragraph 13.

## JURISDICTION AND VENUE

14. Jurisdiction over the Plaintiffs' federal claims is based upon Section 16(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 216 and 29 U.S.C. §§ 1331 and 1337.

**ANSWER:** Paragraph 14 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca admits.

15. This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

**ANSWER:** Paragraph 15 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca denies.

16. In addition, jurisdiction over the Plaintiffs' claims under Wisconsin law is based upon this Court's power to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367.

**ANSWER:** Paragraph 16 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca admits.

17. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 17 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca admits.

5

18.     The Eastern District of Wisconsin has personal jurisdiction over Defendant because Defendant is headquartered in Waupaca, Wisconsin, and does business in Wisconsin, and in this District, and because many of the acts complained of and giving rise to the claims alleged in Wisconsin occurred or are occurring in this District.

**ANSWER:**    Paragraph 18 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca admits.

19.     Venue is proper because Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims alleged occurred in this District.

**ANSWER:**    Paragraph 19 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca admits.

## FACTUAL ALLEGATIONS

20.     Upon information and belief, Defendant operates six ferrous foundries in Tell City, Indiana, Etowah, Tennessee, Marinette, Wisconsin, and Waupaca, Wisconsin, which serve numerous industries, such as agriculture, automotive, construction, and power tools.  Between its six foundries, Defendant employs approximately 4,000 people.  Defendant produces gray, ductile, and compacted graphite iron castings.

**ANSWER:**    Waupaca admits the allegations contained in Paragraph 20.

21.     Defendant is a member of a highly regulated industry, and is subject to the scrutiny of federal and state environmental and occupational work safety agencies and administrative regulations, which require, among other things, that Defendant provide proper environmental controls to ensure worker safety and the means for workers to protect themselves from the dangers presented by their jobs.

6

**ANSWER:** Waupaca admits it is regulated by various governmental agencies, and affirmatively alleges that Waupaca is in compliance with all applicable regulations. Waupaca denies the remaining allegations contained in Paragraph 21.

22. Foundry workers at Defendant's foundries are nonexempt hourly employees, and the work performed by these Plaintiff employees is nonexempt work.

**ANSWER:** Waupaca admits the allegations contained in Paragraph 22, as it relates to those employees at issue in the present lawsuit.

23. Defendant has not compensated its nonexempt employees for all hours worked as required by federal and state law.

A. Defendant has not paid its nonexempt employees full overtime compensation for the hours worked as required by the FLSA and applicable state law.

B. Defendant refuses to fully compensate its foundry employees for the time spent at the beginning of shifts donning and doffing necessary and/or required gear and equipment that protects them from the strenuous and dangerous work conditions at its foundries, including but not limited to steel-toed boots with metatarsal shield protection, safety glasses, ear protection, fire-retardant uniforms, face shield, fire retardant leather gloves, and hard hats, and at the end of shifts for removing and returning these same items; such time is necessary and indispensable to the foundry worker's jobs.

C. Defendant also does not compensate its foundry workers for time spent showering after their shifts, time which is necessary and indispensable to their work, as the employees work with toxic or corrosive chemicals, and are exposed to silica and other foundry dust that adheres to the skin and clothing, presenting a health hazard to the employees and any family members who come into contact with it.

7

D.     Additionally, Defendant does not compensate its nonexempt workers for time spent walking to and from changing areas and the production floor.

E.     Failing to pay these employees overtime pay for time spent donning and doffing gear and equipment, showering, and walking to and from the production floor at the foundries violates the FLSA and Wisconsin state law.

**ANSWER:**     Waupaca admits that time employees spend before "swiping in" to work and after "swiping out" is not compensated, and affirmatively alleges that Waupaca properly compensates all of its employees pursuant to all applicable laws and regulations. Waupaca denies the remaining allegations contained in Paragraph 23.

24.     Defendant did not exercise good faith in willfully failing to fully compensate its employees under the FLSA or applicable state law.  Defendant consciously excluded from "hours worked" the time spent by foundry employees donning and doffing gear and equipment, showering, and walking to and from the production floor at the foundries.

**ANSWER:**     Waupaca denies the allegations contained in Paragraph 24.

25.     Defendant's practices violate FLSA and the state laws pled herein.  Plaintiffs seek injunctive and declaratory relief, overtime compensation for all overtime work required, suffered or permitted by Defendant, liquidated or other damages and penalties permitted by applicable law, interest, and attorneys' fees and costs.

**ANSWER:**     Waupaca admits Plaintiffs seek the relief listed in Paragraph 25, but deny Plaintiffs are entitled to any such relief.  Waupaca denies the remaining allegations contained in Paragraph 25.

## COLLECTIVE ACTION ALLEGATIONS

8

26.     Plaintiffs' first cause of action is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of the FLSA Class.

**ANSWER:**    Waupaca admits Plaintiffs seek relief under Section 16(b), but denies any liability thereunder. Waupaca denies the remaining allegations contained in Paragraph 26.

27.     The Named Plaintiffs and members of the FLSA Class are similarly situated in that they have substantially similar job requirements and pay provisions, are subject to Defendant's common practice, policy, or plan of unlawfully failing to pay for all hours worked, including pay at overtime rates.

**ANSWER:**    Waupaca denies the allegations contained in Paragraph 27.

28.     The Court certified Plaintiffs' collective action claims on December 18, 2008 (Dkt. 91).

**ANSWER:**    Waupaca admits the Court conditionally certified Plaintiffs' collective action on or about December 18, 2008.

## WISCONSIN CLASS ACTION ALLEGATIONS

29.     Plaintiffs bring their second, third, and fourth causes of action for violation of Wisconsin's statutes as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.  The Court certified Plaintiffs' claims on March 31, 2016 (Dkt. 582).

**ANSWER:**    Waupaca admits Plaintiffs' Rule 23 claims were certified on or about March 31, 2016. Waupaca denies any liability thereunder, and denies the remaining allegations contained in Paragraph 29.

30.     Members of the putative class are so numerous that joinder of all such members is impracticable.  The exact size of the putative class is unknown, but may be determined from records maintained by Defendant.  It is believed and alleged that the number of persons currently

employed by Defendant as nonexempt foundry workers is approximately 2,000 persons in the state of Wisconsin. Former employees are also included as class members.

**ANSWER:** Waupaca admits that Plaintiffs' alleged Rule 23 class would satisfy the numerosity requirement of Fed. R. Civ. P. 23, admits that it currently employs over 2,000 individuals in the state of Wisconsin, and admits that Plaintiffs seek to include former employees in their Rule 23 claims. Waupaca denies the remaining allegations contained in Paragraph 30.

31. There are common questions of law and fact applicable to the putative class with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, common questions of fact and law include but are not limited to the compensability of time spent donning and doffing; whether injunctive relief is available to force Defendant into compliance; whether Defendant has acted willfully or in good faith; whether the Named Plaintiffs and members of the Wisconsin Class are entitled to liquidated damages, penalties and attorneys' fees and costs; and whether Defendant has complied with record-keeping obligations under state and federal law.

**ANSWER:** Waupaca denies the allegations contained in Paragraph 31.

32. The Named Plaintiffs' claims are typical of the Wisconsin Class. The Named Plaintiffs, like the other Wisconsin Class members, were subjected to Defendant's common practice and policy of not paying its foundry workers for all compensable work to which they were entitled to under the Wisconsin law.

**ANSWER:** Waupaca denies the allegations contained in Paragraph 32.

33.     The Named Plaintiffs will fairly and adequately protect the interests of the putative class.  They have no conflicts with the putative class members.  Their counsel possess the requisite resources and are experienced in class action litigation.

**ANSWER:**     Waupaca admits that class counsel is adequate for purposes of Rule 23. Waupaca denies the remaining allegations contained in Paragraph 33.

34.     Defendant has acted or refused to act on grounds generally applicable to the Wisconsin Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiffs and the Wisconsin Class as a whole.  The Named Plaintiffs and the Wisconsin Class are entitled to injunctive relief to end Defendant's common and uniform practice of failing to properly compensate the Named Plaintiffs and the putative Class for all hours worked for the benefit of Defendant.  (Fed. R. Civ. P. 23(b)(2)).

**ANSWER:**     Waupaca denies the allegations contained in Paragraph 34.

35.     The questions of law and fact common to the putative class members predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  (Fed. R. Civ. P. 23(b)(3)). More specifically, members of the proposed Wisconsin Class have little or no interest in individually controlling the prosecution of separate actions. (Fed. R. Civ. P. 23(b)(3)(A)). The Named Plaintiffs are not aware of any other litigation concerning the controversy already commenced by the proposed Wisconsin Class. (Fed. R. Civ. P. 23(b)(3)(B)); and it is desirable to concentrate the litigation of the claims in this Court because Defendant does a substantial amount of business in this District; and the decision to violate applicable Wisconsin wage and hour laws took place in this venue.  (Fed. R. Civ. P. 23(b)(3)(C)).

11

**ANSWER:** Waupaca admits that it does a substantial amount of business in the Eastern District of Wisconsin. Waupaca denies the remaining allegations contained in Paragraph 35.

36. This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. (Fed. R. Civ. P. 23(b)(3)(D)).

**ANSWER:** Waupaca denies the allegations contained in Paragraph 36.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

37. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Waupaca incorporates all prior responses as set forth previously.

38. The FLSA regulates, among other things, the payment of all hours worked, including overtime pay by employers whose employees are engaged in commerce, or engaged m the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(l). Defendant is, and was, subject to the pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce.

**ANSWER:** Paragraph 38 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca admits.

39. FLSA requires employers to pay employees for all hours in which the employee is suffered or permitted to work, including preparatory and concluding time. Hours worked includes time spent preparing for and concluding shifts, i.e., time spent showering and donning and doffing necessary and/or required safety and personal protective equipment, as well as

donning and doffing before and after meal and other breaks. These types of activities are integral and indispensable parts of Defendant's employees' jobs.

> **ANSWER:** The first sentence of Paragraph 39 is a legal statement to which no answer is required. Waupaca denies the remaining allegations contained in Paragraph 39.

40. Section 7(a)(l) of the FLSA, 29 U.S.C. § 207(a)(l), requires employers to pay non-exempt employees who work longer than 40 hours in a workweek overtime rates for hours worked in the workweek in excess of 40 hours. Defendant's employees, including the Named Plaintiffs, regularly worked more than 40 hours per week. Defendant violated the FLSA by requiring foundry employees to perform compensable work in excess of 40 hours without proper compensation.

> **ANSWER:** The first sentence of Paragraph 40 is a legal statement to which no answer is required. To the extent an answer is required, Waupaca denies. Regarding the second sentence of Paragraph 40, Waupaca's employees may on occasion work over 40 hours per week. Waupaca denies the remaining allegations contained in Paragraph 40.

41. By failing to keep, record, report or preserve records of hours worked by the Named Plaintiffs and members of the FLSA Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of 29 U.S.C. § 201 et seq.

> **ANSWER:** Waupaca denies the allegations contained in Paragraph 41.

42. Members of the FLSA Class are entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. Defendant's failure to pay overtime to members of the FLSA Class was "willful" within the meaning of Section 6(a) of the Portal-to-

Portal Pay Act, as amended, 29 U.S.C. § 255(a), because Defendant did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260. Accordingly, the FLSA Class is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime pay, the FLSA Class is entitled to an award of prejudgment interest at the applicable legal rate.

**ANSWER:** Waupaca denies the allegations contained in Paragraph 42.

43. Plaintiffs also seek reasonable attorneys' fees and costs, to be paid by Defendant, as provided by Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**ANSWER:** Waupaca admits Plaintiffs seek the relief listed in Paragraph 43, but deny Plaintiffs are entitled to any such relief. Waupaca denies the remaining allegations contained in Paragraph 43.

**SECOND CAUSE OF ACTION**
**VIOLATION OF WISCONSIN STATUTE§ 103.01-03, 103.74 AND WISCONSIN ADMINISTRATIVE CODE DWD 272, 274**

44. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Waupaca incorporates all prior responses as set forth previously.

45. Throughout the relevant time period, Defendant was an employer within the meaning of Wisconsin Statute § 103.001(6), and subject to the requirements of Wisconsin Administrative Code DWD 274, which provides in pertinent part:

> **DWD 274.03. Overtime pay.** Except as provided in s. DWD 274.08, each employer subject to this chapter shall pay to each

14

employee time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week.

**ANSWER:**    Paragraph 45 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca denies.

46.    The Named Plaintiffs and members of the Wisconsin Class are employees within the meaning of Wisconsin Statute 103.001(5), and are entitled to the protections of Wisconsin Administrative Code DWD 274 and chapters 103 and 109 of the Wisconsin Statutes.

**ANSWER:**    Paragraph 46 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca denies.

47.    When time spent donning and doffing gear and equipment, showering, and walking to and from the production floor is included as compensable work during a regular work week, such compensable work time is in addition to the more than 40 hours of already compensated work each individual Named Plaintiff and member of the Wisconsin Class engaged in each work week.  As such, the uncompensated time spent donning and doffing gear and equipment, showering, and walking to and from the production floor should have been compensated at an overtime rate of pay under DWD 274.03.

**ANSWER:**    Waupaca denies the allegations contained in Paragraph 47.

48.    Defendant has willfully violated the above provisions by excluding these hours worked and not paying 1 ½ times the rate of hourly pay for compensable work in excess of 40 hours.

**ANSWER:**    Waupaca denies the allegations contained in Paragraph 48.

49.    Defendant is liable to the Named Plaintiffs and the Wisconsin Class for compensatory and liquidated damages, plus costs, disbursements, witness and attorneys' fees, pursuant to Wisconsin Statute ch. 109.

15

**ANSWER:** Waupaca denies the allegations contained in Paragraph 49.

### THIRD CAUSE OF ACTION
### VIOLATION OF WISCONSIN STATUTE§ 109.03 AND WISCONSIN ADMINISTRATIVE CODE DWD 272.03

50. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Waupaca incorporates all prior responses as set forth previously.

51. Wis. Stat. § 109.03 requires Defendant to pay its employees all wages due within the time specified by law. Wis. Stat. § 109 provides that if an employer willfully fails to timely pay such wages, the employer is liable to the employee for full wages, plus increased wages as provided in Wis. Stat. § 109.11(2).

**ANSWER:** Paragraph 51 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca denies.

52. In addition, throughout the relevant time period, Defendant was an employer within the meaning of Wisconsin Statute§ 103.001(6), and subject to the requirements of Wisconsin Administrative Code DWD 272.

**ANSWER:** Paragraph 52 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca admits.

53. Wisconsin Administrative Code DWD 272.03 requires employers to pay all employees a minimum wage for each hour worked.

**ANSWER:** Paragraph 53 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca denies.

16

54. The Named Plaintiffs and members of the Wisconsin Class are employees within the meaning of Wisconsin Statute 103.001(5), and are entitled to the protections of Wisconsin Administrative Code DWD 272.

**ANSWER:** Paragraph 54 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca denies.

55. Defendant has willfully violated Wis. Stat. § 109.03 and Wisconsin Administrative Code DWD 272.03 by regularly and repeatedly failing to compensate the Named Plaintiffs and members of the Wisconsin Class for all hours worked, including uncompensated time spent donning and doffing gear and equipment, showering, and walking to and from the production floor.

**ANSWER:** Waupaca denies the allegations contained in Paragraph 55.

56. Defendant is liable to the Named Plaintiffs and the Wisconsin Class for compensatory damages and statutory penalties, plus costs, disbursements, witness and attorneys' fees, pursuant to Wisconsin Statute ch. 109.

**ANSWER:** Waupaca denies the allegations contained in Paragraph 56.

**FOURTH CAUSE OF ACTION**
**WISCONSIN COMMON LAW BREACH OF CONTRACT**

57. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Waupaca incorporates all prior responses as set forth previously.

58. As at-will employees, the Named Plaintiffs and members of the Wisconsin Class are entitled to compensation for all time they work, as consideration for the services they provide to Defendant.

17

**ANSWER:**    Paragraph 58 contains a legal statement to which no answer is required. To the extent an answer is required, Waupaca denies.

59.    Defendant promises its employees, at the time employees are hired, that they will be compensated at specified hourly base rates, plus piecework, for the hours they work. Defendant also promises its employees, at times during their employment, that they will be given additional consideration, in the form of raises or shift differentials, for the hours they work. The specified hourly base rates provide the basis for calculating the overtime compensation owed the Named Plaintiffs and members of the Wisconsin Class.

**ANSWER:**    Waupaca denies the allegations contained in Paragraph 59.

60.    Defendant breached the terms of the employment agreements by failing to provide the Named Plaintiffs and the Wisconsin Class with full payment based upon all of the hours they worked.

**ANSWER:**    Waupaca denies the allegations contained in Paragraph 60.

61.    Defendant is liable to the Named Plaintiffs and the Class for damages incurred as a result of its breach.

**ANSWER:**    Waupaca denies the allegations contained in Paragraph 61.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Ryan DeKeyser, Thomas Cooper, Carlos Lantz, Debra Wilde, and John Cummings, on behalf of themselves and all members of the FLSA Class, pray for relief as follows:

1.    Designation of this action as a collective action on behalf of the proposed FLSA Class and prompt issuance of notice to all similarly situated members, apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consents to Sue;

2.      Designation of Named Plaintiffs as Representatives of the FLSA Class;

3.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4.      An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

5.      Costs of the action incurred herein, including expert fees;

6.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

7.      Pre- and post-judgment interest, as provided by law; and

8.      For any other and further relief the Court may deem just or equitable.

**WHEREFORE**, Plaintiffs Ryan DeKeyser, Thomas Cooper, Carlos Lantz, Debra Wilde, and John Cummings, on behalf of themselves and all members of the Wisconsin Class, pray for relief as follows:

9.      Certification of this action as a class action on behalf of the proposed Wisconsin Class pursuant to Fed. R. Civ. P. 23;

10.     Designation of Named Plaintiffs as Representatives of the Wisconsin Class;

11.     A declaratory judgment that the practices complained of herein are unlawful under applicable state laws;

12.     Appropriate equitable and injunctive relief to remedy Defendant's violations of state laws, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

13.     Appropriate statutory penalties;

14. An award of damages and restitution, including civil penalties, meal and rest break violation payments; recordkeeping penalties, and overtime wages to be paid by Defendant according to proof;

15. Costs of the action incurred herein, including expert fees;

16. Attorneys' fees and costs of suit, including expert fees;

17. Pre and post-judgment interest, as provided by law; and

18. For any other and further relief the Court may deem just or equitable.

**ANSWER:** Waupaca denies Plaintiffs are entitled to any relief.


## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs' claims asserted under state law are preempted by federal law pursuant to the Fair Labor Standards Act.

3. Plaintiffs' claims asserted under state law are preempted by federal law pursuant to the Supremacy Clause of the United States Constitution.

4. Plaintiffs' claims are barred, in whole or in part, as untimely under the applicable statute of limitations.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

6. Plaintiffs' claims are barred, in whole or in part, to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207.

7. Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this

action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

8.      Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to his principal activities.

9.      Plaintiffs' claims are barred, in whole or in part, by the *de minimis* doctrine.

10.     Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, and Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages or an extended statute of limitations.

11.     Plaintiffs' state law class action claims fail to state a claim upon which relief can be granted.

12.     This Court lacks subject matter jurisdiction over Plaintiffs' state law claims.

13.     Plaintiffs' Fair Labor Standards Act opt-in collective action claim preempts or otherwise bars Plaintiffs' class claims brought pursuant to Federal Rule of Civil Procedure 23.

14.     Defendant has paid all compensation due Plaintiffs under all applicable laws.

15.     Plaintiffs' claims are barred in whole, or in part, because Plaintiffs' and Waupaca have not entered into any binding employment agreements.

16.     Plaintiffs' claims are barred in whole, or in part, because the alleged employment agreements are unenforceable due to a lack of consideration.

17.     Plaintiffs' claims are barred in whole, or in part, because the alleged employment agreements violate the Statute of Frauds.

18.     Plaintiffs' claims are barred in whole, or in part, by the terms of the alleged employment agreements, if such agreements are enforceable.

19.     Plaintiffs' claims are barred in whole, or in part, because Waupaca has fully performed its obligations under the alleged employment agreements, if such agreements are enforceable.

20.     Plaintiffs' claims are barred in whole, or in part, because Plaintiffs have failed to mitigate their damages, if any.

21.     Plaintiffs' claims are barred because Defendant's actions were in compliance with the Portal-to-Portal Act.

22.     The Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, because Plaintiffs failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA and/or to proceed as a class action under state law.

23.     Plaintiffs and putative class/collective action members are entitled to a jury trial only as to those issues for which a jury trial is permitted by the FLSA and/or under state law.

24.     Plaintiffs and the putative class/collective action members are not similarly situated and, as such, should not proceed as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) or class action.

25.     The putative class or collective action members are not so numerous that joinder is impracticable.

26.     Plaintiffs' and the putative class members' claims do not involve common questions of law or fact.

27.     Plaintiffs' claims are not typical of the claims and defenses of the putative class.

28.     This case is not appropriate for class or collective action certification because Plaintiffs are not able to fairly and adequately protect the interests of all members of the putative class.

29.     Class-wide final injunctive and/or declaratory relief is not appropriate in this case because Waupaca has not acted or refused to act on grounds that are generally applicable to the putative class.

30.     The types of claims alleged by Plaintiffs on behalf of putative class/collective action members are matters in which individual questions predominate and, thus, are not appropriate for class or collective treatment.

31.     Class or collective action treatment of the purported claims in the Complaint is not superior to other methods of adjudicating the controversy.

32.     The present action is not manageable as a class action.

33.     Plaintiff's claims are barred in whole, or in part, because Waupaca has compensated Plaintiffs well in excess of the applicable state and federal minimum wage laws, even when taking into account the allegedly unpaid hours.

34.     Plaintiffs' claims are barred in whole, or in part, by the doctrine of setoff.

35.     Plaintiffs' FLSA claims are bared in whole, or in part, because they are subject to a two year statute of limitations.

36.     Plaintiffs' claims are barred, in whole or in part, by the United States Supreme Court's decision in *Integrity Staffing Solutions v. Busk*.

37.     Plaintiffs' claims are barred by the "at home" rule.

WHEREFORE, Defendant Waupaca Foundry Inc., respectfully requests that judgment be entered as follows:

A.	An Order dismissing Plaintiffs' Complaint in its entirety;

B.	An Order awarding Waupaca its costs, disbursements and attorneys' fees incurred in defending this action; and

C.	An Order granting any other relief to Waupaca this Court deems just and equitable under the circumstances.

Dated this 2nd day of January, 2018.	**MICHAEL BEST & FRIEDRICH LLP**

By:	s/Paul E. Benson
	Mitchell W. Quick, SBN 1001493
	*mwquick@michaelbest.com*
	Paul E. Benson, SBN 1001457
	*pebenson@michaelbest.com*
	Joseph Louis Olson, SBN 1046162
	*jlolson@michaelbest.com*
	Benjamin A. Kaplan, SBN 1082802
	*bakaplan@michaelbest.com*
	100 East Wisconsin Avenue, Ste. 3300
	Milwaukee, Wisconsin  53202-4108
	Telephone:	(414) 271-6560
	Facsimile:	(414) 277-0656

	*Attorneys for Defendant, Waupaca Foundry, Inc.*