# EXHIBIT 1

**DECLARATION OF T. JOSEPH SNODGGRASS IN SUPPORT OF UNOPPOSED MOTION PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

---

RYAN DeKEYSER, *et al*., on behalf of
themselves and all others similarly situated,

        Plaintiffs,

-v-

WAUPACA FOUNDRY, INC.  f/k/a
THYSSENKRUPP WAUPACA, INC.,

      Defendant.

Civil No.  1:08-cv-488 (WCG)

---

JASON VANHOOSE, *et al.*,
on behalf of themselves
and others similarly situated,

        Plaintiffs,

v.

WAUPACA FOUNDRY, INC.,

      Defendant.

Civil No. 1:18-cv-01193-WCG

---

MICHAEL SARRELL, *et al.*,
on behalf of themselves
and others similarly situated,

        Plaintiffs,

v.

WAUPACA FOUNDRY, INC.,

      Defendant.

Civil No. 1:18-cv-01192-WCG

---

HOY GARRETT, JR., *et al.*,

        Plaintiffs,

-v-

WAUPACA FOUNDRY, INC.,

        Defendant.

Civil No. 1:18-cv-01186-WCG

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

WHEREAS, Plaintiffs Ryan DeKeyser, *et al.*, filed a civil action on or about June 4, 2008, individually and on behalf of all other similarly-situated persons, against Defendant, Waupaca Foundry, Inc. f/k/a ThyssenKrupp Waupaca, Inc. ("Waupaca" or "Defendant") in the Eastern District of Wisconsin, Case No. 1:08-cv-488 (WCG) ("*DeKeyser*").

WHEREAS, Plaintiff Michael Sarrell, *et al.*, filed a civil action on or about February 28, 2017, individually and on behalf of all other similarly-situated persons, against Waupaca in the Eastern District of Tennessee, as Case No. 1:17-cv-0056-TRM-SKL ("*Sarrell*").

WHEREAS, on March 31, 2016, the Eastern District of Wisconsin ordered that the claims of the Indiana Waupaca workers be severed from the *DeKeyser* complaint so that they could be transferred to the Southern District of Indiana, and subsequently a virtually identical complaint for these claims was filed and re-captioned as *Adams, et al. v. Waupaca Foundry, Inc.*, Case No. 3:17-cv-00140-WCG.

WHEREAS, on March 31, 2016, the Eastern District of Wisconsin ordered that the claims of the Tennessee Waupaca workers be severed from the *DeKeyser* complaint so that they could be transferred to the Eastern District of Tennessee, and subsequently a virtually identical complaint for these claims was filed and re-captioned as *Allen, et al. v. Waupaca Foundry, Inc.*, No. 1:17-cv-00248.

WHEREAS, On November 10, 2017, a First Amended Collective Action and Class Action Complaint was filed in the Eastern District of Tennessee which, among other things, re-caption in the *Allen* case as *VanHoose, et al. v. Waupaca Foundry, Inc.* ("*VanHoose*").

WHEREAS, on January 24, 2018, the Eastern District of Tennessee ordered that the claims of the Indiana Waupaca workers be severed from the *Sarrell* complaint so that they could be transferred to the Southern District of Indiana and subsequently a new complaint for these claims was filed in that venue and captioned *Shadwick, et al. v. Waupaca Foundry, Inc.*, Case No. 3:18-cv-00026-WCG.

WHEREAS, on June 27, 2018, the Southern District of Indiana consolidated the *Adams* and *Shadwick* cases for all purposes and permitted the filing of a consolidated amended complaint in the case, which was re-captioned *Garrett, et al. v. Waupaca Foundry, Inc.*, Case No. 3:17-cv-00140-WCG ("*Garrett*").

WHEREAS, on July 19, 2018 and July 25, 2018, the district court judges in all of these cases were informed during telephonic hearings that the Parties intended to seek transfer of the Indiana and Tennessee cases to the Eastern District of Wisconsin for global approval of a settlement that will resolve all proceedings, and the respective district court judges agreed to such a process.

WHEREAS, on August 2, 2018, the district court judges in the *Garrett, VanHoose* and *Sarrell* cases all entered orders transferring these cases to the Eastern District of Wisconsin for global approval of a settlement that will resolve all proceedings. On said date, the Eastern District of Wisconsin accepted the transfer of these cases and gave them the case numbers appearing in the caption above.

WHEREAS, the plaintiffs in the *DeKeyser, Garrett, VanHoose* and *Sarrell* cases are hereinafter referred to collectively as "Plaintiffs."

WHEREAS, the Parties engaged mediator Joseph T. Dixon, Jr. of Henson & Efron, P.A. who oversaw settlement discussions for seven months culminating in a final mediation session on July 13, 2018, in Minneapolis, Minnesota, to discuss a possible global resolution of these matters. And, as a result of those discussions, the Parties executed a Binding Term Sheet for Settlement.

WHEREAS, it is the desire of the Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the *DeKeyser, Garrett, VanHoose* and *Sarrell* Actions or that reasonably arise out of the facts alleged in these Actions, *i.e.,* the alleged practices set forth in detail in the pleadings in the *DeKeyser, Garrett, VanHoose* and *Sarrell* Actions, consistent with the terms of this Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, the receipt and sufficiency of which is hereby acknowledged, the Parties enter into this Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement"), subject to the Court's approval, as follows:

1. Definitions:

    a. The "Settlement Class" or the "Class" consists of the following:

        i. Members of the Wisconsin Class certified in *DeKeyser* for whom class action notice was disseminated on October 16, 2017, who did not opt out, and who were employed by Waupaca at any time between June 4, 2006 through October 5, 2017, as nonexempt, hourly paid, production employees (defined as employees in the Millroom, Coreroom, Disa,

Shakeout, Melt, Maintenance, and Melt Maintenance departments) at plants located in Waupaca and Marinette, Wisconsin, and who are not or have not been paid for their on-site donning, doffing or showering; and

    ii.  Opt-in plaintiffs who filed consents to join the *DeKeyser, Garrett, VanHoose* and *Sarrell* Actions as of July 23, 2018, and who were employed by Waupaca at any time after June 4, 2005 as nonexempt, hourly paid, production employees at plants located in Waupaca, Wisconsin, Marinette, Wisconsin, Tell City, Indiana and Etowah, Tennessee, and who are not or have not been paid for their on-site donning, doffing or showering.

    iii.  The "Settlement Class" does not include anyone who subsequently withdrew their opt-in forms.

b.  "Class Member" means an individual within the foregoing Settlement Class.

c.  "Releasees" refers to and includes Waupaca, Waupaca's present and former subsidiaries, divisions, owners, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, and the successors, heirs and assigns of any such entity or person, as well as any individual that could be included within the definition of "employer" under either the Fair Labor Standards Act ("FLSA"), the Wisconsin Labor Standards Laws, and the Indiana Wage Payment Statute, including but not limited to all officers, directors and managers of Waupaca in their personal capacities.

d.  The "Parties" refers collectively to Plaintiffs and Defendant.

e.  "Plaintiffs' Counsel" collectively refers to Larson • King, LLP, Zimmerman Reed LLP, Barrett Johnston Martin & Garrison, LLC, Biesecker Dutkanych & Macer, LLC, and Jackson, Shields, Yeiser & Holt.

f.  "Lawsuits" or "Actions" means *DeKeyser, Garrett, VanHoose,* and *Sarrell*.

g.  "Claims Administrator" means Dahl Administration, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426.

h.  "Effective Date" is defined as the later of: (i) the date when the time for appeal has expired; or (ii) the date of the final resolution of any appeal of the Settlement Agreement if an appeal has been filed and not dismissed.

i.  "Release Date" is defined as follows for the various members of the Settlement Class:

    i.   October 5, 2017 for Wisconsin opt-in plaintiffs and members of the Fed. R. Civ. P. 23 certified Wisconsin Class in *DeKeyser*.

    ii.   The date of execution of this Settlement Agreement for Indiana opt-in plaintiffs in *Garrett*, and Tennessee opt-in plaintiffs in *VanHoose* and *Sarrell*.

2.    This Settlement Agreement is made and entered into by and between the Plaintiffs and the Defendant. This Settlement Agreement is subject to the terms and conditions hereof and the approval of the Court. Plaintiffs and Defendant hereby agree to fully and finally settle, compromise and resolve all claims that were or could have been brought in the Actions, on the terms and conditions set forth in this Settlement Agreement.

3.    Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any Releasees. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault of any type whatsoever, by Defendant or Releasees, who expressly deny any and all liability, wrongdoing, impropriety, responsibility or fault of any type whatsoever.

4.    Plaintiffs' Counsel have conducted a thorough investigation into the facts of the Lawsuits, including an extensive review of voluminous documents and data produced to Plaintiffs, and have diligently pursued investigation and prosecution of Class Members' claims against Defendant. Plaintiffs' Counsel's assessment is further informed by the decisions previously entered by the various district courts on the various motions filed by the Parties in the Actions, as well as the published decisions of the Seventh Circuit Court of Appeals in *DeKeyser*. Based on their own independent investigation and evaluation, Plaintiffs' Counsels are of the opinion that the settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, the risk of loss or limited recovery, and the various defenses asserted by Defendant. Defendant and its counsel also agree the settlement as stated in this Settlement Agreement is a reasonable and fair compromise.

5.    This Settlement Agreement contains and constitutes a full and complete settlement and release (as defined below) by the Class Members, which release includes in its effect Defendant and all Releasees.

6.    Subject to Court approval, and on the terms and conditions set forth in this Settlement Agreement, Defendant will pay and promise as follows:

    a.   Waupaca will make available up to One Million, Seven Hundred Thousand and no/100 Dollars ($1,700,000.00) from which Class Members can make claims.

4

b. Waupaca will pay to each Class Member who submits a timely claim using the Parties' agreed Claim Form and fulfills the conditions of the claims procedure specified in this Settlement Agreement, that Class Member's available share of the $1,700,000.00 in settlement proceeds. The formula the Parties and Claims Administrator will use to determine each Class Member's available share of the settlement proceeds will be based upon compensation ranging from $50-$600 per work year based upon the answers each Class Member provides in the Claim Form with regard to whether he or she engaged in particular pre- and post-shift activities (changing clothes and showering) and the frequency in which he or she engaged in those activities. The rules for allocation are set forth in the attached Exhibit A. All individual claims, when finally calculated, will not exceed $1,700,000.00. Any remainder shall revert to Waupaca. If claims exceed $1,700,000.00, claim awards shall be ratcheted down *pro rata* to honor the $1,700,000.00 cap based upon the corresponding allocations. The allocations will be based upon the information provided by the Class Member on the Claim Form. Waupaca will provide Plaintiffs' Counsel reasonable access to employment information so Plaintiffs' Counsel can provide assistance to Class Members, answer questions or resolve any potential discrepancies or disagreements. Only those Class Members who submit a timely claim as provided herein shall receive his or her available share as determined by the allocation rules. Waupaca shall have no obligation to pay any portion of the settlement amount that has not been timely claimed in compliance with this Settlement Agreement. Of the amount paid to each Class Member who makes a timely claim in compliance with this Settlement Agreement, 50% will be deemed wages and subject to normal payroll tax withholding and W-2 reporting, and 50% will be deemed non-wage income and reported on Form 1099. Waupaca shall be responsible for paying, through the Claims Administrator as provided below, all employer-paid and due taxes on the wage portions of this Settlement, including FICA, FUTA and state unemployment, but shall not be liable for any other taxes. The Claims Administrator will carry out the tax withholding, remitting, and reporting processes in compliance with applicable law.

c. Defendant agrees to the total sum of Three Million, Five Hundred Thousand and no/100 Dollars ($3,500,000.00) for various categories of attorneys' fees, costs, expenses, expert witness fees, service awards, class notice and claims administration, in full and complete satisfaction of all claims by Plaintiffs and their counsel for attorneys' fees, costs and expenses of any kind whatsoever in all of the Actions. Plaintiffs' Counsel will apply to the Court for payment of these amounts, to be approved by the Court. Defendant and its counsel will not oppose such a request, and will confirm that the non-class fund amounts were negotiated at arms-length after agreement on the principal amount of monetary relief to the Class. Defendant will fund $20,000 of this amount immediately after entry of the Court's order preliminarily approving the Parties' settlement, to be used to pay a portion of the reasonable costs of

5

providing notice of the settlement to the Class Members as well as initial administration costs. This amount will be non-refundable in the event the settlement does not become final. The total attorneys' fees, costs, expenses, claims administration and service awards actually paid will be as approved by the Court in its Final Order, subject to appellate rights but not to exceed the amounts stated in this Paragraph. Plaintiffs' Counsel and Defendant agree that Defendant will make such payment by wire transfer to Larson • King, LLP's trust account as directed by Plaintiffs' Counsel within ten (10) days after the Effective Date. Defendant shall not have any responsibility for allocating or distributing either the attorneys' fees or costs and expenses among the various Plaintiffs' Counsel. Defendant will report the payments to Plaintiffs' Counsel using an IRS Form 1099. The enforceability of this Settlement Agreement is not contingent on the amount of attorneys' fees or costs awarded. Without limiting the generality of the foregoing, any dispute regarding the amount of attorneys' fees or costs, and/or any appeal related thereto, shall not affect or delay the finality of this Settlement Agreement, and shall not affect or delay the entry of judgments in the Lawsuits.

7. Subject to approval by the Court, service awards totaling Sixty Thousand and no/100 Dollars ($60,000.00) shall be paid out of the amount referenced in Paragraph 6.c. above to each of the Class Members listed in Exhibit B in the specific amounts respectively set forth therein. Defendant and its counsel will not oppose such a request.

8. The Parties agree to fully cooperate and work in good faith to simplify the claims process by which family members and/or other representatives may make a claim under this Settlement Agreement on behalf of deceased Class Members, with the goal of avoiding unnecessary legal expense or delay to such family members.

9. The Parties' settlement does not require that Waupaca change any of its pay practices at any of its plants.

10. Waupaca reserves all of its rights to enter into agreements of the type that was the subject of the United States Supreme Court's decision in *Epic Systems v. Lewis* with current and future Waupaca employees as it deems appropriate. These potential agreements, which may be entered into at any time, will not affect any rights under this Settlement Agreement and will not be the subject of any objection or opposing claims or arguments by Plaintiffs' Counsel in any of the Lawsuits.

## MUTUAL COOPERATION

11. The Parties agree to cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the

6

terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's approval of this Settlement Agreement and to obtain a final judgment in the Lawsuits upon completion of the terms and conditions of the Settlement Agreement as approved by the Court.

12.     Any disagreements over the terms of this Settlement Agreement shall be promptly resolved by the mediation/arbitration process in front of Joseph T. Dixon, Jr.

## DUTIES OF THE PARTIES PRIOR TO
## PRELIMINARY COURT APPROVAL

13.     Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an Order, substantially in the form attached as Exhibit C:

    a.  Granting preliminary approval of the Settlement Agreement;

    b.  If the Court requires a hearing for preliminary approval, which the Parties do not believe is necessary, the Parties will cooperate to ensure that it takes place as expeditiously as possible;

    c.  Approving as to form and content the proposed Notices of Settlement in substantially the same forms attached as Exhibit D, and Claim Forms for Class Members in substantially the same forms attached as Exhibit E;

    d.  Directing the mailing of the Notices of Settlement and Claim Forms by first class mail to the Class Members as set forth herein, within fourteen (14) calendar days after preliminary approval;

    e.  Establishing a seventy-five (75) day period from first mailing, for Class Members to submit claims;

    f.  Establishing a forty-five (45) day period from first mailing, for Class Members to submit objections; and

    g.  Scheduling a final fairness and approval hearing to occur after the close of the claims period and at the convenience of the Court.

## DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL

14.     Following preliminary approval by the Court of the settlement, the Claims Administrator will issue the Notice of Settlement to the Class Members.

15. **Settlement Administration.**

    a. Plaintiffs' Counsel have selected Dahl Administration as the Claims Administrator and shall pay all settlement administration costs and fees for Dahl Administration, including the costs associated with the mailing of the Notices of Settlement and Claim Forms to the last known address or addresses of the Class Members. However, the Claims Administrator's responsibilities to communicate and handle the claims extend equally to all Parties and the Court.

    b. Defendant will not be obligated at any stage to engage investigative services to locate Class Members. If any Notice Package (defined below) is returned as undeliverable, the Claims Administrator shall update the Class Members' last known mailing address through the National Change of Address program certified by the United States Postal Service or perform other standard skip trace methods and will re-send the Notice Package to the new address. Re-mailing of the Notice Package pursuant to this paragraph does not restart the deadlines set forth in Paragraph 13.

    c. Communications by the Claims Administrator shall be made with the representatives of all Parties.

16. **Notice to the Class Members.**

    a. Within fourteen (14) calendar days after preliminary approval, the Claims Administrator will send the Court-approved Notices of Settlement and Claim Forms, substantially in the forms attached hereto as Exhibits D and E and as approved by the Court (together the "Notice Package"), including with any modifications at the direction of the Court, to the Settlement Class, by first-class mail.

    b. Class Members will have seventy-five (75) days after the Notice Package is first mailed to submit their Claim Form. Claim Forms must be received by the Claims Administrator on or before 75 days after the Notice Package is first mailed, in order to be timely.

    c. Class Members will have forty-five (45) days after the Notice Package is first mailed to submit an objection. Objections must be received by the Claims Administrator on or before 45 days after the Notice Package is first mailed, in order to be timely.

17. **Objections; Binding Effect**

    a. Any Class Member may object to this settlement, provided that such objections are made in writing and mailed to the Claims Administrator no later than forty-five (45) days after the Notice Package is first mailed.

8

Objections must be received on or before 45 days after the Notice Package is first mailed in order to be timely. Such objection shall not be valid unless it includes the information required by the Notice Package, including:

    i.    The name, address, telephone number, and email address of the Class Member who is objecting and, if represented by counsel, of his/her counsel;

    ii.    A complete listing of all of the reasons for his or her objection; and

    iii.    A statement whether he or she intends to appear at the final fairness and approval hearing, either with or without counsel.

No Class Member may be heard at the final fairness and approval hearing who has not complied with these requirements. Any Class Member who fails to comply with these requirements will be deemed to have waived any right to object and otherwise make any objection to the settlement.

b.    The Parties will have the same right to seek discovery from any objecting Class Member (and their counsel) as they would if the objector was a party in one of the Actions, including the right to take the objector's deposition. Such discovery will be conducted on an expedited basis, and the objecting Class Member is required to respond and must appear for deposition within fourteen (14) days, if a deposition is noticed. Class Members who fail to respond to discovery or make themselves available for deposition, shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement Agreement.

c.    All Class Members will be bound by the final fairness and approval order, the judgment, and the releases set forth in this Settlement Agreement. However, no FLSA claims are released by Class Members who did not opt-in nor file a claim under this Settlement Agreement.

d.    None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this settlement, or discourage participation in the settlement claims process. However, Plaintiffs' Counsel may advise Class Members how to assert their right to object.

e.    Upon receipt, counsel for the Parties shall promptly exchange with one another and file with the Court copies of all objections and/or challenges to the Settlement Agreement or any part thereof.

18.    Entry of Final Judgment. Following final approval of this Settlement Agreement as specified herein, the Court shall enter final judgment on the merits and with prejudice as to

any individual or Class claims which are released by this Settlement Agreement, upon satisfaction of all payments and obligations hereunder.

## POTENTIAL VOIDING OF THE SETTLEMENT AGREEMENT

19.     A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Parties' settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby.  However, neither party may void the Settlement Agreement based on the Court's approval or non-approval of the amount of attorneys' fees or costs or service awards.  The Court's failure to approve Plaintiffs' Counsel's fee and cost request shall not render the remainder of the Settlement Agreement unenforceable, but is itself subject to appellate rights, provided that under no circumstances shall Waupaca be required to pay more for attorneys' fees, costs and expenses than the amounts stated in Paragraph 6.c. above.

20.     If this Settlement Agreement is voided under the prior paragraph, this Settlement Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Actions prior to the settlement; and neither this Settlement Agreement nor any ancillary documents, actions or filings the Parties agreed to shall be admissible or offered into evidence in the Actions or any other action for any purpose.

## SETTLEMENT AGREEMENT EFFECTIVE DATE,
## RELEASE AND PAYMENT PROCESSES

21.     Upon the "Effective Date," (and except as to such rights or claims as may be created by this Settlement Agreement), each Class Member fully releases and discharges Defendant and Releasees from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Actions, which includes all claims for time worked but not recorded as worked ("off-the-clock" claims) for wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in the Actions under state or federal law between June 4, 2005, until the applicable Release Date as defined in Paragraph 1.i. above. This release includes all off-the-clock and donning and doffing related activities under the FLSA plus all off-the-clock and donning and doffing related claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, and pursuant to express or implied wage contract claims for uncompensated time before and after employees' production shifts at the Waupaca's foundries located in Waupaca and Marinette, Wisconsin, Tell City, Indiana and Etowah, Tennessee. Such off-the-clock claims include any claims derivative of wage claims being released, for the period through the applicable Release Date.  Class Members do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law. This release extends only to departments within the defined Settlement Class, and not to departments of Class Members outside the defined Class.  This

release extends only to departments at the Waupaca and Marinette, Wisconsin, Tell City, Indiana and Etowah, Tennessee locations. No FLSA claims are released by Class Members who did not opt in to these Lawsuits or file a claim under this Settlement Agreement.

22. **Distribution of Settlement Payments to Class Members.**

   a. Within ten (10) days after the deadline for submission of claims, the Claims Administrator will provide final notice to counsel for the Parties including:

   i. An affidavit setting forth the facts of the notice process and reciting the total number of timely claims submitted, and the total number of Class Members who have submitted timely objections;

   ii. A list of the names and addresses of all Class Members who have submitted timely, properly-executed claims in accordance with this Settlement Agreement;

   iii. The dollar amount of the available share (which previously was established pursuant to the rules for allocation in paragraph 6.b. above) that has been claimed by each individual Class Member who has submitted timely, properly-executed claims in accordance with this Settlement Agreement;

   iv. A calculation stating the total amount timely claimed by Class Members in accordance with this Settlement Agreement, and the employer's share of all employer-paid and due taxes on the wage portions of this settlement, including FICA, FUTA and state unemployment taxes.

   v. During this period, the Claims Administrator will make available to the Parties' counsels, upon request by either, copies of any or all Claim Forms and calculations, as well as any objections.

   b. If the Court's final order following the final fairness and approval hearing requires any revisions of any information or calculations, the Claims Administrator will make such revisions and circulate revised information and calculations to the Parties' counsels within ten (10) calendar days of such order.

   c. Within ten (10) calendar days after the settlement Effective Date as defined above in paragraph 1.h., Waupaca will deliver to the Claims Administrator an amount equal to the total of:

   i. The total dollar amount that has been claimed in accordance with this Settlement Agreement; and

11

ii. The employer-paid and due taxes on the wage portions of this Settlement, including FICA, FUTA and state unemployment taxes (which the Claims Administrator shall timely remit to the appropriate taxing authorities as required by law).

d. The Claims Administrator shall mail payments by check to Class Members who have submitted timely claims in compliance with the requirements set forth herein, within fourteen (14) calendar days of the settlement Effective Date as defined above in paragraph 1.h.

e. There shall be included language on the back of each check sent to all Class Members by the Claims Administrator stating: "By accepting this payment, I waive any right to bring suit for back wages under the Fair Labor Standards Act, the Wisconsin Labor Standards Laws, the Indiana Wage Payment Statute and all other applicable state statutory and common laws for the off-the-clock claims through [*the Release Date*] that are at issue in the case. I agree that, by accepting this payment, I have settled all of my claims for any unpaid wages, liquidated damages, interest, and associated penalties through [*the Release Date*] for the matters released as more fully stated in the Settlement Agreement."

f. Class Members shall have six (6) months after the date of initial mailing to cash their settlement checks.

g. If any checks are returned as undeliverable, the Claims Administrator shall update the Class Members' last known mailing address through the National Change of Address program certified by the United States Postal Service or perform other standard skip trace methods and will re-send the check to the new address.

h. All checks shall remain valid and negotiable for six (6) months from the date of their initial issuance and shall thereafter automatically be cancelled if not cashed by the eligible Class Member within that time, at which time the eligible Class Member's right to recover any award under this Settlement Agreement will be deemed void and of no further force and effect. Checks that are not cashed within the negotiable period will not result in unclaimed property under state law. All funds from checks not cashed will revert to Waupaca.

i. Within the time prescribed by applicable law, the Claims Administrator will mail the appropriate Forms W-2 and 1099 to those Class Members to whom checks have been sent as described above.

12

## PARTIES' AUTHORITY

23.     The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

## ENFORCEMENT ACTIONS

24.     This Settlement Agreement is fully enforceable in the U.S. District Court for the Eastern District of Wisconsin before the Honorable William C. Griesbach or such other judge as may be designated in his stead by the procedures of the Court, who shall retain jurisdiction to enforce this Settlement Agreement.

## NOTICES

25.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by the Parties to this Settlement Agreement shall be in writing and shall be addressed as follows:

To Plaintiffs:

T. Joseph Snodgrass
Kelly A. Lelo
**LARSON • KING, LLP**
30 East Seventh Street
Suite 2800
St. Paul, MN 55101
Tel: (651) 312-6500

J. Gordon Rudd, Jr.
**ZIMMERMAN REED, LLP**
1100 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Tel: (612) 341-0400

To Defendant:

Paul E. Benson
Mitchell W. Quick
**MICHAEL BEST & FRIEDRICH LLP**
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
Tel: (414) 271-6560

## CONSTRUCTION

26.     The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting of this Settlement Agreement.

## CAPTIONS AND INTERPRETATIONS

27.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof.  Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

28.     This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

29.     This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, agreed to by the Parties in this matter, are merged herein. No rights hereunder may be waived except in writing.

## NO PRIOR ASSIGNMENTS

30.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors.  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## PLAINTIFFS' COUNSEL SIGNATORIES

31.     It is agreed that because the Class Members are so numerous, it is impossible or impractical and not required to have each Class Member execute this Settlement Agreement. The Notice of Settlement will advise all Class Members of the binding nature of the release and shall have the same force and effect as if this Settlement Agreement were executed by each Class Member.

## PUBLICITY

32.     The representative Plaintiffs, including Plaintiffs' Counsels, shall not issue any press release nor post any information about the Settlement Agreement or its terms on any website or social media.  To the extent any press, websites, social media or any other vehicles have been used in the past by the representative Plaintiffs and/or Plaintiffs' Counsels to promote or otherwise discuss any of the Actions, that promotion and discussion will immediately cease and be removed to the extent practicable. In the Notice Package and claims materials, Class Members will be encouraged not to publicize the amount of their recovery.  This paragraph does not apply to pleadings or agreements provided by the Claims Administrator on a website.

## COUNTERPARTS

33.     This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.  Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

15

Dated: _____  /s/ *Erik B. Ellingson* /pb *signed with permission*
Erik B. Ellingson, General Counsel, on behalf of
Defendant, Waupaca Foundry, Inc.

Dated: _____  /s/ _____
Paul E. Benson, Michael Best & Friedrich LLP,
counsel for Defendant, Waupaca Foundry, Inc.

Dated: _____  /s/ _____
T. Joseph Snodgrass, Larson · King, LLP, as Class
Counsel on behalf of *DeKeyser* Plaintiffs and Class
Action Class, and counsel for the *Garrett* and
*VanHoose* Opt-In Plaintiffs

Dated: _____  /s/ _____
J. Gordon Rudd, Zimmerman Reed, LLP, as Class
Counsel on behalf of *DeKeyser* Plaintiffs and Class
Action Class, and counsel for the *Garrett* and
*VanHoose* Opt-In Plaintiffs

Dated: _____  /s/ _____
J. Russ Bryant, Jackson, Shields, Yeiser & Holt, as
counsel for the *Sarrell* Opt-In Plaintiffs

16

Dated: _____   /s/ _____,
                          Erik B. Ellingson, General Counsel, on behalf of
                          Defendant, Waupaca Foundry, Inc.


Dated: _____   /s/ _____
                          Paul E. Benson, Michael Best & Friedrich LLP,
                          counsel for Defendant, Waupaca Foundry, Inc.


Dated: 8/20/18            /s/ T. Jo S_____
                          T. Joseph Snodgrass, Larson · King, LLP, as Class
                          Counsel on behalf of *DeKeyser* Plaintiffs and Class
                          Action Class, and counsel for the *Garrett* and
                          *VanHoose* Opt-In Plaintiffs


Dated: _____   /s/ _____
                          J. Gordon Rudd, Zimmerman Reed, LLP, as Class
                          Counsel on behalf of *DeKeyser* Plaintiffs and Class
                          Action Class, and counsel for the *Garrett* and
                          *VanHoose* Opt-In Plaintiffs


Dated: _____   /s/ _____
                          J. Russ Bryant, Jackson, Shields, Yeiser & Holt, as
                          counsel for the *Sarrell* Opt-In Plaintiffs

16

Dated:                      /s/ _____,
Erik B. Ellingson, General Counsel, on behalf of
Defendant, Waupaca Foundry, Inc.

Dated:                      /s/ _____
Paul E. Benson, Michael Best & Friedrich LLP,
counsel for Defendant, Waupaca Foundry, Inc.

Dated:                      /s/ _____
T. Joseph Snodgrass, Larson · King, LLP, as Class
Counsel on behalf of *DeKeyser* Plaintiffs and Class
Action Class, and counsel for the *Garrett* and
*VanHoose* Opt-In Plaintiffs

Dated: *August 20, 2018*      /s/ _____
J. Gordon Rudd, Zimmerman Reed, LLP, as Class
Counsel on behalf of *DeKeyser* Plaintiffs and Class
Action Class, and counsel for the *Garrett* and
*VanHoose* Opt-In Plaintiffs

Dated:                      /s/ _____
J. Russ Bryant, Jackson, Shields, Yeiser & Holt, as
counsel for the *Sarrell* Opt-In Plaintiffs

16

Dated:                            /s/                                        ,
Erik B. Ellingson, General Counsel, on behalf of
Defendant, Waupaca Foundry, Inc.

Dated:                            /s/
Paul E. Benson, Michael Best & Friedrich LLP,
counsel for Defendant, Waupaca Foundry, Inc.

Dated:                            /s/
T. Joseph Snodgrass, Larson · King, LLP, as Class
Counsel on behalf of *DeKeyser* Plaintiffs and Class
Action Class, and counsel for the *Garrett* and
*VanHoose* Opt-In Plaintiffs

Dated:                            /s/
J. Gordon Rudd, Zimmerman Reed, LLP, as Class
Counsel on behalf of *DeKeyser* Plaintiffs and Class
Action Class, and counsel for the *Garrett* and
*VanHoose* Opt-In Plaintiffs

Dated: August 20, 2018         /s/J. Russ Bryant
J. Russ Bryant, Jackson, Shields, Yeiser & Holt, as
counsel for the *Sarrell* Opt-In Plaintiffs

16

1.  The phrase "claim category" means the categorical assignment described below based upon a worker's answers on their Claim Form.

2.  The phrase "qualifying work year" for the Rule 23 Wisconsin Class Members means the time spent by a worker in one of the departments identified on their Claim Form and derived from the class definition. The temporal restrictions for the Rule 23 Wisconsin Class Members are June 4, 2006 to October 5, 2017.

3.  The phrase "qualifying work year" for Wisconsin FLSA opt-ins means the time spent by a worker as an hourly-paid production worker as identified on their Claim Form. The temporal restrictions for a Wisconsin FLSA opt-in are June 4, 2005 to October 5, 2017.

4.  The phrase "qualifying work year" for non-Wisconsin FLSA opt-ins who originally opted-in to the *DeKeyser* litigation means the time spent by a worker as an hourly-paid production worker as identified on their Claim Form. The temporal restrictions for a non-Wisconsin FLSA opt-in who originally opted-in to the *DeKeyser* litigation are June 4, 2005 to August 20, 2018.

5.  The phrase "qualifying work year" for the FLSA opt-ins who are not in one of the foregoing categories (*i.e.*, they are "new" Indiana and Tennessee opt-ins) means the time spent by a worker as an hourly-paid production worker (regardless of whether they were paid by Waupaca or WGS Global Services) as identified on their Claim Form. The temporal restrictions for a new Indiana or Tennessee FLSA opt-in are from February 28, 2014 to August 20, 2018.

6.  Partial qualifying work years will be calculated pro-rata by rounding up to the nearest month. For example, a worker employed for just two weeks will be assigned 1/12 of a qualifying work year. A worker employed for six weeks will be assigned 1/6 of a qualifying work year.

7.  A worker can only receive allocation under one claim category. If an employee qualifies for multiple categories based upon his or her Claim Form answers, he or she will be assigned the higher-paying claim category. The claim categories will not be aggregated. For example, a worker will not receive two separate awards for showering (Question 2) and clothing removal (Question 3).

8.  Claim categories will also not be aggregated based upon the fact that an employee may be both a Rule 23 Class Member and an FLSA opt-in.

9.  A worker is eligible for a minimum allocation of $50 per qualifying work-year regardless of his or her answers concerning post-shift activities on the Claim Form.

1

10. Showering: A worker is eligible for an allocation of $600 per qualifying work year if the worker states he / she showered on 90% or more of their work days on the claim form. A worker is eligible for $350 for 50% or greater but less than 90%, and for $175 per work year for 25% or greater but less than 50%. A worker under 25% will be relegated to the minimum allocation, absent a higher allocation for clothing removal.

11. Clothing removal: A worker is eligible for an allocation of $300 per qualifying work year if the worker states he / she removed his / her work clothes on-site after their work shift on 90% or more of their work days on the Claim Form. A worker is eligible for $150 for 50% or greater but less than 90%, and for $75 for 25% or greater but less than 50%. A worker under 25% will be relegated to the minimum allocation.

12. In the event a Claim Form is returned with deficiencies, a reasonable period of time will be allotted for Plaintiffs' Counsel to attempt to cure the deficiencies with the worker. Plaintiffs' Counsel will be authorized to correct deficient Claim Forms through oral or written communications with the worker, or by utilizing employment records.

13. Allocations are subject to a pro rata reduction if valid and approved claims exceed $1,700,000 for all claim categories.

lk1736020

2

# LIST OF REQUESTED SERVICE AWARDS

Settlement Exhibit B

| NAME | REQUESTED SERVICE AWARD AMOUNT |
|---|---|
| Cooper, Thomas | $5,000 |
| Cummings, John | $5,000 |
| DeKeyser, Ryan | $5,000 |
| Lantz, Carlo | $5,000 |
| Riley, Dean, Jr. | $5,000 |
| Wolosek, James | $4,000 |
| Glenetski, Joseph | $3,500 |
| Hernandez, Refugio | $3,000 |
| Wilde, Debra | $3,000 |
| Zynda, Paul | $3,000 |
| Dake, John | $2,000 |
| Fronczak, Niles | $1,500 |
| Garrett, Hoy, Jr. | $1,500 |
| Sarrell, Michael | $1,500 |
| Shadwick, William | $1,500 |
| Shoultz, Lucas | $1,500 |
| Smithers, Ronnie, Jr. | $1,500 |
| VanHoose, Jason | $1,500 |
| Watts, Nathan | $1,500 |
| Williams, Gary | $1,500 |
| Woods, Louis | $1,500 |
| Zemke, Michael | $1,500 |

1734440

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

---

RYAN DeKEYSER, *et al.*, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

-v-

WAUPACA FOUNDRY, INC. f/k/a
THYSSENKRUPP WAUPACA, INC.,

    Defendant.

Civil No. 1:08-cv-488-WCG

---

JASON VANHOOSE, *et al.*,
on behalf of themselves
and others similarly situated,

        Plaintiffs,

v.

WAUPACA FOUNDRY, INC.,

    Defendant.

Case No. 1:18-cv-01193-WCG

---

MICHAEL SARRELL, *et al.*,
on behalf of themselves
and others similarly situated,

        Plaintiffs,

v.

WAUPACA FOUNDRY, INC.,

    Defendant.

Case No. 1:18-cv-01192-WCG

---

HOY GARRETT, JR., *et al.*,

      Plaintiffs,

-v-

WAUPACA FOUNDRY, INC.,

      Defendant.

Civil No.  1:18-cv-01186-WCG

## [PROPOSED] ORDER PRELIMINARILY APPROVING THE PARTIES' PROPOSED SETTLEMENT, APPROVING CLAIM FORMS AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL

This matter came before the Court on _____, 2018, on Plaintiffs' Unopposed Motion Preliminarily Approving the Parties' Proposed Settlement, Approving Claim Forms and Dissemination of Class Notice, and Setting Date for Hearing on Final Approval. (ECF No. ___.) For the reasons stated below and in the accompanying brief, and based upon the Court's review of the Parties' Settlement Agreement (including Exhibits) and all the files and submissions in this matter, the motion is GRANTED and IT IS HEREBY ORDERED:

1.    <u>Settlement Terms</u>. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2.    <u>Jurisdiction</u>. The Court has jurisdiction over the Parties, the subject matter of the dispute, and all Class Members.

3.    <u>Preliminary Findings</u>. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the settlement as set forth in the Settlement Agreement. Based on this preliminary evaluation, the Court finds that (a) the settlement falls within the range of reasonableness meriting further proceedings and possible Final Approval; (b) the Settlement Agreement has been negotiated in good faith and at arm's-length between experienced attorneys familiar with the legal and factual issues of these Actions; and (c) dissemination of the notice of the

1

material terms of the Settlement Agreement to Class Members for their consideration is warranted. The Court therefore grants preliminary approval of the parties' settlement.

4. **Final Fairness and Approval Hearing.** Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Fairness and Approval Hearing on _____, 2018, at _____ a.m. for the purpose of:

a. Determining whether the settlement on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court;

b. Considering the motion of Plaintiffs' Counsel for an award of attorneys' fees, expert witness fees and litigation expenses, as provided for in the Settlement Agreement;

c. Considering the motion of Plaintiffs' Counsel for an award of service payments to the Named Plaintiffs, Class Representatives and other Class Members who assisted Plaintiffs' Counsel in the prosecution of these Actions, as provided for in the Settlement Agreement;

d. Reviewing objections, if any, to the parties' settlement and/or the Settlement Agreement;

e. Considering whether the Court should enter an Order for Final Approval of Collective and Class Action Settlement and dismiss the Actions with prejudice; and

f. Ruling upon any such other matters as the Court may deem necessary and appropriate.

5. No later than_____, which is fourteen (14) days prior to the Final Fairness and Approval Hearing, Plaintiffs must file papers in support of Final Approval of the settlement and respond to any written objections. Defendant may, but is not required to, file papers in support of Final Approval of the settlement, so long as it does so no later than_____.

2

6.    <u>Appearance at Final Fairness and Approval Hearing</u>. Attendance at the Final Fairness and Approval Hearing is not necessary. Any persons wishing to be heard orally with respect to approval of the settlement, the motion for attorneys' fees, expert witness fees and litigation costs, or the motion for service payments to the Named Plaintiffs, Class Representatives and specific Class Members are required to notify the Court in writing of their intention to appear at the Final Fairness and Approval Hearing no later than _____, which is the Objection Deadline (defined below). Any attorney who will be representing anyone at the Final Fairness and Approval Hearing must file a notice of appearance with the Court on or before fourteen (14) days prior to the hearing date. Persons who do not intend to oppose the settlement, or the motions for attorneys' fees, expert witness fees and litigation costs, or service awards need not take any action to indicate their approval.

7.    <u>Objection and Opt-Out Deadline</u>. Settlement Class Members who wish to object to the settlement must do so by _____ ("Objection Deadline"), which is forty-five (45) days after the settlement notice date.

8.    <u>Objections</u>. Any Class Member who intends to object to any aspect of the settlement, including the motions for attorneys' fees, expert witness fees and litigation costs or service awards to Named Plaintiffs, Class Representatives and specific Class Members, must do so on or before the Objection Deadline.  In order to object, the Class Member must file a written objection with the Court on or before the Objection Deadline and serve it via mail to the Claims Administrator and include the name, address, telephone number, and email address of the Class Member objecting and, if represented by counsel, of his/her counsel. An objecting Class Member must state, specifically and in writing, all objections and the reasons for any such objections, and provide a statement whether the Class Member intends to appear at the Final Fairness and Approval Hearing, either with or without counsel.  The Parties will have the same right to seek discovery from

3

any objecting Class Member (and their counsel) as they would if the objector was a party in one of the Actions, including the right to take the objector's deposition. Such discovery will be conducted on an expedited basis, and the objecting Class Member is required to respond and must appear for deposition within fourteen (14) days, if a deposition is noticed. Class Members who fail to timely file and serve written objections, or fail to respond to discovery or make themselves available for deposition, shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement.

Any Class Member who fails to file and submit and serve a timely written objection pursuant to this section, as detailed in the notice, shall not be permitted to object to the approval of the settlement at the Final Fairness and Approval Hearing and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

9. <u>Response to Objections</u>. Any response by the Parties to timely, completed objections must be filed with the Court and served no later than fourteen (14) days prior to the Final Fairness and Approval Hearing. The Parties will have the right to depose any objector to assess whether the objector has standing.

10. <u>Claims Administrator</u>. Pursuant to the Settlement Agreement, Dahl Administration is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

11. <u>Class Notices</u>. The Court approves, as to form and content, the proposed class Notices of Settlement, which are Exhibit D to the Settlement Agreement. The Court finds that the Notices of Settlement are reasonably calculated to apprise Class Members of the pendency of the Actions, their right to object to the proposed settlement and participate in the claims process.

12. <u>Distribution of Class Notices</u>. The Court finds that the distribution of the class Notices of Settlement substantially in the manner and form set forth in the Settlement Agreement

4

and Exhibit D thereto meets the requirement of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.

13.    The Court directs the Claims Administrator to establish a settlement website, making available copies of this Order, the Notices of Settlement, the Settlement Agreement and all Exhibits thereto, instructions on how to submit Claim Forms online or by mail, Orders of the Court pertaining to the settlement, and such other information as may be of assistance to Class Members or required under the Settlement Agreement.

14.    The Claims Administrator is ordered to cause the Notices of Settlement to be disseminated to potential Class Members no later than _____ which is fourteen (14) business days from the date of this Order.

15.    The Claims Administrator shall file with the Court proof of compliance with the class notice plan, proof that Notice of Settlement was provided in accordance with the Settlement Agreement and this Order, as well as proof that Notice of Settlement was provided to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, no later than the date Plaintiffs move for Final Approval of the settlement.

16.    Termination of Settlement. If the settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order.

17.    Use of Order. This Order shall not be used by any Party or otherwise construed as an admission, concession, or a presumption by or against any of the Releasees of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense that he, she, or it may have in the event the Settlement Agreement is terminated. In the

5

event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Releasees, Plaintiffs, or the Class.

18. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with the approval and administration of this settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval by the Court, changes to the form or content of the Notice of Settlement and Claim Forms and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

19. The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

20. <u>Schedule of Future Event</u>. Accordingly, the following are the deadlines by which certain events must occur:

| Date | Deadline to serve Class Action Fairness Act notice required by 28 U.S.C. § 1715 |
|------|--------------------------------------------------------------------------------|
| Date | Preliminary Approval of Class Action Settlement granted |
| Date | Settlement Notice Date |
| Date | Objection Deadline |
| Date | Claims Deadline |
| Date | Deadline for Parties to file the following (1) proof of CAFA Notice and Class Notice; and (2) motion and memorandum in support of Final Approval (including responses to any Objections) and motion for an award of service awards and attorneys' fees, expert witness fees and litigation costs. |
| Date | Final Fairness and Approval Hearing |

6

**IT IS SO ORDERED.**

Dated: _____, 2018

/s/ _____
Honorable William C. Griesbach
United States District Judge

[Case name]
c/o Dahl Administration LLC
PO Box 3613
Minneapolis MN, 55403-0613

# *«Barcode»* «SeqID»

UNIQUE ID: «ClaimantDahlID»
«ClaimantName»
«Addr1»
«Addr2»
«City» «State» «Zip»

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

## *Ryan DeKeyser, et al. v. Waupaca Foundry Inc., f/k/a ThyssenKrupp Waupaca, Inc.*
### Case No. 1:08-cv-00488-WCG

# — NOTICE OF SETTLEMENT —

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

TO:    ALL PERSONS WHO ARE OR WERE EMPLOYED BY WAUPACA FOUNDRY, INC. AT ANY TIME BETWEEN JUNE 4, 2006 THROUGH OCTOBER 5, 2017, AS NONEXEMPT, HOURLY PAID, PRODUCTION EMPLOYEES (DEFINED AS EMPLOYEES IN THE MILLROOM, COREROOM, DISA, SHAKEOUT, MELT, MAINTENANCE, AND MELT MAINTENANCE DEPARTMENTS) AT PLANTS LOCATED IN WAUPACA AND MARINETTE, WISCONSIN, AND WHO ARE NOT OR HAVE NOT BEEN PAID FOR THEIR ON-SITE DONNING, DOFFING OR SHOWERING.

**You have received this notice because records from Waupaca Foundry, Inc. ("Waupaca") indicate that you are a class member who may be entitled to receive money under a proposed settlement. In order to participate in the settlement, you should read this notice carefully.**

**If you participate in this proposed collective and class action settlement, Waupaca will not and cannot retaliate against you for doing so.**

# IMPORTANT LEGAL NOTICE

## PLEASE READ THIS NOTICE CAREFULLY

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A VALID CLAIM FORM BY** ____**, 2018** | The only way to get a payment. |
| DO NOTHING | You will give up rights relating to the legal claims in this Case and you will not receive a settlement payment. |
| OBJECT | Write to the Court if you do not like the settlement and explain why. If the settlement is nonetheless approved, you will still receive a payment if you submit a valid claim and you will be bound by the terms of the settlement despite your objection. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. If the settlement is ultimately approved, you will still receive a payment if you submit a valid claim and you will be bound by the terms of the settlement despite your appearance at a hearing. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this Case still has to decide whether to finally approve the settlement. If the Court approves the settlement, payments will be made after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this Notice?

Waupaca's records appear to show that you work, or previously worked, for Waupaca in the Millroom, Coreroom, Disa/VMM, Shakeout, Melt, Maintenance, and/or Melt Maintenance departments sometime between June 4, 2006 through October 5, 2017. The Court has allowed this Notice to be sent to you to inform you about a proposed global settlement of collective and class action lawsuits, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves the settlement, and after any appeals are resolved, payments will be made to Class Members who submit a valid claim.

This Notice explains the Case, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## 2.    What is the Case about?

Some hourly production employees at the Waupaca and Marinette plants sued Waupaca. These employees contended that Waupaca failed to pay wages to its Millroom, Coreroom, Disa/VMM, Shakeout, Melt, Maintenance, and Melt Maintenance employees for time spent on-site at the plants putting on and taking off protective gear and equipment, showering, and walking to and from the production floor before and after their work-shifts. These employees asserted that the failure to pay these wages violates Wisconsin wage and hour laws.

Waupaca disputed these allegations and asserted that it properly paid its employees in compliance with all state and federal laws.

The parties have decided to settle their dispute to avoid the expense and uncertain outcome of a trial.

Chief Judge William C. Griesbach of the United States District Court for the Eastern District of Wisconsin is overseeing this Case. It is known as *DeKeyser v. Waupaca Foundry, Inc. f/k/a ThyssenKrupp Waupaca, Inc.*, No. 1:08-cv-00488-WCG.

## 3.    What is a class action and who is involved?

The Court overseeing the Case determined that this Case can proceed as a class action under Wisconsin law. In a class action lawsuit, one or more people called "Class Representatives" (in this case Ryan DeKeyser, Thomas Cooper, Carlo Lantz, John Cummings and Debra Wilde) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The employees who sued – and all the Class Members like them – are called the Plaintiffs. The company they sued (here, Waupaca) is called the Defendant. One court resolves the issues for everyone in the Class.

In addition to a class action, there are also federal claims being asserted by individuals employed at Waupaca's Wisconsin, Indiana and Tennessee foundries who previously filed an "opt-in" consent-to-join form with the Court in this lawsuit, *Jason VanHoose, et al. v. Waupaca Foundry, Inc.*, No. 1:18-cv-01193-WCG, *Michael Sarrell, et al. v. Waupaca Foundry, Inc.*, No. 1:18-cv-01192-WCG, or *Hoy Garrett, et al. v. Waupaca Foundry, Inc.*, No. 1:18-cv-01186-WCG. These individuals are called "Opt-in Plaintiffs," and a separate notice and claim form is being sent to them.

## 4.    Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or Defendant. Instead, both sides agreed to a settlement. The Class Representatives and their attorneys think the settlement is best for everyone in the Class. By settling, everyone avoids the cost of trials, and the employees affected will get monetary compensation.

## WHO IS IN THE SETTLEMENT

| 5. How do I know whether I am part of the Settlement? |
|---|

This is a global settlement of the four cases referenced above. The group of individuals receiving this particular Notice is defined as:

> All persons who are or were employed by Waupaca Foundry at any time between June 4, 2006 through October 5, 2017, as nonexempt, hourly paid, production employees (defined as employees in the Millroom, Coreroom, Disa, Shakeout, Melt, Maintenance, and Melt Maintenance departments) at plants located in Waupaca and Marinette, Wisconsin, and who are not or have not been paid for their on-site donning, doffing or showering.

The words "donning" and "doffing" mean putting on and taking off work clothes and/or personal protective equipment.

If it is approved, the settlement will cover all of the Class Members defined above who did not previously exclude themselves from the Class, as well as all of the Opt-in Plaintiffs (collectively "Settlement Class Members"). To be a part of and receive any money pursuant to the settlement, Settlement Class Members must submit a valid claim form by [DATE].

## THE TERMS OF THE SETTLEMENT

| 6. What claims are covered by the Settlement? |
|---|

The settlement will resolve all of the claims the Class Members had and could have brought against Waupaca regarding its alleged failure to pay wages to its non-exempt, hourly paid production employees for the time the employees spent on-site at the plants donning and doffing protective gear and equipment, showering, and walking to and from the production floor under Wisconsin law.

| 7. What are the basic terms of the Settlement? |
|---|

- **Class Fund**: Waupaca will pay $1,700,000, which will be available for settlement payments to Settlement Class Members who submit a valid claim form. Each Settlement Class Member who submits a valid claim form will receive a payment estimated to range from $50 to up to $600 per qualifying work year. Their settlement payment will be calculated based upon their responses in the claim form with regard to whether they engaged in particular post-shift activities (*i.e.*, changing clothes and showering) and the frequency with which they engaged in those activities. Regardless of the responses in the claim form, if you are an eligible Settlement Class Member, you will be entitled to a monetary award up to $50 for pre-shift activities per work year. Your award is subject to a reduction should the amount of valid claims exceed $1,700,000. Settlement checks will become void if not cashed within six (6) months after distribution.

- **Service Payments**: Waupaca will be asked to pay Service Payments to the Named Plaintiffs, Class Representatives and other current and former Waupaca employees who

assisted Plaintiffs' Counsel in prosecuting the Case ranging from $1,500 to $5,000. These Service Payments will not affect the amount of your recovery.

- **Settlement Administration Expenses Award:** Plaintiffs' Counsel will pay the Settlement Administrator for the processing of the settlement, including the expenses of providing notice of the settlement to Class Members, handling the claims administration process, processing payments to Class Members, and handling tax reporting requirements. These settlement administration expenses will not affect the amount of your recovery.

- **Attorneys' Fees, Expert Witness Fees and Costs Award:** The claims at issue have provisions allowing the attorneys to recover their fees, costs and expenses. Waupaca will pay up to $3,500,000.00 to Plaintiffs' Counsel for the various categories of attorneys' fees, costs, expenses, expert witness fees, service awards, class notice and claims administration costs Plaintiffs' Counsel have incurred and will incur through final judgment in representing Plaintiffs and the Class, subject to Court approval. This amount will not fully compensate the attorneys for the time and litigation costs they incurred in prosecuting this case. This amount will not affect the amount of your recovery.

- **Release of Claims**: Upon final approval by the Court, the Class will irrevocably release all state law claims against Waupaca that were brought or that could have been brought based on any facts alleged in the Complaint in this Case. This Release specifically includes any claims for wages, overtime, penalties, liquidated penalties, interest, fees, costs, attorneys' fees and all other forms of relief that were sought or that could have been sought based on the facts alleged in the Complaint. You are not releasing or waiving any claim wholly unrelated to wage and hour claims, such as those covered by workers' compensation law, state or federal discrimination laws, or state or federal unemployment compensation laws. Further, you are not releasing or waiving any claim(s) relating to departments not at issue in the Rule 23 Class.

- **Dismissal of Action**: Upon final approval, the Court will enter a judgment of dismissal of the Case with prejudice, but shall retain jurisdiction to enforce the terms of the settlement.

### HOW YOU CAN GET PAYMENT

| 8. | How can I get a payment? |
|----|--------------------------|

**You must send in a Claim Form to be eligible to receive a payment.** A Claim Form is attached to this Notice. Fill out the Claim Form and return it by mail in the enclosed business return envelope or by fax or e-mail to [Dahl fax, email info]. The Claim Form must be received or post-marked on or before **[75 days from date of Notice mailing]**.

You may also get a Claim Form on the internet at www.Waupacasettlement.com and submit it electronically.

If you are receiving this notice on behalf of a Class Member who has died, and you want to make a claim for benefits, and think you have a right to the proceeds, you can submit a Claim Form. Surviving spouses or family members of Class Members are encouraged to call Plaintiffs'

Counsel, at [insert toll #], and ask to speak to _____, who can assist you in making a claim.

A check for your share of the settlement will be sent to you at your most current address available at the time of payment, so it is important that you tell the Settlement Administrator if you move or your address has changed.

| | |
|---|---|
| **9.** | **When would I get my payment?** |

The Court will hold a hearing on [_____], 2018 to decide whether to finally approve the settlement. If the Court approves the settlement, the parties will then have to wait to see whether there is an appeal. This will take at least thirty (30) days and, if there is an appeal, can take up to a year or more to resolve. In the event of an appeal, information regarding the appeal's progress will be made available at www.Waupacasettlement.com. If there is no appeal, we expect payments will go out within approximately sixty (60) days of the Court's final approval of the settlement. Please be patient.

## THE LAWYERS REPRESENTING YOU

| | |
|---|---|
| **10.** | **Do I have a lawyer in this case?** |

The Court has decided that lawyers from the law firms of Larson • King, LLP, Zimmerman Reed LLP and Barrett Johnston Martin & Garrison, LLC are qualified to represent you and all Class Members. These lawyers are called "Plaintiffs' Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| | |
|---|---|
| **11.** | **Do I have to pay any attorneys or other costs?** |

No, unless you want to be represented by your own lawyer. Your settlement share, and the class fund for employees, will not be increased or reduced by the amounts, if any, awarded to Plaintiffs' Counsel in the Case.

As indicated above, Plaintiffs' Counsel will seek payment of their attorneys' fees, expert witness fees, and litigation costs which must be approved by the Court as part of the final approval of this settlement. Plaintiffs' Counsel has been working on this Case since June 2008, and as yet has not received any attorneys' fees or reimbursements for the costs of the Case.

The settlement is being administered by Dahl Administration, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426.

## OBJECTING TO THE SETTLEMENT

| | |
|---|---|
| **12.** | **If I don't like the Settlement, how do I tell the Court?** |

If you are a Class Member, have <u>not</u> previously excluded yourself from the settlement, and do not like the settlement or the fee request, you can object. You <u>must</u> do so in writing and you <u>must</u> state the reasons why you think the Court should not approve the settlement. If you object, be sure to include your name, address, and telephone number, the name of the Case (*DeKeyser,*

*et al. v. Waupaca Foundry, Inc. f/k/a ThyssenKrupp Waupaca, Inc.*, Case No. 1:08-cv-00488-WCG), the reasons you object to the settlement, whether you plan to appear at the Fairness Hearing, and a signature. You <u>must</u> mail a copy of the objection to the following address **postmarked no later than [45 days after the Notice is first mailed], 2018**:

Waupaca Settlement
c/o Dahl Administration LLC
PO Box 3613
Minneapolis MN, 55403-0613

If you do not follow the procedures for objecting described above, you will be deemed to have waived your right to raise any objection to the settlement.

### THE COURT'S FAIRNESS HEARING

| **13.    When and where will the Court decide to approve the Settlement?** |
| --- |

The Court will hold a Fairness Hearing at [          ] on [          ], 2018, at the United States District Court, Jefferson Court Building, 125 S. Jefferson Street, Green Bay, Wisconsin 54301-4551, before Judge Griesbach. At that hearing, the Court will determine if the settlement is fair, reasonable, adequate, and in the best interests of the groups of Waupaca employees defined in the beginning of this Notice. Any changes to the final hearing date will be posted on the Court's docket.

If there are objections, the Court will consider them. Judge Griesbach will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to finally approve the settlement, including Plaintiffs' Counsel's request for attorneys' fees, costs, settlement administration expenses, and Service Payments. We do not know how long that decision will take.

| **14.    Do I have to come to the hearing?** |
| --- |

No. Plaintiffs' Counsel will answer any questions the Court may have, but you are welcome to attend at your own expense, even if you are satisfied with the settlement. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend and object, but that is not necessary. Any attorney who will be representing anyone at the Fairness Hearing must file a notice of appearance with the Court on or before 14 days prior to the Hearing.

| **15.    May I speak at the hearing?** |
| --- |

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you <u>must</u> send a letter stating you intend to appear at the Fairness Hearing, and indicate whether you intend to appear with counsel. Be sure to include your name, address, phone number, email address and your signature. Your letter <u>must</u> be **postmarked no later than [insert] 2018**, and be sent to the Court, Plaintiffs' Counsel, and Defense Counsel at the three addresses set forth below:

| COURT | PLAINTIFFS' COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| United States District Court<br>Attn: Hon. William Griesbach<br><br>Jefferson Court Building<br>125 S. Jefferson Street<br>Green Bay, WI 54301-4551 | LARSON • KING, L.L.P.<br>T. Joseph Snodgrass<br>Kelly A. Lelo<br>2800 Wells Fargo Place<br>30 E. Seventh Street<br>St. Paul, MN 55101 | Michael Best & Friedrich LLP<br>Paul E. Benson<br>Mitchell W. Quick<br>100 East Wisconsin Avenue<br>Suite 3300<br>Milwaukee, WI 53202 |

## IF YOU DO NOTHING

### 16. What happens if I do nothing at all?

If you do nothing, you will be bound by the terms of the settlement, including the Release described in Section [ ], above and you will not receive a settlement payment. You must submit a valid Claim Form by the deadline of [        ], 2018 to be eligible to receive a settlement payment.

## GETTING MORE INFORMATION

### 17. Are there more details about the Settlement?

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by writing to the Settlement Administrator, [ ], c/o Dahl Administration LLC, PO Box 3613, Minneapolis MN, 55403-0613, or by visiting the website www.Waupacasettlement.com, which has a copy of the Settlement Agreement posted. You may also call the Settlement Administrator with questions regarding the settlement at 1-[ ]. Plaintiffs' motion for final approval of the Settlement Agreement, including Plaintiffs' Counsels' request for attorneys' fees, costs, settlement administration expenses, and Service Payments for certain Plaintiffs will be available for you to review on [        ], 2018 at www.Waupacasettlement.com.

If you have a question for Plaintiffs' Counsel, you can contact _____ at _____.com or [toll free no.] or write to [insert law firm and address].

**PLEASE DO NOT CONTACT THE COURT OR THE JUDGE WITH ANY INQUIRIES.**

lk: 1736321

[Case name]
c/o Dahl Administration LLC
PO Box 3613
Minneapolis MN, 55403-0613

 *«Barcode»* «SeqID»

UNIQUE ID: «ClaimantDahlID»
«ClaimantName»
«Addr1»
«Addr2»
«City» «State» «Zip»

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

*Ryan DeKeyser, et al. v. Waupaca Foundry, Inc., f/k/a ThyssenKrupp Waupaca, Inc.,*
Case No. 1:08-cv-00488-WCG

*Jason VanHoose, et al. v. Waupaca Foundry, Inc.,*
Case No. 1:18-cv-01193-WCG

*Michael Sarrell, et al. v. Waupaca Foundry, Inc.,*
Case No. 1:18-cv-01192-WCG

*Hoy Garrett, et al. v. Waupaca Foundry, Inc.,*
Case No. 1:18-cv-01186-WCG

# — NOTICE OF SETTLEMENT —

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

TO:     ALL PERSONS WHO ARE OR WERE EMPLOYED BY WAUPACA FOUNDRY, INC. AT ANY TIME AFTER JUNE 4, 2005 THROUGH OCTOBER 5, 2017, AS NONEXEMPT, HOURLY PAID, FOUNDRY PRODUCTION EMPLOYEES AT PLANTS LOCATED IN WAUPACA AND MARINETTE, WISCONSIN, AND WHO PREVIOUSLY FILED OPT-IN CONSENTS-TO-JOIN IN THE ABOVE-CAPTIONED *DEKEYSER* ACTION.

**A global settlement between Waupaca Foundry, Inc. ("Waupaca") and employees will provide settlement monies to certain current and former Waupaca employees as compensation for all claims that Waupaca allegedly failed to pay for employee time spent on-site at its plants putting on and taking off protective gear and equipment, showering and walking to and from the production floor before and after their work-shifts.**

**You have received this Notice of proposed settlement because you previously filed an opt-in consent-to-join form in *Ryan DeKeyser, et al. v. Waupaca Foundry, Inc., f/k/a ThyssenKrupp Waupaca, Inc.*, No. 1:08-cv-488-WCG. You should read this notice carefully.**

**If you participate in this proposed collective and class action settlement, Waupaca will not and cannot retaliate against you for doing so.**

## IMPORTANT LEGAL NOTICE

## PLEASE READ THIS NOTICE CAREFULLY

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A VALID CLAIM FORM BY** ____**, 2018** | The only way to get a payment. |
| **DO NOTHING** | You will give up rights relating to the legal claims in this Case and you will not receive a settlement payment. |
| **OBJECT** | Write to the Court if you do not like the settlement and explain why. If the settlement is nonetheless approved, you will still receive a payment if you submit a valid claim and you will be bound by the terms of the settlement despite your objection. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. If the settlement is ultimately approved, you will still receive a payment if you submit a valid claim and you will be bound by the terms of the settlement despite your appearance at a hearing. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this Case still has to decide whether to finally approve the settlement. If the Court approves the settlement, payments will be made after any appeals are resolved. Please be patient.

## BASIC INFORMATION

| 1. | Why did I get this Notice? |
|---|---|

Waupaca's records appear to show that you work, or previously worked, for Waupaca as a nonexempt, hourly paid, foundry production employee at one or more of its plants located in Waupaca and Marinette, Wisconsin, at some time between June 4, 2005 through October 5, 2017, and you previously filed an opt-in consent-to-join form in the *DeKeyser* lawsuit. The Court has allowed this Notice to be sent to you to inform you about a proposed global settlement of collective and class action lawsuits, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves the settlement, and after any appeals are resolved, payments will be made to Class Members who submit a valid claim.

This Notice explains the Case, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. | What is the Case about? |
|----|----|

Some hourly production employees at Waupaca's Wisconsin, Indiana and Tennessee foundries sued Waupaca. These employees contended that Waupaca failed to pay wages to its non-exempt, hourly production employees for time spent on-site at the plants putting on and taking off protective gear and equipment, showering, and walking to and from the production floor before and after their work-shifts. These employees assert that the failure to pay these wages violates the Fair Labor Standards Act ("FLSA"), the Wisconsin Labor Standards Laws and the Indiana Wage Payment Statute.

Waupaca disputed these allegations and asserted that it properly paid its employees in compliance with all state and federal laws.

The parties have decided to settle their dispute to avoid the expense and uncertain outcome of a trial.

Chief Judge William C. Griesbach of the United States District Court for the Eastern District of Wisconsin is overseeing this proposed global settlement.

| 3. | Why is this a collective action and who is involved? |
|----|----|

In a collective action lawsuit, one or more people called "Class Representatives" (here, Ryan DeKeyser, Thomas Cooper, and Carlo Lantz) sue on behalf of other people who have similar claims. In 2009, the Court overseeing the *DeKeyser* case determined that it could proceed as a collective action under the federal FLSA. This allows the claims in the case to be resolved for a large group at one time, rather than requiring individual suits for the same types of claims.

Notice was issued and then-current and former Waupaca employees filed opt-in consent-to-join forms in order to affirmatively join the *DeKeyser* lawsuit. Since that time, additional Waupaca employees filed opt-in consent-to-join forms in cases captioned *Jason VanHoose, et al. v. Waupaca Foundry, Inc.*, No. 1:18-cv-01193-WCG, *Michael Sarrell, et al. v. Waupaca Foundry, Inc.*, No. 1:18-cv-01192-WCG, or *Hoy Garrett, et al. v. Waupaca Foundry, Inc.*, No. 1:18-cv-01186-WCG. Collectively, all four cases are referred to throughout this Notice as "the Case."

The people who opted-in together are a "FLSA Class" or "FLSA Class Members." The employees who sued – and all the FLSA Class Members like them – are called the Plaintiffs. The company they sued (here, Waupaca) is called the Defendant. One court resolves the issues for everyone in the FLSA Class.

In addition to a collective action, there are also Wisconsin state claims being asserted by a certified class of individuals employed at Waupaca's Waupaca and Marinette, Wisconsin foundries who did not previously opt-in to the *DeKeyser* case. A separate notice and claim form is being sent to those employees.

| 4. | Why is there a Settlement? |
| --- | --- |

The Court did not decide in favor of the Plaintiffs or Defendant. Instead, both sides agreed to a global settlement of all four cases. The Class Representatives and their attorneys think the settlement is best for everyone in the Class. By settling, everyone avoids the cost of trials, and the employees affected will get monetary compensation.

## WHO IS IN THE SETTLEMENT

| 5. | How do I know whether I am part of the Settlement? |
| --- | --- |

This Settlement is a global settlement of the four cases referenced above. The group of individuals receiving this particular Notice is defined as:

> All persons who are or were employed by Waupaca Foundry at any time after June 4, 2005 through October 5, 2017, as nonexempt, hourly paid, foundry production employees at plants located in Waupaca and Marinette, Wisconsin, who previously filed opt-in consents to join the *DeKeyser* case, and who are not or have not been paid for their on-site donning, doffing or showering.

The words "donning" and "doffing" mean putting on and taking off work clothes and/or personal protective equipment

You have received this Notice because you previously filed a consent-to-join in this Case and, as a result, you are a member of the FLSA Class.

If it is approved, the global settlement will cover all FLSA Class Members who did not previously exclude themselves from the FLSA Class, as well as the members of the Wisconsin state law class previously discussed (collectively "Settlement Class Members"). To be a part of and receive any money pursuant to the Settlement, all Settlement Class Members must submit a valid claim by [DATE].

## THE TERMS OF THE SETTLEMENT

| 6. | What claims are covered by the Settlement? |
| --- | --- |

The Settlement will resolve all of the claims FLSA Class Members could have brought against Waupaca regarding its alleged failure to pay wages to its non-exempt, hourly production employees for the time the employees spent on-site at the plants donning and doffing protective gear and equipment, showering, and walking to and from the production floor under the FLSA and Wisconsin, Indiana and Tennessee laws.

| 7. | What are the basic terms of the Settlement? |
| --- | --- |

- **Class Fund**: Waupaca will pay $1,700,000, which will be available for settlement payments to Settlement Class Members who submit a valid claim form. Each Settlement Class Member who submits a valid claim form will receive a payment estimated to range from $50 to up to $600 per qualifying work year. Their settlement payment will be

calculated based upon their responses in the claim form with regard to whether they engaged in particular post-shift activities (*i.e.*, changing clothes and showering) and the frequency with which they engaged in those activities. Regardless of the responses in the claim form, if you are an eligible Settlement Class Member, you will be entitled to a monetary award up to $50 for pre-shift activities per work year. Your award is subject to a reduction should the amount of valid claims exceed $1,700,000. Settlement checks will become void if not cashed within six (6) months after distribution.

- **Service Payments**: Waupaca will be asked to pay service payments to the Named Plaintiffs, Class Representatives and other current and former Waupaca employees who assisted Plaintiffs' Counsel in prosecuting the case ranging from $1,500 to $5,000, subject to Court approval. These service payments will not affect the amount of your recovery.

- **Settlement Administration Expenses Award:** Plaintiffs' Counsel will pay the Settlement Administrator for the processing of the Settlement, including the expenses of providing notice of the Settlement to Class Members, handling the claims administration process, processing payments to Class Members, and handling tax reporting requirements.

- **Attorneys' Fees, Expert Witness Fees and Costs Award:** The claims at issue have provisions allowing the attorneys to recover their fees, costs and expenses. Waupaca will pay up to $3,500,000.00 to Plaintiffs' Counsel for the various categories of attorneys' fees, costs, expenses, expert witness fees, service awards, class notice and claims administration costs Plaintiffs' Counsel have incurred and will incur through final judgment in representing Plaintiffs and the Class, subject to Court approval. This amount will not fully compensate the attorneys for the time and litigation costs they incurred in prosecuting this case. This amount will not affect the amount of your recovery.

- **Release of Claims**: Upon final approval by the Court, the FLSA Class will irrevocably release all claims against Waupaca that were brought or that could have been brought based on any facts alleged in the Complaint in this Case. This Release specifically includes any claims for wages, overtime, penalties, liquidated damages, interest, fees, costs, attorneys' fees and all other forms of relief that were sought or that could have been sought based on the facts alleged in the Complaint. You are not releasing or waiving any claim wholly unrelated to wage and hour claims, such as those covered by workers' compensation law, state or federal discrimination laws, or state or federal unemployment compensation laws.

- **Dismissal of Action**: Upon final approval, the Court will enter a judgment of dismissal of the Case with prejudice, but shall retain jurisdiction to enforce the terms of the settlement.

| 8. | What am I giving up to get a payment? |
|---|---|

You are not giving up any new rights by being in the FLSA Class because you already agreed to be bound by any judgment on your FLSA claims when you filled out and submitted your consent-to-join form and joined the Case. You cannot exclude yourself from the FLSA Class.

## HOW YOU CAN GET PAYMENT

| **9.** | **How can I get a payment?** |
|---|---|

**You must send in a Claim Form to be eligible to receive a payment.** A Claim Form is attached to this Notice. Fill out the form and return it by mail in the enclosed business return envelope or by fax or e-mail to [Dahl fax, email info]. The Claim Form must be received or post-marked on or before **[75 days from date of Notice mailing]**.

You may also get a claim form on the internet at www.Waupacasettlement.com and submit it electronically.

If you are receiving this notice on behalf of a Settlement Class Member who has died, and you want to make a claim for benefits, and think you have a right to the proceeds, you can submit a claim. Surviving spouses or family members of Settlement Class Members are encouraged to call Plaintiffs' Counsel, at [insert toll #], and ask to speak to _____, who can assist you in making a claim.

A check for your share of the settlement will be sent to you at your most current address available at the time of payment, so it is important that you tell the Settlement Administrator if you move or your address has changed.

| **10.** | **When would I get my payment?** |
|---|---|

The Court will hold a hearing on [ ], 2018 to decide whether to finally approve the settlement. If the Court approves the settlement, the parties will then have to wait to see whether there is an appeal. This will take at least thirty (30) days and, if there is an appeal, can take up to a year or more to resolve. In the event of an appeal, information regarding the appeal's progress will be made available at www.Waupacasettlement.com. If there is no appeal, we expect payments will go out within approximately sixty (60) days of the Court's final approval of the settlement. Please be patient.

## THE LAWYERS REPRESENTING YOU

| **11.** | **Do I have a lawyer in this case?** |
|---|---|

The Court has decided that lawyers from the law firms of Larson • King, LLP, Zimmerman Reed LLP and Barrett Johnston Martin & Garrison, LLC are qualified to represent you and all Settlement Class Members. These lawyers are called "Plaintiffs' Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **12.** | **Do I have to pay any attorneys or other costs?** |
|---|---|

No, unless you want to be represented by your own lawyer. Your settlement share, and the class fund for employees, will not be increased or reduced by the amounts, if any, awarded to Plaintiffs' Counsel in the Case.

As indicated above, Plaintiffs' Counsel will seek payment of their attorneys' fees, expert witness fees, and litigation costs which must be approved by the Court as part of the final approval of this settlement. Plaintiffs' Counsel has been working on this Case since June 2008, and as yet has not received any attorneys' fees or reimbursements for the costs of the Case.

The Settlement is being administered by Dahl Administration, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426.

## OBJECTING TO THE SETTLEMENT

| **13.** | **If I don't like the Settlement, how do I tell the Court?** |
|---|---|

If you are a FLSA Class Member, have not previously excluded yourself from the Case, and do not like the settlement or the fee request, you can object. You must do so in writing and you must state the reasons why you think the Court should not approve the settlement. If you object, be sure to include your name, address, and telephone number, the name of the lead case (*DeKeyser, et al. v. Waupaca Foundry, Inc., f/k/a ThyssenKrupp Waupaca, Inc.*, Case No. 1:08-cv-00488-WCG), the reasons you object to the settlement, whether you plan to appear at the final fairness hearing, and a signature. You must mail a copy of the objection to the following address **postmarked no later than [45 days after the Notice is first mailed], 2018**:

Waupaca Settlement
c/o Dahl Administration LLC
PO Box 3613
Minneapolis MN, 55403-0613

If you do not follow the procedures for objecting described above, you will be deemed to have waived your right to raise any objection to the settlement.

## THE COURT'S FAIRNESS HEARING

| **14.** | **When and where will the Court decide to approve the Settlement?** |
|---|---|

The Court will hold a Fairness Hearing at [          ] on [          ], 2018, at the United States District Court, Jefferson Court Building, 125 S. Jefferson Street, Green Bay, Wisconsin 54301-4551, before Judge Griesbach. At that hearing, the Court will determine if the settlement is fair, reasonable, adequate, and in the best interests of the groups of Waupaca employees defined in the beginning of this Notice. Any changes to the final hearing date will be posted on the Court's docket.

If there are objections, the Court will consider them. Judge Griesbach will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to finally approve the Settlement, including Plaintiffs' Counsel's request for attorneys' fees, costs, Settlement Administration Expenses, and Service Payments. We do not know how long that decision will take.

| 15. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No. Plaintiffs' Counsel will answer any questions the Court may have, but you are welcome to attend at your own expense, even if you are satisfied with the settlement. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend and object, but that is not necessary. Any attorney who will be representing anyone at the Fairness Hearing must file a notice of appearance with the Court on or before 14 days prior to the Hearing.

| 16. | May I speak at the hearing? |
|-----|-----------------------------|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you <u>must</u> send a letter stating you intend to appear at the final fairness and approval hearing, and indicate whether you intend to appear with counsel. Be sure to include your name, address, phone number, email address and your signature. Your letter <u>must</u> be **postmarked no later than [insert] 2018**, and be sent to the Court, Plaintiffs' Counsel, and Defense Counsel at the three addresses set forth below:

| COURT | PLAINTIFFS' COUNSEL | DEFENSE COUNSEL |
|-------|---------------------|-----------------|
| United States District Court<br>Attn: Hon. William Griesbach<br>Jefferson Court Building<br>125 S. Jefferson Street<br>Green Bay, WI 54301-4551 | LARSON • KING, L.L.P.<br>T. Joseph Snodgrass<br>Kelly A. Lelo<br>2800 Wells Fargo Place<br>30 E. Seventh Street<br>St. Paul, MN 55101 | Michael Best & Friedrich LLP<br>Paul E. Benson<br>Mitchell W. Quick<br>100 East Wisconsin Avenue<br>Suite 3300<br>Milwaukee, WI 53202 |

**IF YOU DO NOTHING**

| 17. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, you will be bound by the terms of the settlement, including the Release described in Section [ ], above and you will not receive a settlement payment. You must submit a valid Claim Form by the deadline of [        ], 2018 to be eligible to receive a settlement payment.

**GETTING MORE INFORMATION**

| 18. | Are there more details about the Settlement? |
|-----|----------------------------------------------|

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by writing to the Settlement Administrator, [        ], c/o Dahl Administration LLC, PO Box 3613, Minneapolis MN, 55403-0613, or by visiting the website www.Waupacasettlement.com, which has a copy of the Settlement Agreement posted. You may also call the Settlement Administrator with questions regarding the Settlement at 1-[        ]. Plaintiffs' motion for final approval of the settlement agreement, including Plaintiffs' Counsel's request for attorneys' fees, costs, Settlement Administration

Expenses, and Service Awards for certain Plaintiffs will be available for you to review on [    ], 2018 at www.Waupacasettlement.com.

If you have a question for Plaintiffs' Counsel, you can contact _____ at _____.com or [toll free no.] or write to [insert law firm and address].

**PLEASE DO NOT CONTACT THE COURT OR THE JUDGE WITH ANY INQUIRIES.**

lk1736702

[Case name]
c/o Dahl Administration LLC
PO Box 3613
Minneapolis MN, 55403-0613

## *«Barcode»* «SeqID»

UNIQUE ID: «ClaimantDahlID»
«ClaimantName»
«Addr1»
«Addr2»
«City» «State» «Zip»

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

*Ryan DeKeyser, et al. v. Waupaca Foundry, Inc., f/k/a ThyssenKrupp Waupaca, Inc.,*
Case No. 1:08-cv-00488-WCG

*Jason VanHoose, et al. v. Waupaca Foundry, Inc.,*
Case No. 1:18-cv-01193-WCG

*Michael Sarrell, et al. v. Waupaca Foundry, Inc.,*
Case No. 1:18-cv-01192-WCG

*Hoy Garrett, et al. v. Waupaca Foundry, Inc.,*
Case No. 1:18-cv-01186-WCG

# — NOTICE OF SETTLEMENT —

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

TO:    ALL PERSONS WHO ARE OR WERE EMPLOYED BY WAUPACA FOUNDRY, INC. AT ANY TIME AFTER JUNE 4, 2005 THROUGH [DATE OF SA EXECUTION], AS NONEXEMPT, HOURLY PAID, FOUNDRY PRODUCTION EMPLOYEES AT PLANTS LOCATED IN TELL CITY, INDIANA AND ETOWAH, TENNESSEE, AND WHO PREVIOUSLY FILED OPT-IN CONSENTS-TO-JOIN IN THE ABOVE-CAPTIONED *DEKEYSER* ACTION.

**A global settlement between Waupaca Foundry, Inc. ("Waupaca") and employees will provide settlement monies to certain current and former Waupaca employees as compensation for all claims that Waupaca allegedly failed to pay for employee time spent on-site at its plants putting on and taking off protective gear and equipment, showering and walking to and from the production floor before and after their work-shifts.**

You have received this Notice of a proposed collective and class action settlement because you previously filed an opt-in consent-to-join form in the lawsuit captioned *Ryan DeKeyser, et al. v. Waupaca Foundry, Inc., f/k/a ThyssenKrupp Waupaca, Inc.*, No. 1:08-cv-488-WCG. You should read this notice carefully.

If you participate in this proposed collective and class action settlement, Waupaca will not and cannot retaliate against you for doing so.

## IMPORTANT LEGAL NOTICE

## PLEASE READ THIS NOTICE CAREFULLY

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A VALID CLAIM FORM BY** ____, 2018 | The only way to get a payment. |
| DO NOTHING | You will give up rights relating to the legal claims in this Case and you will not receive a settlement payment. |
| OBJECT | Write to the Court if you do not like the settlement and explain why. If the settlement is nonetheless approved, you will still receive a payment if you submit a valid claim and you will be bound by the terms of the settlement despite your objection. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. If the settlement is ultimately approved, you will still receive a payment if you submit a valid claim and you will be bound by the terms of the settlement despite your appearance at a hearing. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this Case still has to decide whether to finally approve the settlement. If the Court approves the settlement, payments will be made after any appeals are resolved. Please be patient.

### BASIC INFORMATION

| 1. | Why did I get this Notice? |
|---|---|

Waupaca's records appear to show that you work, or previously worked, for Waupaca as a nonexempt, hourly paid, foundry production employee at either or both of its plants located in Tell City, Indiana and Etowah, Tennessee, at some time between June 4, 2005 through [date of SA execution], and you previously filed an opt-in consent-to-join form in the *DeKeyser* lawsuit. The Court has allowed this Notice to be sent to you to inform you about a proposed global settlement of collective and class action lawsuits, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves the settlement, and after any appeals are resolved, payments will be made to Class Members who submit a valid claim.

This Notice explains the Case, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. | What is the Case about? |
|---|---|

Some hourly production employees at Waupaca's Wisconsin, Indiana and Tennessee foundries sued Waupaca. These employees contended that Waupaca failed to pay wages to its non-exempt, hourly production employees for time spent on-site at the plants putting on and taking off protective gear and equipment, showering, and walking to and from the production floor before and after their work-shifts. These employees assert that the failure to pay these wages violates the Fair Labor Standards Act ("FLSA"), Wisconsin Labor Standards Laws and the Indiana Wage Payment Statute.

Waupaca disputed these allegations and asserted that it properly paid its employees in compliance with all state and federal laws.

The parties have decided to settle their dispute to avoid the expense and uncertain outcome of a trial.

Chief Judge William C. Griesbach of the United States District Court for the Eastern District of Wisconsin is overseeing this proposed global settlement.

| 3. | Why is this a collective action and who is involved? |
|---|---|

In a collective action lawsuit, one or more people called "Class Representatives" (here, Ryan DeKeyser, Thomas Cooper, and Carlo Lantz) sue on behalf of other people who have similar claims. In 2009, the Court overseeing the *DeKeyser* case determined that it could proceed as a collective action under the federal FLSA. This allows the claims in the case to be resolved for a large group at one time, rather than requiring individual suits for the same types of claims.

Notice was issued and then-current and former Waupaca employees filed opt-in consent-to-join forms in order to affirmatively join the *DeKeyser* lawsuit. Since that time, additional Waupaca employees filed opt-in consent-to-join forms in cases captioned *Jason VanHoose, et al. v. Waupaca Foundry, Inc.*, No. 1:18-cv-01193-WCG, *Michael Sarrell, et al. v. Waupaca Foundry, Inc.*, No. 1:18-cv-01192-WCG, or *Hoy Garrett, et al. v. Waupaca Foundry, Inc.*, No. 1:18-cv-01186-WCG. Collectively, all four cases are referred to throughout this Notice as "the Case."

The people who opted-in together are a "FLSA Class" or "FLSA Class Members." The employees who sued – and all the FLSA Class Members like them – are called the Plaintiffs. The company they sued (here, Waupaca) is called the Defendant. One court resolves the issues for everyone in the FLSA Class.

In addition to a collective action, there are also Wisconsin state claims being asserted by a certified class of individuals employed at Waupaca's Waupaca and Marinette, Wisconsin foundries who did not previously opt-in to the *DeKeyser* case. A separate notice and claim form is being sent to those employees.

| 4. | Why is there a Settlement? |
|----|----------------------------|

The Court did not decide in favor of the Plaintiffs or Defendant. Instead, both sides agreed to a global settlement of all four cases. The Class Representatives and their attorneys think the settlement is best for everyone in the Class. By settling, everyone avoids the cost of trials, and the employees affected will get monetary compensation.

## WHO IS IN THE SETTLEMENT

| 5. | How do I know whether I am part of the Settlement? |
|----|----------------------------------------------------|

This Settlement is a global settlement of the four cases referenced above. The group of individuals receiving this particular Notice is defined as:

> All persons who are or were employed by Waupaca Foundry at any time between June 4, 2005 through [date of settlement execution], as nonexempt, hourly paid, foundry production employees at plants located in Tell City, Indiana and Etowah, Tennessee, who previously filed opt-in consents to join one of the above-captioned actions, and who are not or have not been paid for their on-site donning, doffing or showering.

The words "donning" and "doffing" mean putting on and taking off work clothes and/or personal protective equipment

You have received this Notice because you previously filed a consent-to-join in this Case and, as a result, you are a member of the FLSA Class.

If it is approved, the global settlement will cover all FLSA Class Members who did not previously exclude themselves from the FLSA Class, as well as the members of the Wisconsin state law class previously discussed (collectively "Settlement Class Members"). To be a part of and receive any money pursuant to the Settlement, all Settlement Class Members must submit a valid claim by [DATE].

## THE TERMS OF THE SETTLEMENT

| 6. | What claims are covered by the Settlement? |
|----|--------------------------------------------|

The Settlement will resolve all of the claims FLSA Class Members could have brought against Waupaca regarding its alleged failure to pay wages to its non-exempt, hourly production employees for the time the employees spent on-site at the plants donning and doffing protective gear and equipment, showering, and walking to and from the production floor under the FLSA and Wisconsin, Indiana and Tennessee laws.

| 7. | What are the basic terms of the Settlement? |
|----|---------------------------------------------|

- **Class Fund**: Waupaca will pay $1,700,000, which will be available for settlement payments to Settlement Class Members who submit a valid claim form. Each Settlement Class Member who submits a valid claim form will receive a payment estimated to range

from $50 to up to $600 per qualifying work year. Their settlement payment will be calculated based upon their responses in the claim form with regard to whether they engaged in particular post-shift activities (*i.e.*, changing clothes and showering) and the frequency with which they engaged in those activities. Regardless of the responses in the claim form, if you are an eligible Settlement Class Member, you will be entitled to a monetary award up to $50 for pre-shift activities per work year. Your award is subject to a reduction should the amount of valid claims exceed $1,700,000. Settlement checks will become void if not cashed within six (6) months after distribution.

- **Service Payments**: Waupaca will be asked to pay service payments to the Named Plaintiffs, Class Representatives and other current and former Waupaca employees who assisted Plaintiffs' Counsel in prosecuting the case ranging from $1,500 to $5,000, subject to Court approval. These service payments will not affect the amount of your recovery.

- **Settlement Administration Expenses Award:** Plaintiffs' Counsel will pay the Settlement Administrator for the processing of the Settlement, including the expenses of providing notice of the Settlement to Class Members, handling the claims administration process, processing payments to Class Members, and handling tax reporting requirements.

- **Attorneys' Fees, Expert Witness Fees and Costs Award:** The claims at issue have provisions allowing the attorneys to recover their fees, costs and expenses. Waupaca will pay up to $3,500,000.00 to Plaintiffs' Counsel for the various categories of attorneys' fees, costs, expenses, expert witness fees, service awards, class notice and claims administration costs Plaintiffs' Counsel have incurred and will incur through final judgment in representing Plaintiffs and the Class, subject to Court approval. This amount will not fully compensate the attorneys for the time and litigation costs they incurred in prosecuting this case. This amount will not affect the amount of your recovery.

- **Release of Claims**: Upon final approval by the Court, the FLSA Class will irrevocably release all claims against Waupaca that were brought or that could have been brought based on any facts alleged in the Complaint in this Case. This Release specifically includes any claims for wages, overtime, penalties, liquidated damages, interest, fees, costs, attorneys' fees and all other forms of relief that were sought or that could have been sought based on the facts alleged in the Complaint. You are not releasing or waiving any claim wholly unrelated to wage and hour claims, such as those covered by workers' compensation law, state or federal discrimination laws, or state or federal unemployment compensation laws.

- **Dismissal of Action**: Upon final approval, the Court will enter a judgment of dismissal of the Case with prejudice, but shall retain jurisdiction to enforce the terms of the settlement.

| 8. | What am I giving up to get a payment? |
|---|---|

You are not giving up any new rights by being in the FLSA Class because you already agreed to be bound by any judgment on your FLSA claims when you filled out and submitted your consent-to-join form and joined the Case. You cannot exclude yourself from the FLSA Class.

## HOW YOU CAN GET PAYMENT

| 9. | How can I get a payment? |
|---|---|

**You must send in a Claim Form to be eligible to receive a payment.** A Claim Form is attached to this Notice. Fill out the form and return it by mail in the enclosed business return envelope or by fax or e-mail to [Dahl fax, email info]. The Claim Form must be received or post-marked on or before **[75 days from date of Notice mailing]**.

You may also get a claim form on the internet at www.Waupacasettlement.com and submit it electronically.

If you are receiving this notice on behalf of a Settlement Class Member who has died, and you want to make a claim for benefits, and think you have a right to the proceeds, you can submit a claim. Surviving spouses or family members of Settlement Class Members are encouraged to call Plaintiffs' Counsel, at [insert toll #], and ask to speak to _____, who can assist you in making a claim.

A check for your share of the settlement will be sent to you at your most current address available at the time of payment, so it is important that you tell the Settlement Administrator if you move or your address has changed.

| 10. | When would I get my payment? |
|---|---|

The Court will hold a hearing on [_____], 2018 to decide whether to finally approve the settlement. If the Court approves the settlement, the parties will then have to wait to see whether there is an appeal. This will take at least thirty (30) days and, if there is an appeal, can take up to a year or more to resolve. In the event of an appeal, information regarding the appeal's progress will be made available at www.Waupacasettlement.com. If there is no appeal, we expect payments will go out within approximately sixty (60) days of the Court's final approval of the settlement. Please be patient.

## THE LAWYERS REPRESENTING YOU

| 11. | Do I have a lawyer in this case? |
|---|---|

The Court has decided that lawyers from the law firms of Larson • King, LLP, Zimmerman Reed LLP, Barrett Johnston Martin & Garrison, LLC, and Biesecker Dutkanych & Macer, LLC are qualified to represent you and the other individuals receiving this Notice. These lawyers are called "Plaintiffs' Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 12. | Do I have to pay any attorneys or other costs? |
|---|---|

No, unless you want to be represented by your own lawyer. Your settlement share, and the class fund for employees, will not be increased or reduced by the amounts, if any, awarded to Plaintiffs' Counsel in the Case.

As indicated above, Plaintiffs' Counsel will seek payment of their attorneys' fees, expert witness fees, and litigation costs which must be approved by the Court as part of the final approval of this settlement. Plaintiffs' Counsel has been working on this Case since June 2008, and as yet has not received any attorneys' fees or reimbursements for the costs of the Case.

The Settlement is being administered by Dahl Administration, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426.

## OBJECTING TO THE SETTLEMENT

| 13. | If I don't like the Settlement, how do I tell the Court? |
|---|---|

If you are a FLSA Class Member, have not previously excluded yourself from the Case, and do not like the settlement or the fee request, you can object. You must do so in writing and you must state the reasons why you think the Court should not approve the settlement. If you object, be sure to include your name, address, and telephone number, the name of the lead case (*DeKeyser, et al. v. Waupaca Foundry, Inc., f/k/a ThyssenKrupp Waupaca, Inc.*, Case No. 1:08-cv-00488-WCG), the reasons you object to the settlement, whether you plan to appear at the final fairness hearing, and a signature. You must mail a copy of the objection to the following address **postmarked no later than [45 days after the Notice is first mailed], 2018**:

Waupaca Settlement
c/o Dahl Administration LLC
PO Box 3613
Minneapolis MN, 55403-0613

If you do not follow the procedures for objecting described above, you will be deemed to have waived your right to raise any objection to the settlement.

## THE COURT'S FAIRNESS HEARING

| 14. | When and where will the Court decide to approve the Settlement? |
|---|---|

The Court will hold a Fairness Hearing at [        ] on [        ], 2018, at the United States District Court, Jefferson Court Building, 125 S. Jefferson Street, Green Bay, Wisconsin 54301-4551, before Judge Griesbach. At that hearing, the Court will determine if the settlement is fair, reasonable, adequate, and in the best interests of the groups of Waupaca employees defined in the beginning of this Notice. Any changes to the final hearing date will be posted on the Court's docket.

If there are objections, the Court will consider them. Judge Griesbach will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to finally approve the Settlement, including Plaintiffs' Counsel's request for attorneys' fees, costs,

Settlement Administration Expenses, and Service Payments. We do not know how long that decision will take.

| 15. | Do I have to come to the hearing? |
|---|---|

No. Plaintiffs' Counsel will answer any questions the Court may have, but you are welcome to attend at your own expense, even if you are satisfied with the settlement. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend and object, but that is not necessary. Any attorney who will be representing anyone at the Fairness Hearing must file a notice of appearance with the Court on or before 14 days prior to the Hearing.

| 16. | May I speak at the hearing? |
|---|---|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you <u>must</u> send a letter stating you intend to appear at the final fairness and approval hearing, and indicate whether you intend to appear with counsel. Be sure to include your name, address, phone number, email address and your signature. Your letter <u>must</u> be **postmarked no later than [insert] 2018**, and be sent to the Court, Plaintiffs' Counsel, and Defense Counsel at the three addresses set forth below:

| COURT | PLAINTIFFS' COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| United States District Court Attn: Hon. William Griesbach Jefferson Court Building 125 S. Jefferson Street Green Bay, WI 54301-4551 | LARSON • KING, L.L.P. T. Joseph Snodgrass Kelly A. Lelo 2800 Wells Fargo Place 30 E. Seventh Street St. Paul, MN 55101 | Michael Best & Friedrich LLP Paul E. Benson Mitchell W. Quick 100 East Wisconsin Avenue Suite 3300 Milwaukee, WI 53202 |

## IF YOU DO NOTHING

| 17. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will be bound by the terms of the settlement, including the Release described in Section [ ], above and you will not receive a settlement payment. You must submit a valid Claim Form by the deadline of [          ], 2018 to be eligible to receive a settlement payment.

## GETTING MORE INFORMATION

| 18. | Are there more details about the Settlement? |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by writing to the Settlement Administrator, [ ], c/o Dahl Administration LLC, PO Box 3613, Minneapolis MN, 55403-0613, or by visiting the website www.Waupacasettlement.com, which has a copy of the Settlement Agreement posted.

You may also call the Settlement Administrator with questions regarding the Settlement at 1-[ ]. Plaintiffs' motion for final approval of the settlement agreement, including Plaintiffs' Counsel's request for attorneys' fees, costs, Settlement Administration Expenses, and Service Awards for certain Plaintiffs will be available for you to review on [ ], 2018 at www.Waupacasettlement.com.

If you have a question for Plaintiffs' Counsel, you can contact _____ at _____.com or [toll free no.] or write to [insert law firm and address].

**PLEASE DO NOT CONTACT THE COURT OR THE JUDGE WITH ANY INQUIRIES.**

lk1736699

[Case name]
c/o Dahl Administration LLC
PO Box 3613
Minneapolis MN, 55403-0613

**\*«Barcode»\*** «SeqID»

UNIQUE ID: «ClaimantDahlID»
«ClaimantName»
«Addr1»
«Addr2»
«City» «State» «Zip»

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

*Ryan DeKeyser, et al. v. Waupaca Foundry, Inc., f/k/a ThyssenKrupp Waupaca, Inc.,*
Case No. 1:08-cv-00488-WCG

*Jason VanHoose, et al. v. Waupaca Foundry, Inc.,*
Case No. 1:18-cv-01193-WCG

*Michael Sarrell, et al. v. Waupaca Foundry, Inc.,*
Case No. 1:18-cv-01192-WCG

*Hoy Garrett, et al. v. Waupaca Foundry, Inc.,*
Case No. 1:18-cv-01186-WCG

# — NOTICE OF SETTLEMENT —

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

TO:   ALL PERSONS WHO ARE OR WERE EMPLOYED BY WAUPACA FOUNDRY, INC.—REGARDLESS OF WHETHER THEY WERE PAID BY WAUPACA FOUNDRY OR WGS GLOBAL SERVICES ("WGS")—AT ANY TIME AFTER FEBRUARY 28, 2014 THROUGH [DATE OF SA EXECUTION], AS NONEXEMPT, HOURLY PAID, FOUNDRY PRODUCTION EMPLOYEES AT PLANTS LOCATED IN TELL CITY, INDIANA AND ETOWAH, TENNESSEE, AND WHO PREVIOUSLY FILED OPT-IN CONSENTS-TO-JOIN IN ONE OF THE ABOVE-CAPTIONED ACTIONS.

**A global settlement between Waupaca Foundry, Inc. ("Waupaca") and employees will provide settlement monies to certain current and former Waupaca employees as compensation for all claims that Waupaca allegedly failed to pay for employee time spent on-site at its plants putting on and taking off protective gear and equipment, showering and walking to and from the production floor before and after their work-shifts.**

You have received this Notice of a proposed collective and class action settlement because you previously filed an opt-in consent-to-join form in one of the actions listed above. You should read this Notice carefully.

If you participate in this proposed collective and class action settlement, Waupaca will not and cannot retaliate against you for doing so.

## IMPORTANT LEGAL NOTICE

## PLEASE READ THIS NOTICE CAREFULLY

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A VALID CLAIM FORM BY** ____, 2018 | The only way to get a payment. |
| **DO NOTHING** | You will give up rights relating to the legal claims in this Case and you will not receive a settlement payment. |
| **OBJECT** | Write to the Court if you do not like the settlement and explain why. If the settlement is nonetheless approved, you will still receive a payment if you submit a valid claim and you will be bound by the terms of the settlement despite your objection. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. If the settlement is ultimately approved, you will still receive a payment if you submit a valid claim and you will be bound by the terms of the settlement despite your appearance at a hearing. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this Case still has to decide whether to finally approve the settlement. If the Court approves the settlement, payments will be made after any appeals are resolved. Please be patient.

## BASIC INFORMATION

| **1.** | **Why did I get this Notice?** |
|---|---|

Waupaca's records appear to show that you work, or previously worked, for Waupaca as a nonexempt, hourly paid, foundry production employee at either or both of its plants located in Tell City, Indiana and Etowah, Tennessee, at some time between February 28, 2014 through [date of SA execution], and you previously filed an opt-in consent-to-join form in one of the lawsuits captioned *Ryan DeKeyser, et al. v. Waupaca Foundry, Inc. f/k/a ThyssenKrupp Waupaca, Inc.*, No. 1:08-cv-00488-WCG, *Jason VanHoose, et al. v. Waupaca Foundry, Inc.*, No. 1:18-cv-01193-WCG, *Michael Sarrell, et al. v. Waupaca Foundry, Inc.*, No. 1:18-cv-01192-WCG, or *Hoy Garrett, et al. v. Waupaca Foundry, Inc.*, No. 1:18-cv-01186-WCG (collectively referred to as "the Case"). The Court has allowed this Notice to be sent to you to inform you

about a proposed global settlement of these collective and class action lawsuits, and about your options, before the Court decides whether to finally approve the settlement. If the Court approves the settlement, and after any appeals are resolved, payments will be made to Class Members who submit a valid claim.

This Notice explains the Case, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## 2.      What is the Case about?

Some hourly production employees at Waupaca's Wisconsin, Indiana and Tennessee foundries sued Waupaca. These employees contended that Waupaca failed to pay wages to its non-exempt, hourly production employees for time spent on-site at the plants putting on and taking off protective gear and equipment, showering, and walking to and from the production floor before and after their work-shifts. These employees assert that the failure to pay these wages violates the Fair Labor Standards Act ("FLSA"), Wisconsin Labor Standards Laws and the Indiana Wage Payment Statute.

Waupaca disputed these allegations and asserted that it properly paid its employees in compliance with all state and federal laws.

The parties have decided to settle their dispute to avoid the expense and uncertain outcome of a trial.

Chief Judge William C. Griesbach of the United States District Court for the Eastern District of Wisconsin is overseeing the settlement of this Case.

## 3.      Why is this a collective action and who is involved?

In a collective action lawsuit, one or more people called "Class Representatives" (here, Jason VanHoose, Michael Sarrell and Hoy Garrett) sue on behalf of other people who have similar claims. This allows the claims in the case to be resolved for a large group at one time, rather than requiring individual suits for the same types of claims.

The people who joined this Case by filing an opt-in consent-to-join form, together, are a "FLSA Class" or "FLSA Class Members." The employees who sued – and all of the FLSA Class Members like them – are called the Plaintiffs. The company they sued (here, Waupaca) is called the Defendant. One court resolves the issues for everyone in the FLSA Class.

In addition to a collective action, there are also Wisconsin state claims being asserted by a certified class of individuals employed at Waupaca's Waupaca and Marinette, Wisconsin foundries in the lawsuit captioned *DeKeyser v. Waupaca Foundry, Inc., f/k/a ThyssenKrupp Waupaca, Inc.*, No. 1:08-cv-00488-WCG. A separate notice and claim form is being sent to those employees.

## 4.      Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or Defendant.  Instead, both sides agreed to a global settlement of all four cases. The Class Representatives and their attorneys think the

settlement is best for everyone in the Class. By settling, everyone avoids the cost of trials, and the employees affected will get monetary compensation.

## WHO IS IN THE SETTLEMENT

| 5. | How do I know whether I am part of the Settlement? |
|---|---|

This Settlement is a global settlement of the four cases referenced above. The group of individuals receiving this particular Notice is defined as:

> All persons who are or were employed by Waupaca Foundry at any time between February 28, 2014 through [date of settlement execution], as nonexempt, hourly paid, foundry production employees at plants located in Tell City, Indiana and Etowah, Tennessee, who previously filed opt-in consents to join one of the above-captioned actions, and who are not or have not been paid for their on-site donning, doffing or showering.

The words "donning" and "doffing" mean putting on and taking off work clothes and/or personal protective equipment

You have received this Notice because you previously filed a consent-to-join in this Case and, as a result, you are a member of the FLSA Class.

If it is approved, the global settlement will cover all FLSA Class Members who did not previously exclude themselves from the FLSA Class, as well as the members of the Wisconsin state law class previously discussed (collectively "Settlement Class Members"). To be a part of and receive any money pursuant to the Settlement, all Settlement Class Members must submit a valid claim by [DATE].

## THE TERMS OF THE SETTLEMENT

| 6. | What claims are covered by the Settlement? |
|---|---|

The Settlement will resolve all of the claims FLSA Class Members could have brought against Waupaca regarding its alleged failure to pay wages to its non-exempt, hourly production employees for the time the employees spent on-site at the plants donning and doffing protective gear and equipment, showering, and walking to and from the production floor under the FLSA and Wisconsin, Indiana and Tennessee laws.

| 7. | What are the basic terms of the Settlement? |
|---|---|

- **Class Fund**: Waupaca will pay $1,700,000, which will be available for settlement payments to Settlement Class Members who submit a valid claim form. Each Settlement Class Member who submits a valid claim form will receive a payment estimated to range from $50 to up to $600 per qualifying work year. Their settlement payment will be calculated based upon their responses in the claim form with regard to whether they engaged in particular post-shift activities (*i.e.*, changing clothes and showering) and the frequency with which they engaged in those activities. Regardless of the responses in the claim form, if you are an eligible Settlement Class Member, you will be entitled to a

monetary award up to $50 for pre-shift activities per work year. Your award is subject to a reduction should the amount of valid claims exceed $1,700,000. Settlement checks will become void if not cashed within six (6) months after distribution.

- **Service Payments**: Waupaca will be asked to pay service payments to the Named Plaintiffs, Class Representatives and other current and former Waupaca employees who assisted Plaintiffs' Counsel in prosecuting the case ranging from $1,500 to $5,000, subject to Court approval. These service payments will not affect the amount of your recovery.

- **Settlement Administration Expenses Award:** Plaintiffs' Counsel will pay the Settlement Administrator for the processing of the Settlement, including the expenses of providing notice of the Settlement to Class Members, handling the claims administration process, processing payments to Class Members, and handling tax reporting requirements.

- **Attorneys' Fees, Expert Witness Fees and Costs Award:** The claims at issue have provisions allowing the attorneys to recover their fees, costs and expenses. Waupaca will pay up to $3,500,000.00 to Plaintiffs' Counsel for the various categories of attorneys' fees, costs, expenses, expert witness fees, service awards, class notice and claims administration costs Plaintiffs' Counsel have incurred and will incur through final judgment in representing Plaintiffs and the Class, subject to Court approval. This amount will not fully compensate the attorneys for the time and litigation costs they incurred in prosecuting this case. This amount will not affect the amount of your recovery.

- **Release of Claims**: Upon final approval by the Court, the FLSA Class will irrevocably release all claims against Waupaca that were brought or that could have been brought based on any facts alleged in the Complaint in this Case. This Release specifically includes any claims for wages, overtime, penalties, liquidated damages, interest, fees, costs, attorneys' fees and all other forms of relief that were sought or that could have been sought based on the facts alleged in the Complaint. You are not releasing or waiving any claim wholly unrelated to wage and hour claims, such as those covered by workers' compensation law, state or federal discrimination laws, or state or federal unemployment compensation laws.

  - **Dismissal of Action**:  Upon final approval, the Court will enter a judgment of dismissal of the Case with prejudice, but shall retain jurisdiction to enforce the terms of the settlement.

## 8.      What am I giving up to get a payment?

You are not giving up any new rights by being in the FLSA Class because you already agreed to be bound by any judgment on your FLSA claims when you filled out and submitted your consent-to-join form and joined the Case. You cannot exclude yourself from the FLSA Class.

## HOW YOU CAN GET PAYMENT

| **9.        How can I get a payment?** |
|---|

**You must send in a Claim Form to be eligible to receive a payment.** A Claim Form is attached to this Notice. Fill out the form and return it by mail in the enclosed business return envelope or by fax or e-mail to [Dahl fax, email info]. The Claim Form must be received or post-marked on or before **[75 days from date of Notice mailing]**.

You may also get a claim form on the internet at www.Waupacasettlement.com and submit it electronically.

If you are receiving this notice on behalf of a Settlement Class Member who has died, and you want to make a claim for benefits, and think you have a right to the proceeds, you can submit a claim. Surviving spouses or family members of Settlement Class Members are encouraged to call Plaintiffs' Counsel, at [insert toll #], and ask to speak to _____, who can assist you in making a claim.

A check for your share of the settlement will be sent to you at your most current address available at the time of payment, so it is important that you tell the Settlement Administrator if you move or your address has changed.

| **10.        When would I get my payment?** |
|---|

The Court will hold a hearing on [              ], 2018 to decide whether to finally approve the settlement.  If the Court approves the settlement, the parties will then have to wait to see whether there is an appeal. This will take at least thirty (30) days and, if there is an appeal, can take up to a year or more to resolve.  In the event of an appeal, information regarding the appeal's progress will be made available at www.Waupacasettlement.com.  If there is no appeal, we expect payments will go out within approximately sixty (60) days of the Court's final approval of the settlement.  Please be patient.

## THE LAWYERS REPRESENTING YOU

| **11.        Do I have a lawyer in this case?** |
|---|

The Court has decided that lawyers from the law firms of Larson • King, LLP, Zimmerman Reed LLP, Barrett Johnston Martin & Garrison, LLC, Biesecker Dutkanych & Macer, LLC, and Jackson, Shields, Yeiser & Holt are qualified to represent are qualified to represent you and the other individuals receiving this Notice.  These lawyers are called "Plaintiffs' Counsel."  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **12.        Do I have to pay any attorneys or other costs?** |
|---|

No, unless you want to be represented by your own lawyer. Your settlement share, and the class fund for employees, will not be increased or reduced by the amounts, if any, awarded to Plaintiffs' Counsel in the Case.

As indicated above, Plaintiffs' Counsel will seek payment of their attorneys' fees, expert witness fees, and litigation costs which must be approved by the Court as part of the final approval of this settlement. Plaintiffs' Counsel has been working on this Case since June 2008, and as yet has not received any attorneys' fees or reimbursements for the costs of the Case.

The Settlement is being administered by Dahl Administration, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426.

## OBJECTING TO THE SETTLEMENT

| **13.** | **If I don't like the Settlement, how do I tell the Court?** |
|---|---|

If you are a FLSA Class Member, have <u>not</u> previously excluded yourself from the Case, and do not like the settlement or the fee request, you can object. You <u>must</u> do so in writing and you <u>must</u> state the reasons why you think the Court should not approve the settlement. If you object, be sure to include your name, address, and telephone number, the name of the lead case (*DeKeyser, et al. v. Waupaca Foundry, Inc. f/k/a ThyssenKrupp Waupaca, Inc.*, Case No. 1:08-cv-00488-WCG), the reasons you object to the settlement, whether you plan to appear at the final fairness hearing, and a signature. You <u>must</u> mail a copy of the objection to the following address **postmarked no later than [45 days after the Notice is first mailed], 2018**:

Waupaca Settlement
c/o Dahl Administration LLC
PO Box 3613
Minneapolis MN, 55403-0613

If you do not follow the procedures for objecting described above, you will be deemed to have waived your right to raise any objection to the settlement.

## THE COURT'S FAIRNESS HEARING

| **14.** | **When and where will the Court decide to approve the Settlement?** |
|---|---|

The Court will hold a Fairness Hearing at [          ] on [          ], 2018, at the United States District Court, Jefferson Court Building, 125 S. Jefferson Street, Green Bay, Wisconsin 54301-4551, before Judge Griesbach. At that hearing, the Court will determine if the settlement is fair, reasonable, adequate, and in the best interests of the groups of Waupaca employees defined in the beginning of this Notice. Any changes to the final hearing date will be posted on the Court's docket.

If there are objections, the Court will consider them. Judge Griesbach will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to finally approve the Settlement, including Plaintiffs' Counsel's request for attorneys' fees, costs, Settlement Administration Expenses, and Service Payments. We do not know how long that decision will take.

| **15.** | **Do I have to come to the hearing?** |
|---|---|

No. Plaintiffs' Counsel will answer any questions the Court may have, but you are welcome to attend at your own expense, even if you are satisfied with the settlement. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend and object, but that is not necessary. Any attorney who will be representing anyone at the Fairness Hearing must file a notice of appearance with the Court on or before 14 days prior to the Hearing.

| **16.** | **May I speak at the hearing?** |
|---|---|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you <u>must</u> send a letter stating you intend to appear at the final fairness and approval hearing, and indicate whether you intend to appear with counsel. Be sure to include your name, address, phone number, email address and your signature. Your letter <u>must</u> be **postmarked no later than [insert] 2018**, and be sent to the Court, Plaintiffs' Counsel, and Defense Counsel at the three addresses set forth below:

| **COURT** | **PLAINTIFFS' COUNSEL** | **DEFENSE COUNSEL** |
|---|---|---|
| United States District Court Attn: Hon. William Griesbach Jefferson Court Building 125 S. Jefferson Street Green Bay, WI  54301-4551 | LARSON • KING, L.L.P. T. Joseph Snodgrass Kelly A. Lelo 2800 Wells Fargo Place 30 E. Seventh Street St. Paul, MN  55101 | Michael Best & Friedrich LLP Paul E. Benson Mitchell W. Quick 100 East Wisconsin Avenue Suite 3300 Milwaukee, WI  53202 |

## IF YOU DO NOTHING

| **17.** | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, you will be bound by the terms of the Settlement, including the Release described in Section [ ], above and you will not receive a settlement payment. You must submit a valid Claim Form by the deadline of [          ], 2018 to be eligible to receive a settlement payment.

## GETTING MORE INFORMATION

| **18.** | **Are there more details about the Settlement?** |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by writing to the Settlement Administrator, [ ], c/o Dahl Administration LLC, PO Box 3613, Minneapolis MN, 55403-0613, or by visiting the website www.Waupacasettlement.com, which has a copy of the Settlement Agreement posted. You may also call the Settlement Administrator with questions regarding the Settlement at 1-[ ]. Plaintiffs' motion for final approval of the settlement agreement, including Plaintiffs' Counsel's request for attorneys' fees, costs, Settlement Administration Expenses, and Service

Awards for certain Plaintiffs will be available for you to review on [    ], 2018 at www.Waupacasettlement.com.

If you have a question for Plaintiffs' Counsel, you can contact _____ at _____.com or [toll free no.] or write to [insert law firm and address].

**PLEASE DO NOT CONTACT THE COURT OR THE JUDGE WITH ANY INQUIRIES.**

lk:1736692

## CLAIM FORM

The following questions will be used to determine your potential eligibility for a monetary award in a federal lawsuit. As a result, *these questions must be answered truthfully upon penalty of perjury*. *Do not provide false information.* After reading the instructions, if you have questions about how to fill out this claim form, you may call Plaintiffs' Counsel at _____ for information and assistance. Please call if you have any questions.

Regardless of your answers, if you are an eligible Class Member and sign and return this Claim Form, you may be entitled to a monetary award.

## INSTRUCTIONS

You must answer Question 1 either "yes" or "no." You must answer Question 2 by inserting a number. For Question 3, you must also insert a number unless you answered "100%" in response to Question 2.

Your responses to these questions must reflect your honest recollection of the time(s) you worked in certain departments at Waupaca Foundry, and the percentages that are a fair estimate of your post-shift work practices.

For example, regarding Question 1, if you worked in the Millroom from August 2007 to September 2009, and the Shakeout department from December 2010 to June 2013, you should circle the words "Millroom" and "Shakeout" and insert "8-07 to 9-09" and "12-10 to 6-13" across from each.

For example, regarding Question 2, if you showered before leaving the plant on one-half of all your workdays as a production employee at the foundry, you must answer Question 2 by entering _50_ %. On the other hand, if you did not shower at the foundry, you must answer Question 2 by entering _0_ %.

As a further example, if a worker was employed for two years as an hourly production worker during the time period in Question 1, and showered at the foundry on one-half of his work days in his first year, but did not shower at the foundry in his second year, you must enter _25_ % in response to Question 2.

Finally, you should answer Question 3 using the same principles you used to answer Question 2, unless you answered 100% to Question 2.

## QUESTIONS

**QUESTION 1:**

Have you ever worked in any of the following departments listed below at Waupaca Foundry in between June 4, 2006 and October 5, 2017? Yes: _____ No:_____

If you answered "yes," circle all departments you worked in and fill in to the best of your recollection the month and year you worked in them. If you answered "no," please leave this section blank.

| Department | Dates Worked in Department |
|---|---|
| Millroom | _____ |
| Coreroom | _____ |
| Disa/VMM | _____ |
| Shakeout | _____ |

| Melt | |
| Melt Maintenance | _____ |
| Maintenance | _____ |
| | _____ |

**QUESTION 2:**

I showered *at the foundry* after work on approximately _____ % **(enter a percentage from 0% to 100%)** of my workdays when I was an hourly-paid production worker at Waupaca Foundry during the time period in Question 1.

**QUESTION 3:**

*In response to Question 3, enter a number. However, do not answer this question if you answered 100 % to Question 2.*

On days I did not shower *at the foundry* after work, I left my dirty work clothes *at the foundry* before going home on approximately _____ % **(enter a percentage from 0% to 100%)** of the workdays when I was an hourly-paid production worker at Waupaca Foundry during the time period in Question 1.

**VERIFICATION**

***I verify upon penalty of perjury that my answers to these questions are true and correct to the very best of my ability. I understand that I am encouraged by the attorneys to refrain from publicizing or otherwise sharing any information about any recovery that I may receive from this lawsuit.***

Date: _____

_____
SIGNATURE

_____
NAME (Please Print Clearly IN ENGLISH)

PLEASE RETURN A COMPLETED CLAIM FORM VIA U.S. MAIL, FAX OR E-MAIL VIA:
[DAHL CONTACT INFORMATION]

OR

ELECTRONICALLY VIA www.Waupacasettlement.com

1736030

**CLAIM FORM**

The following questions will be used to determine your potential eligibility for a monetary award in a federal lawsuit. As a result, ***these questions must be answered truthfully upon penalty of perjury***. ***Do not provide false information.*** After reading the instructions, if you have questions about how to fill out this claim form, you may call Plaintiffs' Counsel at _____ for information and assistance. Please call if you have any questions.

Regardless of your answers, if you are an eligible Class Member and sign and return this Claim Form, you may be entitled to a monetary award.

**INSTRUCTIONS**

You must answer Question 1 either "yes" or "no." You must answer Question 2 by inserting a number. For Question 3, you must also insert a number unless you answered "100%" in response to Question 2.

Your responses to these questions must reflect your honest recollection of the time you worked at Waupaca Foundry as an hourly-paid production worker and the percentages that are a fair estimate of your post-shift work practices.

For example, regarding Question 1, if you worked as an hourly-paid production worker at Waupaca Foundry from August 2007 to September 2009, and again from December 2010 to June 2013, you should answer "yes" and insert "8-07 to 9-09" and "12-10 to 6-13."

For example, regarding Question 2, if you showered before leaving the plant on one-half of all your workdays as a production employee at the foundry, you must answer Question 2 by entering _50_%. On the other hand, if you did not shower at the foundry, you must answer Question 2 by entering _0_%.

As a further example, if a worker was employed for two years as an hourly production worker during the time period in Question 1, and showered at the foundry on one-half of his work days in his first year, but did not shower at the foundry in his second year, you must enter _25_% in response to Question 2.

Finally, you should answer Question 3 using the same principles you used to answer Question 2, unless you answered 100% to Question 2.

**QUESTIONS**

**QUESTION 1:**

Have you ever worked as an hourly-paid production worker at Waupaca Foundry between June 4, 2005 and October 5, 2017? Yes: _____ No: _____

If you answered "yes," fill in to the best of your recollection the month(s) and year(s) you worked as an hourly-paid production worker. If you answered "no," please leave this section blank.

> **Dates Worked:** _____

**QUESTION 2:**

I showered *at the foundry* after work on approximately _____ % **(enter a percentage from 0% to 100%)** of my workdays when I was an hourly-paid production worker at Waupaca Foundry during the time period in Question 1.

**QUESTION 3:**

*In response to Question 3, enter a number. However, do not answer this question if you answered 100 % to Question 2.*

On days I did not shower *at the foundry* after work, I left my dirty work clothes *at the foundry* before going home on approximately _____ % **(enter a percentage from 0% to 100%)** of the workdays when I was an hourly-paid production worker at Waupaca Foundry during the time period in Question 1.

**VERIFICATION**

*I verify upon penalty of perjury that my answers to these questions are true and correct to the very best of my ability. I understand that I am encouraged by the attorneys to refrain from publicizing or otherwise sharing any information about any recovery that I may receive from this lawsuit.*

Date: _____

_____
SIGNATURE

_____
NAME (Please Print Clearly IN ENGLISH)

---

PLEASE RETURN A COMPLETED CLAIM FORM VIA U.S. MAIL, FAX OR E-MAIL VIA:
[DAHL CONTACT INFORMATION]

OR

ELECTRONICALLY VIA www.Waupacasettlement.com

---

1736171

## CLAIM FORM

The following questions will be used to determine your potential eligibility for a monetary award in a federal lawsuit. As a result, ***these questions must be answered truthfully upon penalty of perjury***. ***Do not provide false information.*** After reading the instructions, if you have questions about how to fill out this claim form, you may call Plaintiffs' Counsel at _____ for information and assistance. Please call if you have any questions.

Regardless of your answers, if you are an eligible Class Member and sign and return this Claim Form, you may be entitled to a monetary award.

## INSTRUCTIONS

You must answer Question 1 either "yes" or "no." You must answer Question 2 by inserting a number. For Question 3, you must also insert a number unless you answered "100%" in response to Question 2.

Your responses to these questions must reflect your honest recollection of the time you worked at Waupaca Foundry as an hourly-paid production worker and the percentages that are a fair estimate of your post-shift work practices.

For example, regarding Question 1, if you worked as an hourly-paid production worker at Waupaca Foundry from August 2007 to September 2009, and again from December 2010 to June 2013, you should answer "yes" and insert "8-07 to 9-09" and "12-10 to 6-13."

For example, regarding Question 2, if you showered before leaving the plant on one-half of all your workdays as a production employee at the foundry, you must answer Question 2 by entering _50_ %. On the other hand, if you did not shower at the foundry, you must answer Question 2 by entering _0_ %.

As a further example, if a worker was employed for two years as an hourly production worker during the time period in Question 1, and showered at the foundry on one-half of his work days in his first year, but did not shower at the foundry in his second year, you must enter _25_ % in response to Question 2.

Finally, you should answer Question 3 using the same principles you used to answer Question 2, unless you answered 100% to Question 2.

## QUESTIONS

**QUESTION 1:**

Have you ever worked as an hourly-paid production worker at Waupaca Foundry between June 4, 2005 and [date of SA execution]? Yes: _____ No: _____

If you answered "yes," fill in to the best of your recollection the month(s) and year(s) you worked as an hourly-paid production worker. If you answered "no," please leave this section blank.

**Dates Worked:** _____

**QUESTION 2:**

I showered *at the foundry* after work on approximately _____ % **(enter a percentage from 0% to 100%)** of my workdays when I was an hourly-paid production worker at Waupaca Foundry during the time period in Question 1.

**QUESTION 3:**

*In response to Question 3, enter a number.  However, do not answer this question if you answered 100 % to Question 2.*

On days I did not shower *at the foundry* after work, I left my dirty work clothes *at the foundry* before going home on approximately _____ % **(enter a percentage from 0% to 100%)** of the workdays when I was an hourly-paid production worker at Waupaca Foundry during the time period in Question 1.

**VERIFICATION**

*I verify upon penalty of perjury that my answers to these questions are true and correct to the very best of my ability.  I understand that I am encouraged by the attorneys to refrain from publicizing or otherwise sharing any information about any recovery that I may receive from this lawsuit.*

Date: _____

_____
SIGNATURE

_____
NAME (Please Print Clearly IN ENGLISH)

PLEASE RETURN A COMPLETED CLAIM FORM VIA U.S. MAIL, FAX OR E-MAIL VIA:
[DAHL CONTACT INFORMATION]

OR

ELECTRONICALLY VIA www.Waupacasettlement.com

1736169

# CLAIM FORM

The following questions will be used to determine your potential eligibility for a monetary award in a federal lawsuit.  As a result, ***these questions must be answered truthfully upon penalty of perjury***.  ***Do not provide false information.***  After reading the instructions, if you have questions about how to fill out this claim form, you may call Plaintiffs' Counsel at _____ for information and assistance.  Please call if you have any questions.

Regardless of your answers, if you are an eligible Class Member and sign and return this Claim Form, you may be entitled to a monetary award.

## INSTRUCTIONS

You must answer Question 1 either "yes" or "no." You must answer Question 2 by inserting a number. For Question 3, you must also insert a number unless you answered "100%" in response to Question 2.

Your responses to these questions must reflect your honest recollection of the time you worked at Waupaca Foundry as an hourly-paid production worker and the percentages that are a fair estimate of your post-shift work practices.

For example, regarding Question 1, if you worked as an hourly-paid production worker at Waupaca Foundry from August 2014 to September 2016, and again from December 2017 to June 2018, you should answer "yes" and insert "8-14 to 9-16" and "12-17 to 6-18."

For example, regarding Question 2, if you showered before leaving the plant on one-half of all your workdays as a production employee at the foundry, you must answer Question 2 by entering _50_ %.  On the other hand, if you did not shower at the foundry, you must answer Question 2 by entering _0_ %.

As a further example, if a worker was employed for two years as an hourly production worker during the time period in Question 1, and showered at the foundry on one-half of his work days in his first year, but did not shower at the foundry in his second year, you must enter _25_ % in response to Question 2.

Finally, you should answer Question 3 using the same principles you used to answer Question 2, unless you answered 100% to Question 2.

## QUESTIONS

**QUESTION 1:**

Have you ever worked as an hourly-paid production worker at Waupaca Foundry between February 28, 2014 and [date of SA execution] (regardless of whether you were paid by Waupaca Foundry or WGS Global Services)?

Yes: _____     No: _____

If you answered "yes," fill in to the best of your recollection the month(s) and year(s) you worked as an hourly-paid production worker. If you answered "no," please leave this section blank.

       **Dates Worked:** _____

**QUESTION 2:**

I showered *at the foundry* after work on approximately _____ % **(enter a percentage from 0% to 100%)** of my workdays when I was an hourly-paid production worker at Waupaca Foundry during the time period in Question 1.

**QUESTION 3:**

*In response to Question 3, enter a number. However, do not answer this question if you answered 100 % to Question 2.*

On days I did not shower *at the foundry* after work, I left my dirty work clothes *at the foundry* before going home on approximately _____ % **(enter a percentage from 0% to 100%)** of the workdays when I was an hourly-paid production worker at Waupaca Foundry during the time period in Question 1.

<strong>VERIFICATION</strong>

*I verify upon penalty of perjury that my answers to these questions are true and correct to the very best of my ability. I understand that I am encouraged by the attorneys to refrain from publicizing or otherwise sharing any information about any recovery that I may receive from this lawsuit.*

Date: _____

_____
SIGNATURE

_____
NAME (Please Print Clearly IN ENGLISH)

---

PLEASE RETURN A COMPLETED CLAIM FORM VIA U.S. MAIL, FAX OR E-MAIL VIA:
[DAHL CONTACT INFORMATION]

OR

ELECTRONICALLY VIA www.Waupacasettlement.com

1736168